**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES ALLEN HUGHEY**                                        **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO:** 3:18cv004-NBB-RP

**TIPPAH COUNTY, MISSISSIPPI,
TOMMY MASON, in His Individual Capacity,
and "X" Bonding Company**                              **DEFENDANTS**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for use of unreasonable force in violation of the Fourth Amendment to the United States Constitution. The following facts support the action:

1.

Plaintiff JAMES ALLEN HUGHEY is an adult resident citizen of 332 Old Highway 4, Ashland, Mississippi 38603.

2.

Defendant TIPPAH COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. Defendant County may be served with process upon its Chancery Clerk, Mike Long, 101 East Spring Street, Ripley, Mississippi 38663, and upon its Sheriff, Karl Gaillard, 205 West Spring Street, Ripley, Mississippi 38663. The County is the same entity as the Sheriff of Tippah County in his official capacity.

Defendant TOMMY MASON is an adult resident citizen of Mississippi. He may be served with process at 205 West Spring Street, Ripley, Mississippi 38663. At all relevant times, Defendant Mason was a deputy sheriff assigned to the narcotics and investigation division by Defendant Tippah County, Mississippi. Defendant Mason was on duty twenty-four (24) hours a day and, at all relevant times, acted under color of state law.

Defendant "X" is the bonding company which guaranteed faithful performance of duty by the Sheriff of Tippah County, Mississippi and his deputies.

3.

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action authorized by 42 U.S.C. § 1983. This case is based on actions taken in violation of the Fourth and Fourteenth Amendments to the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's state law claims of assault and battery against Mason and "X" Bonding Company. This Court will have supplemental jurisdiction over the state law claims against the County (the Sheriff in his official capacity) upon expiration of the statutory waiting period with respect to a Notice of Claim, to be given to the County.

4.

For a substantial period of time before June 6, 2017, Defendant Mason, acting under color of his office as a Deputy Sheriff, had engaged in activities which either alerted the Sheriff of Defendant Tippah County or, except for gross negligence by the Sheriff, would have alerted the Sheriff to the fact that Defendant Mason is a dangerous person who should not be employed in law enforcement. The previous incidents include:

A. Defendant Mason's ex-wife, Amanda Mason, a/k/a Amanda Crumpton, alleged that Defendant Mason had beaten her. She attempted to obtain law enforcement assistance from Defendant Tippah County;
B. Defendant Mason had beaten a man named Joseph Smithey based upon a rumor that Smithey was engaged in a relationship with Defendant Mason's ex-wife;
C. Defendant Mason had struck an arrestee, April Johnson, in the mouth, and slammed her head on a truck, knocking out several teeth;
D. Defendant Mason had broken the nose of Kristen Hopkins;
E. Defendant Mason had beaten a sixteen (16) year old undocumented immigrant named Jamie Guerrero;
F. Defendant Mason had beaten Richey Beeler;
G. Defendant Mason had been involved in a police killing of a suspect in Dumas, Mississippi. Defendant Mason had bragged that he had "finished off" the suspect after another officer had shot him;
H. Defendant Mason had beaten Jeremy Palmer; and
I. Defendant Mason had beaten Brian Lansdale.

These acts are such as to render Defendant County liable for Mason's acts of assault on the grounds that Mason's beatings constitute Defendant County custom and policy of violating the Fourth Amendment prohibition against unreasonable use of force.

5.

In addition to the assaults which Defendant Mason committed, there was substantial reason to believe that Defendant Mason was involved in unlawful drug activity, and used performance enhancing drugs, including steroids. Defendant Mason has such an extreme muscular development, that it is likely that his strength and rage are the result of use of unlawful drugs. Defendant Mason frequents a gym known for steroid-induced muscle-building. Defendant Mason is a customer of a drug store and doctor's clinic which have been determined by governmental authorities to be engaged in the unlawful distribution of drugs.

6.

Because of a combination of the numerous incidents of unreasonable force and likelihood that Defendant Mason was utilizing performance-enhancing drugs known to cause rage, Defendant County, acting through its Sheriff, should have known that Defendant Mason was unfit for law enforcement. Defendant Mason should not have been retained as a law enforcement officer. Failure to discharge Mason proximately caused Plaintiff's injuries, and renders Defendant County liable under 42 U.S.C. § 1983.

7.

Plaintiff suffers from a number of serious medical conditions, including diabetes, liver disease, and ammonia poisoning. These conditions cause Plaintiff, who is a physically weak person, to become disoriented, and to be unaware of what he is doing.

8.

