IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHLEY**                                            **PLAINTIFF**

**VERSUS**                          **CIVIL ACTION NO.: 3:18-CV-0004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                                **DEFENDANTS**

## TOMMY MASON'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now, Defendant, Tommy Mason, by and through counsel, and in response to Plaintiff's Complaint would show unto the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which any relief may be granted and, therefore, pursuant to Fed. R. Civ. P. 12(b)(6), the same should be dismissed.

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against the answering defendant which would rise to the level of a constitutional or statutory deprivation under the laws of the United States, the Constitution of the United States, the laws of Mississippi, or the Constitution of Mississippi.

### THIRD DEFENSE

Answering defendant specifically asserts and invokes all defenses available to him as set forth in Fed. R. Civ. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist.

**FOURTH DEFENSE**

Answering defendant is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, answering defendant would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

**FIFTH DEFENSE**

Insofar as any state law claims are concerned, the answering defendant invokes each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*, including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**SIXTH DEFENSE**

Answering defendant denies that he has been guilty of any actionable conduct.

**SEVENTH DEFENSE**

**ADMISSIONS AND DENIALS**

And now, without waiving any defenses heretofore or hereinafter set forth, answering defendant would respond to the allegations of Plaintiff's Complaint, paragraph by paragraph, as follows:

As for the unnumbered paragraph which commences "This action is to recover…" answering defendant denies each and every allegation contained therein.

1.

Answering defendant admits, upon information and belief, the allegations of paragraph 1 of Plaintiff's Complaint.

2.

The allegations of paragraph 2 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent that a response is deemed necessary, answering defendant would state that he admits that he is a resident citizen of Mississippi and may be served with process pursuant to the Federal Rules of Civil Procedure. Furthermore, answering defendant admits that he was employed by Tippah County, Mississippi at all times relevant to this lawsuit, and was acting within the course and scope of his employment at all times relevant to this matter. Answering defendant denies the remaining allegations of paragraph 2 of Plaintiff's Complaint.

3.

Answering defendant admits that jurisdiction and venue are proper in this Court. Mason denies the remaining allegations of paragraph 3 of Plaintiff's Complaint.

4.

Answering defendant denies the allegations of paragraph 4 of Plaintiff's Complaint, including subparagraphs A-I.

5.

Answering defendant denies the allegations of paragraph 5 of Plaintiff's Complaint.

6.

Answering defendant denies the allegations of paragraph 6 of Plaintiff's Complaint.

7.

Answering defendant lacks information sufficient to make determination as to the truth of the allegations of paragraph 7 of Plaintiff's Complaint and, as such, denies the same.

8.

Answering defendant lacks information sufficient to make a determination as to the truth of the allegations of paragraph 8 of Plaintiff's Complaint and, as such, denies the same.

9.

Answering defendant denies the allegations of paragraph 9 of Plaintiff's Complaint.

10.

Answering defendant denies the allegations of paragraph 10 of Plaintiff's Complaint.

11.

Answering defendant denies the allegations of paragraph 11 of Plaintiff's Complaint, as stated.

12.

Answering defendant denies the allegations of paragraph 12 of Plaintiff's Complaint.

13.

The allegations of paragraph 13 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

14.

Answering defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

15.

The allegations of paragraph 15 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16.

The allegations of paragraph 16 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 16 of Plaintiff's Complaint.

17.

The allegations of paragraph 17 of Plaintiff's Complaint concern a defendant other than answering defendant and, as such, a response is not necessary. To the extent a response is deemed necessary, answering defendant denies the allegations of paragraph 17 of Plaintiff's Complaint.

18.

Answering defendant denies the allegations of paragraph 18 of Plaintiff's Complaint and would affirmatively aver that Plaintiff is not entitled to any relief whatsoever.

**REQUEST FOR RELIEF**

As for the last unnumbered paragraph which commences "Plaintiff requests actual punitive damages…," answering defendant denies each and every allegation contained therein and would affirmatively aver that the Plaintiff is not entitled to any recovery whatsoever.

**EIGHTH DEFENSE**

Answering defendant denies each and every material allegation of the Complaint by which Plaintiff seeks to impose liability upon it and deny it has been guilty of any actionable conduct in the premises.

**NINTH DEFENSE**

Answering defendant alleges that it met or exceeded the requirements of law and due care and that it is guilty of no acts or omissions which either caused or contributed to the incident in question.

**TENTH DEFENSE**

Answering defendant avers that Plaintiff's claims are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, assumption of risk and/or estoppel.

**ELEVENTH DEFENSE**

Answering defendant invokes the doctrines of common law, legislative and judicial sovereign immunity.

**TWELFTH DEFENSE**

Plaintiff is not entitled to recover any enhanced, punitive, or exemplary damages, as provided by Miss. Code Ann. § 11-46-15 insofar as any state court claims are concerned. Additionally, answering defendant would affirmatively state that the Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages, the same being violative of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article III, Section 14 of the Constitution of the State of Mississippi, inclusive of, but not necessarily limited to, the following separate and several grounds:

(a) The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b) The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(c) The procedures fail to provide a limit on the amount of the award against the defendant.

(d) The procedures fail to provide specific standards for the amount of the award of punitive damages.

(e) The procedures permit award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(f) The procedures permit multiple awards of punitive damages for the same alleged act.

(g) The procedures fail to provide a clear consistent appellant standard of review of an award for punitive damages.

(h) The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(i) The standard of conduct upon which punitive damages are sought is vague.

## THIRTEENTH DEFENSE

Answering defendant asserts and invokes 42 U.S.C. 1997e(a)-(h) to the extent applicable.

## FOURTEENTH DEFENSE

Answering defendant invokes *Heck v. Humphrey*, 512 U.S. 477 (1994), as a defense to the extent it is applicable to any of Plaintiff's claims.

## FIFTEENTH DEFENSE

Answering defendant reserves the right to add additional defenses as the same become known during the course of discovery of this cause.

And now, having answered the Complaint filed against him, answering defendant requests that the same be dismissed and discharged with costs assessed against the Plaintiff.

**DATE:** **March 29, 2018.**

    Respectfully submitted,

    **TOMMY MASON**

    BY:   /s/*William R. Allen*
           One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  kriley@aabalegal.com

# **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Answer with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P.O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com

This the 29th day of March, 2018.

>/s/*William R. Allen*
>OF COUNSEL