**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES ALLEN HUGHEY**                                             **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO.: 3:18-CV-00004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI;
TOMMY MASON, In his Individual Capacity;
and X BONDING COMPANY**                                   **DEFENDANTS**

### TIPPAH COUNTY, MISSISSIPPI'S ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW, DEFENDANT**, Tippah County, Mississippi, by counsel, and respectfully

files its Answer and Affirmative Defenses in response to the Complaint filed herein by Plaintiff, as

follows:

### FIRST AFFIRMATIVE DEFENSE
*(Motion to Dismiss - §1983 Claim)*

The Complaint fails to state a claim as to the Tippah County Defendant upon which relief

may be granted.  Further, the Complaint fails to state a claim against this Defendant upon which

relief may be granted under *Monell v. Dept. of Social Services*, 436 U.S. 653 (1977).  Plaintiff's

Complaint should accordingly be dismissed.

### SECOND AFFIRMATIVE DEFENSE
*(Motion to Dismiss State Law Claims)*

Plaintiff's Complaint and all claims under state law asserted therein are barred under the

provisions of the <u>Mississippi Tort Claims Act</u>, *Miss. Code Ann*. §11-46-1 (Supp. 1997), et seq.

Specifically, Plaintiff's Complaint fails to state a claim under state law upon which relief can be

granted as to this Defendant under the provisions of the <u>Mississippi Tort Claims Act</u> and *Miss. Code

Ann*. §11-46-9(1)(Supp. 1997).  Moreover, the Complaint and the relief sought therein are barred

1

under the notice provisions of the <u>Mississippi Tort Claims Act</u> and *Miss. Code Ann.* §11-46-11 (Supp. 2000). This Defendant moves for dismissal of Plaintiff's state law claims pursuant to Fed. R. Civ. Proc. 12(b)(6). This Defendant prays for an early determination of this issue in the interest of judicial economy.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under state law are governed by <u>Mississippi Tort Claims Act</u>, §11-46-1, et. seq., as evidenced by tender of Plaintiff's Notice of Claim dated January 4, 2018. Pursuant to *Miss. Code Ann.* §11-46-5, §11-46-7 and §11-46-9, the County is immune from Plaintiff's claims under state law. Alternatively, this Defendant claims the protection of governmental immunity and/or sovereign immunity.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's official capacity federal constitutional claims are necessarily predicated on the doctrine of *respondeat superior* and are thus barred as a matter of law by reason of the absence of any proof or allegation of any official policy, custom or practice of Tippah County that was the moving force behind the alleged injuries sustained by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's failure to allege violation of any duty by this Defendant bars this cause of action.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that any personnel acting within the course and scope of their employment with Tippah County are alleged to be involved in or responsible for the custody, safety, protection, supervision or care of Plaintiff at any time, such conduct was at all times objectively reasonable and consistent with clearly established law, and for that reason Plaintiff's claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE

Without waiving any of the defenses asserted herein, this Defendant asserts the protections of the Mississippi apportionment statute, *Miss. Code Ann*. §85-5-7 (Supp 2003). To the extent that Plaintiff suffered injury as a result of the tortious act of one other than this Defendant or as a result of his own fault, either Plaintiff or the responsible party should be assessed all or a portion of the responsibility for any injuries/damages occasioned thereby based upon the principles of comparative negligence/contributory negligence and any recovery to which Plaintiff would otherwise have been entitled must be reduced in accordance therewith.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of independent, intervening cause and/or efficient superseding cause.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted as to this Defendant by reason of the fact that any duty on the part of this Defendant's officers and agents involved the use of discretion, and at no time did any governmental actor acting on behalf of this Defendant substantially exceed his or her authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

## TENTH AFFIRMATIVE DEFENSE

At no time did any governmental actor acting on behalf of this Defendant breach any duty that was ministerial in nature, causing any legally cognizable harm to Plaintiff, and for that reason Plaintiff's claims are barred.

