IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                                                        **PLAINTIFF**

**VERSUS**                                      **CIVIL ACTION NO.: 3:18-CV-0004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,
TOMMMY MASON, in His Individual Capacity,
and "X" Bonding Company**                                       **DEFENDANTS**

<u>**TOMMY MASON'S MOTION FOR JUDGMENT
ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY**</u>

Comes now, Defendant, Tommy Mason ("Deputy Mason"), by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Federal Procedure, submits his Motion for Judgment on the Pleadings Based on Qualified Immunity as follows:

1. This matter arises out of Plaintiff's arrest by Tippah County deputies. *CM/ECF Doc. No. 1.* More specifically, Plaintiff asserts Deputy Mason violated his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution, alleging excessive force. *Id*. However, Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputy Mason in his individual capacity. Accordingly, the claims against Deputy Mason should be dismissed by the Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard.

2. Plaintiff was arrested on June 6, 2017 following an incident vaguely acknowledged in the Plaintiff's Complaint. *Id*. More specifically, Plaintiff claims he knocked on the door to the house he believed to be the home of his unnamed ex-

girlfriend. *Id*. However, Plaintiff learned that the home was actually "occupied" by his ex-girlfriend's mother, Brenda Crumpton, and, possibly, Deputy Mason's ex-wife, Amanda Mason. *Id*.

3. After allegedly knocking on the door, Plaintiff claims he was beaten by Deputy Mason "for reasons unknown to Plaintiff" who then left before a second Tippah County deputy arrived on the scene to arrest Plaintiff. *Id*.

4. These threadbare allegations do not to satisfy the heightened pleading standard required to overcome qualified immunity as Plaintiff's allegations against Deputy Mason offer nothing more than the conclusory assertion that Deputy Mason used excessive force and caused injury. Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001).

5. To determine whether a defendant is entitled to qualified immunity, this Court conducts two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right; and (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred. *Jenkins v. Town of Vardaman, Miss.*, 899 F.Supp.2d 526, 530 (N.D. Miss. 2012). Importantly, the "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

2

6.      Towards this end, when a law enforcement officer, like Deputy Mason, raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). *See also*, *Jenkins*, 899 F.Supp.2d at 531 ("it is the plaintiff, rather than defendant, who must do most of the 'heavy lifting' in the qualified immunity context"). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995. However, it is apparent that Plaintiff's Complaint does not meet the heightened pleading standard.

7.      Furthermore, to prevail on an excessive force claim, Plaintiffs must establish (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). The Supreme Court discussed claims of excessive force in both *Graham v. Connor*, 490 U.S. 386 (1989), and *Saucier v. Katz*, 533 U.S. 194 (2001), and firmly established that courts are to examine the objective reasonableness of the officer's actions **not with the benefit of hindsight** but in light of the "on-scene perspective" of the officer. *Saucier*, 533 U.S. at 205 (citing *Graham*, 490 U.S. at 393, 396, 397)(emphasis added).

8.      The allegations of Plaintiff's Complaint do not provide any insight as to how Deputy Mason used any force on him, much less excessive force, or whether or not Deputy Mason's alleged use of force was objectively reasonable under the circumstances. Likewise, there are no specific allegations about what specifically

3

occurred to cause the particular injuries that Plaintiff claims to have suffered. Most importantly, Plaintiff has not provided any details as to the circumstances leading to the Plaintiff's arrest or requiring law enforcement to be called to the home. In other words, these allegations lack the factual specificity needed to determine whether Deputy Mason violated Plaintiff's clearly established rights in an objectively reasonable manner.

9. Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputy Mason in his individual capacity. Consequently, the claims against Deputy Mason should be dismissed by the Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard.

WHEREFORE, PREMISES CONSIDERED, Tommy Mason respectfully requests that that this Court enter an Order dismissing the claims made against him in his individual capacity, with prejudice, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard.

DATE: April 19, 2018.

Respectfully submitted,

**TOMMY MASON**

BY: /s/*William R. Allen*
One of His Attorneys

4

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  kriley@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Motion for Judgement on the Pleadings Based on Qualified Immunity with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P.O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com

This the 19th day of April, 2018.

>/s/*William R. Allen*
>OF COUNSEL

5