IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                              **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO.: 3:18-CV-0004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                                      **DEFENDANTS**

### TOMMY MASON'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY

Comes now, Defendant Tommy Mason ("Deputy Mason"), by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Federal Procedure, submits the following Memorandum of Authorities in Support of Judgment on the Pleadings Based on Qualified Immunity:

### INTRODUCTION

However, Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputy Mason in his individual capacity. Accordingly, the claims against Deputy Mason should be dismissed by the Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard. During the interim, this case must be stayed pursuant to Rule 16(b)(3).

### FACTUAL BACKGROUND

According to Plaintiff's Complaint, on June 6, 2017, Plaintiff went to the house he believed to be the home of his ex-girlfriend. *Id*. Although Plaintiff does not identify the

ex-girlfriend, Plaintiff does allege that the home was "occupied" by his ex-girlfriend's mother, Brenda Crumpton, and, possibly, Deputy Tommy Mason's ex-wife, Amanda Mason. *Id*. Plaintiff further alleges that he recalls knocking on the door of the house, then being beaten by Deputy Mason for "reasons unknown to Plaintiff, but probably because of steroid-induced rage." *Id*.

After the alleged beating, Plaintiff contends Deputy Mason left before a second Tippah County deputy arrived at the house. Interestingly, while Plaintiff does admit that he was arrested by the second deputy to arrive at the house, Plaintiff does not mention the reason for said arrest. *Id*. Likewise, no other facts are stated in Plaintiff's Complaint concerning the alleged improper use of force. *Id*. Rather, Plaintiff claims that due to his preexisting medical conditions and "his injuries," he "has little memory of the events." *Id*. Notably, Plaintiff further states that his preexisting medical conditions caused him "to become disoriented" and "unaware of what he is doing." *Id*.

## ARGUMENT

Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

2

In assessing a claim of qualified immunity, courts apply a two-part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); see also *Pearson v. Callahan*, 555 U.S. 223 (2009)(holding that "order of battle" outlined in Saucier is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier,* 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good faith performance of their duties." *Ren v. Towe*, 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. See *Harlow v. Fitzgerald*, 102 S.Ct. 2727, 2728 (1982); see also L.U. Civ R. 16.1(B)(4).

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. *Elliott v. Perez,* 751 F.2d 1472 (5th Cir.

3

1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995; see also *Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff). Plaintiffs "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." *Floyd v. City of Kenner*, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing *Schultea v. Wood*, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999). Plaintiff's Complaint does not meet the heightened pleading standard.

Here, Plaintiff has failed to meet the heightened pleading standard. Although Plaintiff has alleged that Deputy Mason used excessive force, the Complaint fails to delineate all the necessary and relevant facts and circumstances surrounding the alleged use of force. Accordingly, the Plaintiff's claims are barred by qualified immunity.

To prevail on an excessive force claim, Plaintiff must establish (1) an injury; (2) which resulted directly and only from a use of force that was clearly excessive; and (3) the excessiveness of which was clearly unreasonable." *Freeman v. Gore*, 483 F.3d 404, 416

4

(5th Cir. 2007). The Supreme Court discussed claims of excessive force in both *Graham v. Connor*, 490 U.S. 386 (1989), and *Saucier v. Katz*, 533 U.S. 194 (2001), and firmly established that courts are to examine the objective reasonableness of the officer's actions **not with the benefit of hindsight** but in light of the "on-scene perspective" of the officer. *Saucier*, 533 U.S. at 205 (citing *Graham*, 490 U.S. at 393, 396, 397)(emphasis added).

To judge objective reasonableness under the Fourth Amendment, "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. The "calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. Courts must "pay 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether he [was] actively resisting arrest or attempting to evade arrest by flight.'" *Gutierrez v. City of San Antonio*, 139 F.3d 441, 447 (5th Cir. 1998). As the Supreme Court recognized in *Saucier*, "[a]n officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, however, the officer is entitled to the immunity defense." *Saucier*, 533 U.S. at 205.

