**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES ALLEN HUGHEY**                                                                    **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO: 3:18cv004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,
TOMMY MASON, in his Individual Capacity,
AND "X" BONDING COMPANY**                                    **DEFENDANTS**

---

**MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT
TOMMY MASON'S MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON
QUALIFIED IMMUNITY**

---

**COMES NOW,** Plaintiff James Allen Hughey, and submits his Memorandum Brief in Opposition to the Defendant Tommy Mason's Motion for Judgment on the Pleadings Based on Qualified Immunity as follows:

**I. STATEMENT OF FACTS**

The facts of this case are straightforward and are succinctly pled in the Complaint.[1] Tommy Mason was employed as a Deputy Sheriff by Tippah County, Mississippi. (Complaint ¶ 4). Mason had a long and troubling history of excessive force. (Complaint ¶ 4). On June 6, 2017, Plaintiff James Allen Hughey went to a residence in Tippah County where he believed his ex-girlfriend was residing. (Complaint ¶ 8). Plaintiff later learned that the home was, in fact, occupied by his ex-girlfriend's mother, Brenda Crumpton, and, possibly, by Tommy Mason's ex-wife, Amanda Mason. (Complaint ¶ 8).

---

[1] For purposes of Defendant's Motion for Judgment on the Pleadings, the allegations of the Complaint are accepted as true.

Plaintiff knocked on the door of the home. (Complaint ¶ 9). Defendant Tommy Mason was there, and was at the time acting under color of State law. (Complaint ¶ 2). Mason beat Plaintiff severely. (Complaint ¶ 9). Plaintiff suffered memory loss as a result of the beating and has little other memory of the events. (Complaint ¶ 9). Plaintiff does recall that there was no justification for his beating. (Complaint ¶ 10). Plaintiff also recalls that Mason fled the scene before other law enforcement officers could arrive. (Complaint ¶ 10).

Plaintiff was severely injured. (Complaint ¶ 11). Plaintiff was eventually transported to The Med in Memphis, Tennessee. (Complaint ¶ 11). Plaintiff suffered from seven (7) broken ribs, internal bleeding, contusions, and abrasions caused by the beating from Tommy Mason. (Complaint ¶ 11). Plaintiff was hospitalized in intensive care for approximately one week at The Med. (Complaint ¶ 11).

The Complaint correctly pleads that "Defendant Mason's beating of Plaintiff constituted unreasonable use of force in violation of the Fourth Amendment to the United States Constitution." (Complaint ¶ 12).

As the Complaint notes, this incident was not Mason's first inexplicable use of excessive force. (*See generally* Complaint ¶ 4). Rather, Mason had a long history of shocking uses of force. (Complaint at ¶ 4). Mason's ex-wife, Amanda Mason, claimed that Mason beat her. (Complaint ¶ 4(A)). Mason had beaten a man named Joseph Smithey based upon a rumor that Smithey was engaged in a relationship with Mason's ex-wife. (Complaint ¶ 4(B)). Mason once punched a female arrestee in the mouth, knocking out several of her teeth. (Complaint ¶ 4(C)). Mason punched Kristen Hopkins, another female, and broke her nose. (Complaint ¶ 4(D)). Mason engaged in beatings of Jamie Gurrero, Richey Beeler, Jeremy Palmer and Brian Lansdale.

2

(Complaint ¶ 4(E)). (Complaint ¶ 4(E)(F)(H) and (I)). Mason was involved in the killing of a suspect and bragged that he had "finished off" the person. (Complaint ¶ 4(G)).

While a simple set of facts revealing a wholly unjustified beating by a police officer is shocking, it is not reason for an assertion of qualified immunity. As discussed below, the Complaint pleads sufficient facts to state a claim for excessive force and to allow qualified-immunity related discovery.

## II. ARGUMENT

**A. The Qualified Immunity Framework**

In ruling on a defense of qualified immunity in claims brought under 42 U.S. C. § 1983, the Court undertakes a two-prong analysis. *Williams v. Kaufman County*, 352 F.3d 994, 1002 (5th Cir. 2003). The Court must evaluate whether the plaintiff's allegations establish a constitutional violation. *Williams*, 352 F.3d at 1002. If a constitutional violation is found to have occurred, the Court must determine whether the constitutional right violated was "clearly established" such that a reasonable person would have known of the right. *Id.* As the Court in *Williams* stated, "[t]he appropriate inquiry, therefore, is whether the state of the law [at the time of the violation] gave [defendants] fair warning that their alleged treatment of [plaintiffs] was unconstitutional." *Id.* (internal quotations omitted). Thus, in order to be entitled to qualified immunity, the defendant's conduct must have been objectively reasonable under the law at the time. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). The Supreme Court has held that either prong of the two-step qualified immunity test can be evaluated first. *Pearson v. Callahan*, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

Importantly to this case, in ruling on a defense of qualified immunity, the Court must review the facts in the light most favorable to the party asserting injury. *Saucier v. Katz*, 533 U.S.

