IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                                        **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO: 3:18cv004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMY MASON, in his Individual Capacity,**
**AND "X" BONDING COMPANY**                                      **DEFENDANTS**

___

**MOTION TO ALLOW QUALIFIED IMMUNITY RELATED DISCOVERY AND FOR ORDER GOVERNING QUALIFIED IMMUNITY BRIEFING**
___

      **COMES NOW**, Plaintiff James Allen Hughey, by and through counsel, and respectfully moves the Court to allow certain immunity related discovery and for an Order governing qualified immunity briefing and would show as follows:

    1. Defendant Tommy Mason filed a Motion asserting qualified immunity on April 19, 2018. The Court entered an Order staying this case on April 20, 2018.

    2. The Complaint in this case pleads that Tommy Mason, while acting under color of state law, beat Plaintiff without provocation. Plaintiff claims that there was no justification for any force to be used against him, much less the extreme level of force employed by Mason.

    3. Plaintiff is entitled to conduct discovery on the issue of Mason's assertion of qualified immunity. *Schultea v. Wood*, 47 F.3d 1427, 1433-1434 (5th Cir. 1995) (noting that where plaintiff has supported his claim with sufficient specificity District Court should allow discovery related to the issue of qualified immunity).

    4. Plaintiff is entitled to qualified-immunity related discovery. Plaintiff needs, at a minimum, to ascertain Defendant Mason's asserted reasons, if any, for severely beating him.

Plaintiff should be allowed to send discovery requests and take depositions tailored to the issue of Mason's asserted qualified immunity defense.

5. Lifting the stay which accompanies a qualified immunity defense is common practice. *See, e.g., Geter v. Fortenberry*, 849 F.2d 1550, 1554 (5th Cir. 1988) ("[w]here a plaintiff's pleadings assert facts which, if proven, would defeat a qualified immunity defense, limited discovery may be permitted tailored to the issue of qualified immunity); *see also Lion Boulos v. Wilson*, 834 F.2d 504, 506-09 (5th Cir. 1987).

6. Plaintiff's Complaint pleads a clear excessive force claim for a beating without justification. Mason argues that he is qualifiedly immune. Plaintiff is thus entitled to limited discovery on the issue of qualified immunity.

7. Plaintiff requests the Court to enter an Order allowing this immunity-related discovery.

8. Plaintiff requests the Court to set deadlines for the supplementation of the Parties' submissions on the pending Motion based on Qualified Immunity after the conclusion of a qualified immunity discovery period.

9. Plaintiff has consulted with counsel for Mason and is informed that Mason will oppose the relief requested in this Motion. Mason predictably opposes discovery into his nebulous qualified immunity defense.

10. As this request for relief is straightforward, and is fully briefed in this Motion, Plaintiff requests that he be relieved from submitting a separate and redundant Memorandum Brief.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests the Court to allow certain immunity related discovery and for an Order governing briefing on Defendant Mason's Motion for Judgment on the Pleadings Based on Qualified Immunity. Plaintiff further request such other and more general relief to which he is entitled

**RESPECTFULLY SUBMITTED**, this the 17th day of May, 2018.

M<small>C</small>L<small>AUGHLIN</small> L<small>AW</small> F<small>IRM</small>

By: <u>/s R. Shane McLaughlin</u>
R. Shane McLaughlin (Miss. Bar No. 101185)
338 North Spring Street, Suite 2
P.O. Box 200
Tupelo, Mississippi 38802
Telephone: (662) 840-5042
Facsimile: (662) 840-5043
E-mail: rsm@mclaughlinlawfirm.com

A<small>TTORNEY FOR</small> P<small>LAINTIFF</small>

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification to the following:

**Jim Waide**
**Rachel Pierce Waide**
**Waide & Associates, P.A.**
**Post Office Box 1357**
**Tupelo, Mississippi 38802**
**waide@waidelaw.com**

**Daniel Griffith**
**Arnold Luciano**
**Jacks Griffith Luciano, P.A.**
**Post Office Box 1209**
**Cleveland, Mississippi 38732**
**dgriffith@jlpalaw.com**
**aluciano@jlpalaw.com**

**William Allen**
**Katelyn Riley**
**Allen, Allen, Breeland & Allen, PLLC**
**Post Office Box 751**
**Brookhaven, Mississippi 39602**
**wallen@aabalegal.com**
**kriley@aabalegal.com**

**THIS** the 17th day of May, 2018.

/s R. Shane McLaughlin

4