IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                                             **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO.: 3:18-CV-0004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,
TOMMMY MASON, in His Individual Capacity,
and "X" Bonding Company**                                      **DEFENDANTS**

**TOMMY MASON'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO MOTION FOR JUDGMENT ON
THE PLEADINGS BASED ON QUALIFIED IMMUNITY**

Comes now, Defendant, Tommy Mason ("Deputy Mason"), by and through counsel, and submits his Reply to Plaintiff's Response in Opposition to his Motion for Judgment on the Pleadings Based on Qualified Immunity:

**INTRODUCTION**

Plaintiff has still failed to provide specific, particular factual allegations sufficient to meet the heightened pleading standard and to overcome Deputy Mason's qualified immunity defense. Rather, it remains that the Plaintiff has only submitted conclusory allegations that he was "beaten" by Deputy Mason and that beating constituted unreasonable use of force, which is not enough. *See CM/ECF Doc. No. 20 & 21*. Accordingly, the claims against Deputy Mason should be dismissed by this Court, or in the alternative, this Court should require the Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard.

**ARGUMENT**

Plaintiff takes the position that that his "simple factual allegation" is "plenty sufficient" in reliance on *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163 (1993), in which the Supreme Court struck down the heightened pleading requirement in § 1983 actions against municipalities. *See CM/ECF Doc. No. 21* at 5. However, this reliance is ignores the fact that the Fifth Circuit soon thereafter explained that the *Leatherman* Court had "had no occasion to consider whether… qualified immunity jurisprudence would require a heightened pleading in cases involving individual government officials." *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). As a result, the Fifth Circuit declined "to read into *Leatherman* any change in the law respecting actions against individual municipal defendants," but instead concluded that "we are still bound by [*Elliott v. Perez,* 751 F.2d 1472 (5th Cir. 1985)] and its progeny in determining whether [the plaintiff] stated a claim against [the defendant]." *Id*.

Since *Babb*, the Fifth Circuit Court of Appeals has repeatedly held that when a defendant, like Deputy Mason, "invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *Crostley v. Lamar Co, TX*, 717 F.3d 410, 422 (5th Cir. 2013)(*citing McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002); *see also, Hampton v. Oktibbeha Cty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007). In fact, at this stage of litigation, "it is the defendant's conduct ***as alleged in the complaint*** that is scrutinized for objective legal reasonableness." *McClendon*, 305 F.3d at 323. Thus, "a plaintiff seeking to overcome qualified immunity must plead specific facts

that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Importantly, "*[a]fter* the [court] finds a plaintiff has so pled, **if** the court remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." *Id*. (emphasis added). Here, the Plaintiff's threadbare assertions do not overcome Deputy Mason's qualified immunity defense and do not entitled him to discovery.

At most, the Plaintiff has merely alleged that Deputy Mason unlawfully beat him, nothing more. *See CM/ECF Doc. No. 1*. For example, in his Complaint, the Plaintiff alleges the following as facts:

- Plaintiff went to a residence in Tippah County where he believed his girlfriend was residing;
- Turns out, the residence was actually occupied by Brenda Crumpton and, possibly, Amanda Mason;
- Plaintiff knocked on the door of the residence;
- Plaintiff was "beaten" by Deputy Mason; and
- Plaintiff has no memory of the events, but he does recall that "there was no justification of his beating" and Deputy Mason "fled the scene before other law enforcement officers" arrived on the scene.

*Id*. at 4-5. Likewise, in his Response to Deputy Mason's Motion for Judgment on the Pleadings, the Plaintiff further alleges, also in a conclusory fashion, that:

- Deputy Mason was "there";
- Plaintiff was not engaging in any crime;
- Plaintiff was not attempting to evade arrest;
- Plaintiff posed no threat to anyone; and
- Deputy Mason "began to beat" Plaintiff "severely" and "for no reason";

*See CM/ECF Doc. No. 21* at 2 -4. Overall, despite two attempts, it is clear that the Plaintiff has failed to allege any constitutional claims with the precision and factual specificity required to overcome Deputy Mason's qualified immunity defense. Accordingly, the constitutional claims asserted by Plaintiff against Deputy Mason in his individual capacity should be dismissed or, in the alternative, this Court should require the Plaintiff to submit a *Schultea* Reply containing factual allegations sufficient to meet the heightened pleading standard.

Notably, even if this Court accepted all of the alleged facts and opinions submitted by the Plaintiff to date, this Court is still without any insight as to how Deputy Mason used any force on the Plaintiff, much less excessive force, or whether or not Deputy Mason's alleged use of force was objectively reasonable under the circumstances. For example, the Plaintiff has not submitted any additionally information setting forth what specifically occurred to cause the particular injuries that Plaintiff claims to have suffered or the circumstances that promoted the need for law enforcement on the scene or the Plaintiff's arrest. In fact, the Plaintiff has failed to even articulate what Deputy Mason allegedly used to "beat" the Plaintiff as the Plaintiff has not alleged Deputy Mason used his hand, his foot, his first, or any other object for that matter. Simply put, the Plaintiff has left this Court with no more factual allegations than it had prior to Deputy Mason's motion. That is, with a record devoid of any allegations for this Court to review in deciding whether or not Deputy Mason's alleged use of force was objectively reasonable under the circumstances.

## CONCLUSION

Given the Plaintiff's insufficient pleadings, to allow the Plaintiff to proceed with his claims against Deputy Mason or even proceed in discovery of the same, would undermine the protective purpose of qualified immunity as qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." *Jacques v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986). Consequently, the claims against Deputy Mason should be dismissed by this Court, or in the alternative, this Court should require the Plaintiff to submit a *Schultea* Reply sufficient to meet the heightened pleading standard.

**DATE:** May 24, 2018.

                              Respectfully submitted,

                              **TOMMY MASON**

                              BY:    /s/*William R. Allen*
                                        One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  kriley@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Reply to Plaintiff's Response to Motion for Judgement on the Pleadings Based on Qualified Immunity with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P.O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com

This the 24th day of May, 2018.

>/s/*William R. Allen*
>OF COUNSEL