On or about June 6, 2017, Plaintiff went to a home where he believed his ex-girlfriend resided. The home was, in fact, occupied by his ex-girlfriend's mother, Brenda Crumpton, and, possibly, by Defendant Mason's ex-wife, Amanda Mason.

9.

Plaintiff recalls knocking on the door at the home, after which he was beaten by Defendant Mason. Because of Plaintiff's preexisting medical conditions, because he suffered from a loss of orientation, and because of the severity of his injuries, Plaintiff has little memory of the events.

10.

The beating was carried out by Defendant Mason for reasons unknown to Plaintiff, but probably because of steroid-induced rage. Defendant Mason left the scene before any other law

enforcement officer of Defendant Tippah County arrived.

11.

After the beating, another law enforcement officer employed as a Tippah County Deputy Sheriff arrived at the scene and arrested Plaintiff. Defendant County initially delayed medical treatment but, after the intervention of Plaintiff's family, agreed to take Plaintiff to the hospital in Ripley, Mississippi. Plaintiff's life was in danger, and the local hospital caused him to be air-transported to The Med in Memphis, Tennessee. Plaintiff's injuries included, but are not limited to, approximately seven (7) broken ribs, internal bleeding, contusions, and abrasions. Plaintiff's life was in danger, and he was treated in intensive care for approximately one week at The Med in Memphis.

12.

Defendant Mason's beating of Plaintiff constituted unreasonable use of force in violation of the Fourth Amendment to the United States Constitution. It also constituted assault and battery, which is a crime under State law, and for which Mason and "X" Bonding Company are liable.

13.

Following the beating, the Sheriff knew, or reasonably should have known, that Defendant Mason was guilty of the beating. Nevertheless, Defendant County ratified Defendant Mason's acts by retaining him as a law enforcement officer.

14.

Plaintiff has incurred medical bills and has incurred pain and suffering as a result of the unreasonable use of force and assault and battery by Defendant Mason.

15.

Defendant County is liable to Plaintiff for the acts of Defendant Mason because, in willful indifference to Plaintiff's rights, Defendant County, through gross negligence, hired and/or retained Defendant Mason as a law enforcement officer. Further, Defendant County has ratified Defendant Mason's actions by retaining him as a law enforcement officer when it knew, or except for gross negligence, should have known about Defendant Mason's beating Plaintiff.

16.

Defendant County knew or, except for gross negligence, would have known about Defendant Mason's steroid use, or reasonably should have known that he was apt to go into rages because of that steroid use. Retaining Defendant Mason as a deputy was, therefore, a violation of Plaintiff's Fourth and Fourteenth Amendment rights.

17.

Additionally, Defendant County is liable under state law because of its negligence in hiring or retaining Defendant Mason, and also because it has ratified Defendant Mason's acts by retaining him as a police officer. Plaintiff does not yet make the State law claim because under State law, Defendant County is entitled to receive notice of State claims, and an opportunity to resolve them before the filing of suit. Once the statutory waiting period has expired, and assuming the State law claims have not been resolved during that waiting period, Plaintiff requests this suit be amended to allege State law violations.

18.

Plaintiff, therefore, sues and requests actual and punitive damages against Defendant Mason, individually, and "X" Bonding Company, in an amount to be determined by a jury for violation of

Plaintiff's Fourth and Fourteen Amendment rights, and for assault and battery under State law. Plaintiff also requests actual damages against Defendant County for violations of the Fourth Amendment because it has been grossly negligence and willfully indifferent to the rights of citizens by retaining Defendant Mason in his employment knowing of his steroid use and his previous record of assaults and battery.

## REQUEST FOR RELIEF

Plaintiff requests actual and punitive damages against Defendant Tommy Mason and "X" Bonding Company, and actual damages against Defendant Tippah County, Mississippi, in an amount to be determined by a jury. Plaintiff also requests reasonable attorney's fees, costs and expenses under 42 U.S.C. § 1988. Tippah County is now sued for federal violations only. If the County fails to settle the State law claims within the waiting period required by State law, Plaintiff requests that the Complaint be amended to sue the County for State law violations.

Respectfully submitted, this the 4th day of January, 2018.

                                        WAIDE & ASSOCIATES, P.A.

                                        BY: */s/ Jim Waide*
                                              JIM WAIDE
                                              MS BAR NUMBER 6857

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
E-MAIL: waide@waidelaw.com

R. SHANE McLAUGHLIN, MS BAR NUMBER 101185
McLAUGHLIN LAW FIRM
POST OFFICE BOX 200
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-840-5042
FACSIMILE: 662-840-5043
E-MAIL: rsm@mclaughlinlawfirm.com

Attorneys for Plaintiff