### ELEVENTH AFFIRMATIVE DEFENSE

No individual Defendant herein is a "policymaker" for Tippah County, Mississippi. Moreover, there is no evidence in this case of a policy or custom that deprived Plaintiff as a member of a certain class of any right afforded by the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff was detained for investigation, reasonable suspicion of specific criminal activity existed, such that the detention was reasonable and consistent with the requirements of the Fourth Amendment of the United States Constitution. To the extent Plaintiff was arrested, probable cause existed based upon a reasonable belief that a crime had been committed and that Plaintiff was guilty of that crime consistent with the requirements of the Fourth Amendment of the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, laches, waiver, estoppel, *res judicata*, administrative collateral estoppel, judicial estoppel, assumption of risk and the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

The criminal conduct of Plaintiff constituted the sole proximate cause of any injuries he allegedly sustained and of any damages allegedly resulting therefrom.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted because there is no medical evidence to establish substantial harm or otherwise show cognizable injury to Plaintiff which was caused by this Defendant. ***Mendoza v. Lynaugh,*** 989 F.2d 191 (5th Cir. 1993); ***Estelle***

*v. Gamble,* 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976); *Farmer v. Brennan,* 511 U.S. 825, 114 S. Ct. 1970, 1980, 128 L. Ed. 2d 811 (1990).

### SIXTEENTH AFFIRMATIVE DEFENSE

A governmental entity is only liable under §1983 for injuries caused by its policy or custom. *Williams v. Lee County Sheriff's Dep't.*, 744 So. 2d 286, 298 (Miss.1999). Here, there is no identified policy or custom and no issue that the injury allegedly sustained by the Plaintiff was caused by any such policy or custom. *Phillips v. Monroe County,* 143 F. Supp. 2d 663 (N.D. Miss. 2001); *Phillips v. Monroe County,* 311 F.3d 369 (5th Cir. 2002), reh'g denied, 2002 U.S. App. LEXIS 26436 (5th Cir. 2002), cert. denied, *Phillips v. Monroe County,* 2003 U.S. LEXIS 4438 (U.S. 2003).

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to impose individual liability upon this Defendant under state law, the provisions of *Miss. Code Ann.* §§11-46-5 and §11-46-7 (1999), are hereby invoked, prohibiting individual liability under the provisions of the Mississippi Tort Claims Act. To the extent Plaintiff seeks to impose individual liability against this Defendant under state law outside the scope of the Mississippi Tort Claims Act, those claims are barred by expiration of the applicable statute of limitations under *Miss. Code Ann.* §15-1-35 (1983), or, alternatively, by laches, waiver and estoppel. Accordingly, this Defendant moves for a dismissal of any claims alleging individual liability under state law pursuant to *Fed. R. Civ. Proc.* 12(b)(6).

### EIGHTEENTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against Tippah County under §1983. This Defendant further invokes the safeguards of the Equal Protection and Due Process clauses of the United States

Constitution, Article 3, Section 14 of the Mississippi Constitution and the provisions of *Miss. Code Ann.* §§11-1-65 and 11-46-15 (2) (1993) with regard to any claim for punitive damages.

### NINETEENTH AFFIRMATIVE DEFENSE

This Defendant is not responsible for any condition of Plaintiff that pre-existed the events upon which this Complaint is based.

### TWENTIETH AFFIRMATIVE DEFENSE

All restrictions applicable to the Plaintiff herein were rationally related to legitimate objectives and not vague or overbroad as applied to the Plaintiff.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Relief under 42 U.S.C. §1983 in the form of either official capacity liability or supervisory liability is not available to those seeking to address private disputes with individuals not employed by Tippah County, Mississippi. Thus, this Defendant is not legally responsible for any acts of private persons or entity not employed by or under the control of Tippah County, and any damages to which the Plaintiff would be entitled, if any, resulting from the acts of such private person or entity is not a recovery which can be legally assessed to Tippah County, and, therefore, any such claim of the Plaintiff should be dismissed. *Landry v. A. Able Bonding, Inc.*, 75 F.3d 200 (5th Cir. 1996).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's allegations of negligence are not cognizable under either the Mississippi Tort Claims Act, *Miss. Code Ann*. §11-46-1 (1993) *et seq*., as amended, or 42 U.S.C. § 1983. Moreover, there is nothing alleged by Plaintiff which implicates the Fourth Amendment of the United States Constitution. The frivolous nature of these allegations is so clearly established that this Defendant

is entitled to reimbursement of fees and costs under Rule 11 of *Fed. R. Civ. Proc.*, the Litigation Accountability Act of 1988 and 42 U. S. C. §1988.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The injuries or damages, if any, allegedly sustained by the Plaintiff are the direct and proximate result of his own conduct for which he is responsible, to the exclusion of this Defendant, and, therefore, the Complaint should be dismissed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The injuries or damages, if any, allegedly sustained by the Plaintiff were not foreseeable to this Defendant, and, therefore, Plaintiff's claim as to this Defendant should be dismissed.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's allegations regarding medical care are insufficient to state a cause of action under 42 U.S.C. §1983. At all material times, appropriate medical attention was timely provided, and no basis exists for any claim that this Defendant acted with deliberate indifference in connection with the provisions of such medical care. *Mendoza v. Lynaugh,* 989 F. 2d 191, 194 (5th Cir. 1993); *Stewart v. Murphy,* 174 F. 3d 530, 534-535 (5th Cir. 1999); (Active treatment of a medical condition is not deliberate indifference); *Gibbs v. Grimmett,* 254 F. 3d 545, 549 (5th Cir. 2001), *cert. denied,* 534 U.S. 1136, 151 L. Ed. 2d 983, 122 S. Ct. 1083 (2002); (Disagreement with medical treatment is not deliberate indifference.).