"Qualified immunity operates . . . to protect officers from the sometimes 'hazy border between excessive and acceptable force,' and to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Arshad v. Congemi*, 2009 U.S. App. LEXIS 4792, 14-15 (5th Cir. 2009)(quoting, *Saucier*, 533 U.S. at 206).

Whether the force utilized is excessive to the need and is unreasonable as measured in objective terms, by examining the totality of the circumstances. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 844 (5th Cir. 2009). A determination of excessive force is made "'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* at 846. The objective reasonableness of the force depends on the facts and circumstances of the case. *Collier v. Montgomery*, 569 F.3d 214, 218-219 (5th Cir. 2009). The test for reasonableness must consider "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id*.

In this case, Plaintiff's Complaint fails to provide any factual allegations specifying how, when, or why Deputy Mason used any force on him, much less "excessive force." In fact, Plaintiff's Complaint fails to provide anything other than conclusory allegations. Plaintiff's Complaint simply asserts that he "recalls knocking on the door at the home, after which he was beaten by Defendant Mason." *Compl.*, ¶ 9. Plaintiff provides no further details—only the above conclusory allegations. Likewise, there are no specific allegations about what specifically occurred to cause the particular injuries that Plaintiff claims to have suffered. In addition, there is a complete absence of any factual allegations pertaining to the circumstances leading to the Plaintiff's arrest or

causing law enforcement to be called to the home in the first place. Simply put, these allegations lack the factual specificity needed to determine whether Deputy Mason violated Plaintiff's constitutional rights to be free from excessive force.

Furthermore, the allegations are insufficient to allow the Court to make a determination of the second prong of the qualified immunity test—whether or not Deputy Mason's alleged use of force on Plaintiff was objectively reasonable under the circumstances. Aside from asserting that he was "beaten" by Deputy Mason for "reasons unknown to Plaintiff," and generally alleging that Deputy Mason's "beating of Plaintiff constituted unreasonable use of force," Plaintiff has otherwise failed to provide any specific facts to suggest that Deputy Mason's conduct was objectively unreasonable under the circumstances.

When presented with equally threadbare allegations in *Jackson v. City of Beaumont Police Dept.*, the Fifth Circuit found that the plaintiff could not overcome the heightened pleading requirement by merely asserting that an officer's use of force was "without justification" and in "bad faith." 958 F.2d 616, 621 (5th Cir. 1992). Notably, in *Jackson*, the plaintiff failed to provide any facts "regarding his own conduct during the incident, the reasons given, if any, by the officers for being called to the scene, or any other factors relating to the circumstances leading to, and surrounding, his arrest and other alleged actions by the officers." *Id*. Finding that the plaintiff's complaint contained "virtually no facts," the court characterized the plaintiffs' allegations as conclusory statements insufficient to overcome the qualified immunity defense. *Id*.

As in *Jackson*, Plaintiff's allegations offer nothing more than the conclusory assertion that Deputy Mason used excessive force and caused injury. Without more, it is clear that Plaintiff has failed to alleged any constitutional claims with the precision and factual specificity required to overcome Deputy Mason's qualified immunity defense. Accordingly, the constitutional claims asserted by Plaintiff against Deputy Mason in his individual capacity should be dismissed or, in the alternative, this Court should require Plaintiffs to submit a *Schultea* Reply containing factual allegations sufficient to meet the heightened pleading standard.

## CONCLUSION

Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputy Mason in his individual capacity. Consequently, the claims against Deputy Mason should be dismissed by the Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard.

**DATE:** **April 19, 2018.**

Respectfully submitted,

**TOMMY MASON**

BY: /s/*William R. Allen*
One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  kriley@aabalegal.com

## CERTIFICATE

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for Judgement on the Pleadings Based on Qualified Immunity with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P.O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com

This the 19th day of April, 2018.

/s/*William R. Allen*
OF COUNSEL