194, 201 (2001). That is, "summary judgment is inappropriate unless ***plaintiff's version of the violations*** does not implicate clearly established law." *Goodson v. City of Corpus Christi* 202 F.3d 730, 739 (5th Cir. 2000) (emphasis added).

As discussed below, crediting Plaintiff's versions as true (which must be done at this posture) there are obvious genuine issues of material fact which preclude summary judgment.

Accordingly, Mason's Motion should be denied.

**B. The Complaint Pleads Sufficient Facts to State an Excessive Force Claim.**

Excessive force claims are analyzed under the Fourth Amendment's prohibition on unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). In Fourth Amendment excessive force cases, the reasonableness question amounts to "whether the totality of the circumstances justifies a particular sort of seizure." *Tennessee v. Garner*, 471 U.S. 1, 8-9, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985). The Court should consider several factors such as the severity of the alleged crime, whether the actor posed an immediate threat to safety and whether the actor is attempting to evade arrest or flee. *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The sole question is whether the force is "objectively reasonable" under the facts confronting the officer, without regard to the officer's subjective motivation. *Stroik v. Ponseti*, 35 F.3d 155, 158 (5th Cir. 1994).

The Complaint in this case pleads simple facts that establish an excessive force claim and defeat qualified immunity. The Complaint pleads that Plaintiff knocked on the door of a home. Plaintiff was not engaging in any crime. Plaintiff was not attempting to evade arrest. Plaintiff posed no threat to anyone. Unbeknownst to Plaintiff, his ex-girlfriend did not live there, but her mother and perhaps Mason's ex-wife did. Mason began to beat Plaintiff severely for no reason.

The mere fact that the beating was utterly unjustified does not indicate there may be a qualified immunity defense. Plaintiff's Complaint adequately pleads facts to set forth an excessive force claim against Mason.

## C. Heightened Pleading and *Schultea*

In 1993, the Supreme Court held that a heightened pleading requirement could not be applied in a 42 U.S.C. § 1983 suit against a municipality, reserving the question of whether it might survive in cases against public officials. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 122 L. Ed. 2d 517, 113 S. Ct. 1160 (1993). The Fifth Circuit has addressed *Leatherman* as follows:

> Our answer to *Leatherman* is that the district court has an array of procedures that will carry the load as far as pleadings can. First, the district court must insist that a plaintiff suing a public official under § 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone. Second, the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

*Schultea v. Wood*, 47 F.3d 1427, 1433-1434 (5th Cir. 1995).

As described above, the Complaint in this case already complies with the pleading specificity required in *Schultea*. It pleads a "short and plain" statement of the facts and shows why Mason is not entitled to Qualified Immunity. It pleads that Mason beat Plaintiff severely for no reason when Plaintiff knocked on a door. It pleads that the beating was without any justification and constituted excessive force.

5

While this is a simple factual allegation, it is plenty sufficient. Plaintiff's Complaint pleads facts sufficient to show an excessive force claim against Mason.

**D. Qualified Immunity Discovery.**

What is left to be done in this case is to flesh out the details of the assault, and the asserted justification, if any, for Mason's actions. To this end, Plaintiff has simultaneously filed a Motion to Allow Qualified Immunity Related Discovery. Qualified Immunity related discovery is necessary in this case.

Plaintiff requests the Court to lift the stay to allow qualified immunity discovery pursuant to *Schultea*. The Court should stay briefing on the instant Motion for Qualified Immunity until the qualified immunity discovery is complete.

### III. CONCLUSION

Mason's Motion for Judgment on the Pleadings should be denied. The Complaint pleads a claim for excessive force.

The Court should order qualified-immunity related discovery and establish a briefing schedule on the issue of qualified immunity.

**RESPECTFULLY SUBMITTED**, this the 17th day of May, 2018.

                                                    **MCLAUGHLIN LAW FIRM**

                            By:    /s R. Shane McLaughlin
                                    R. Shane McLaughlin (Miss. Bar No. 101185)
                                    338 North Spring Street, Suite 2
                                    P.O. Box 200
                                    Tupelo, Mississippi 38802
                                    Telephone: (662) 840-5042
                                    Facsimile: (662) 840-5043
                                    E-mail: rsm@mclaughlinlawfirm.com

                                                 **ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification to the following:

**Jim Waide**
**Rachel Pierce Waide**
**Waide & Associates, P.A.**
**Post Office Box 1357**
**Tupelo, Mississippi 38802**
**waide@waidelaw.com**

**Daniel Griffith**
**Arnold Luciano**
**Jacks Griffith Luciano, P.A.**
**Post Office Box 1209**
**Cleveland, Mississippi 38732**
**dgriffith@jlpalaw.com**
**aluciano@jlpalaw.com**

**William Allen**
**Katelyn Riley**
**Allen, Allen, Breeland & Allen, PLLC**
**Post Office Box 751**
**Brookhaven, Mississippi 39602**
**wallen@aabalegal.com**
**kriley@aabalegal.com**

**THIS** the 17th day of May, 2018.


                                           /s R. Shane McLaughlin