## TWENTY-SIXTH DEFENSE

The Tippah County Defendant reserves all affirmative defenses claimed by any other Defendant herein.

**TWENTY-SEVENTH DEFENSE**

This Defendant invokes the provisions of the <u>Prison Litigation Reform Act</u>, Pub. L. 104-134, 110 Stat. 1321, 28 U. S. C. §§1915, 1932 (Supp. 1997) and 42 U. S. C. §1997(e) (Supp. 1997).

**TWENTY-EIGHTH DEFENSE**

*Answer*

Without waiving any of the defenses previously asserted, the Tippah County Defendant answers as follows:

1.      The allegations of paragraph 1 are admitted.

2.      It is admitted that Tippah County may be served with process upon its Chancery Clerk.  All other allegations of paragraph 2 are denied.

3.      It is admitted that this Court has jurisdiction of this matter.  All other allegations of paragraph 3 are denied.

4.      The allegations of paragraph 4 including sub-parts A. through I. are denied.

5.      The allegations of paragraph 5 are denied.

6.      The allegations of paragraph 6 are denied.

7.      This Defendant is without sufficient information to admit or deny the allegations or paragraph 7, therefore, they are denied.

8.      This Defendant is without sufficient information to admit or deny the allegations or paragraph 8, therefore, they are denied.

9.      The allegations of paragraph 9 are denied.

10.      The allegations or paragraph 10 are denied.

11.      The allegations of paragraph 11 are denied.

-8-

12.     The allegations of paragraph 12 are denied.

13.     The allegations of paragraph 13 are denied.

14.     The allegations of paragraph 14 are denied.

15.     The allegations of paragraph 15 are denied.

16.     The allegations of paragraph 16 are denied.

17.     The allegations of paragraph 17 are denied.

18.     The allegations of paragraph 18 are denied.

**REQUEST FOR RELIEF**

As for the unnumbered paragraph which begins "Plaintiff requests actual...." answering Defendant denies each allegation.

**AND NOW, HAVING FULLY ANSWERED** and asserted its Affirmative Defenses, the Defendant prays that this Court grant the following relief:

(A)     That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses, including, but not limited to, applicability of the statutory exemptions from liability as set forth in the Mississippi Tort Claims Act and Qualified Immunity;

(B)     That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever;

(C)     That this Court award this Defendant its attorney fees, costs and expenses associated with the defense of the instant civil action pursuant to Rule 11, Fed. R. Civ. Proc. and prevailing party Attorney fees under 42 U.S.C.§1988.

**RESPECTFULLY SUBMITTED** this the 2nd day of April, 2018.

TIPPAH COUNTY, MISSISSIPPI

By:     /s/ *Arnold U. Luciano*
                      Daniel J. Griffith, MS Bar No. 8366
                      Arnold U. Luciano, MS Bar No. 99198
                      Attorney for Defendant, Tippah County, MS

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Street
P.O. Box 1209
Cleveland, MS 38732
Phone: 662-843-6171
Fax: 662-843-6176
Email: mlasker@jlpalaw.com

B. Sean Akins
Akins & Adams, P.A.
108 East Jefferson Street
Ripley, MS 38663
Phone: (662) 837-9976
Fax: (662) 837-1009
Email: sean@akinsadams.com

## CERTIFICATE OF SERVICE

       I, Arnold U. Luciano, attorney of record for Defendant Tippah County, do hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by the ECF Filing System to the following:

                      Jim D. Waide, Esq.
                      Waide & Associates, P.A.
                      Attorneys at Law
                      P.O. Box 1357
                      Tupelo, MS 38802
                      Phone: (662) 842-7324
                      Fax: (662) 842-8056
                      Email: waide@waidelaw.com
                      **Attorney for Plaintiff**

       **DATED** this 2nd day of April, 2018.

                      /s/ *Arnold U. Luciano*
                      Arnold U. Luciano

-10-