IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                                                              **PLAINTIFF**

**VERSUS**                                   **CIVIL ACTION NO.: 3:18-CV-0004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,
TOMMMY MASON, in His Individual Capacity,
and "X" Bonding Company**                                        **DEFENDANTS**

**TOMMY MASON'S RESPONSE TO PLAINTIFF'S MOTION
TO ALLOW QUALIFIED IMMUNITY RELATED DISCOVERY
AND FOR ORDER GOVERNING QUALIFIED IMMUNITY BRIEFING**

Comes now, Defendant, Tommy Mason ("Deputy Mason"), by and through counsel, and submits his Response to Plaintiff's Motion to Allow Qualified Immunity Related Discovery and For Order Governing Qualified Immunity Briefing as follows:

**BACKGROUND INFORMATION**

This matter arises out of an alleged assault on the Plaintiff by Deputy Mason. *CM/ECF Doc. No. 1.* Realizing his inability to provide specific, particular factual allegations sufficient to meet the heightened pleading standard, much less overcome Deputy Mason's qualified immunity defense, the Plaintiff seeks to obtain irrelevant information from Deputy Mason to avoid the dismissal of his claims against Deputy Mason. However, the Plaintiff's threadbare, conclusory allegations are not enough to allow the Plaintiff to conduct any discovery, even discovery limited in scope. Therefore, this Court should deny the Plaintiff's motion for the same.

On January 4, 2018, the Plaintiff filed his Complaint which vaguely acknowledges an incident that occurred on June 6, 2017, and ultimately ended with the

Plaintiff's arrest. *CM/ECF Doc. No. 1.* Subsequently, on March 29, 2018, Deputy Mason answered Plaintiff's Complaint and raised qualified immunity as a defense to this matter. *CM/ECF Doc. No. 8.*

Because the allegations of the Plaintiff's Complaint offer nothing more than the conclusory assertion that Deputy Mason used excessive force and caused injury, on April 19, 2018, Deputy Mason filed a Motion for Judgment on the Pleadings and supporting memorandum arguing that the Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputy Mason. *CM/ECF Doc. No. 14 & 15*. Moreover, pursuant to Local Rule 16(b)(3)(B), Deputy Mason filed a Motion for Stay and the Court granted the same. *CM/ECF Doc. No. 16 & 17.*

On May 17, 2018, Plaintiff submitted his Response in Opposition to the Motion for Judgment on the Pleadings and filed the subject Motion to Allow Qualified Immunity Related Discovery and for Order Governing Qualified Immunity Briefing. *CM/ECF Doc. No. 20-22.* In the Motion to Allow Discovery, Plaintiff argues that he is "entitled to conduct discovery on the issue of Mason's assertion of qualified immunity." *CM/ECF Doc. No. 22*, ¶ 3. However, this is not the case.

## LEGAL ARGUMENT

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)(citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). In other words, one of the reasons for qualified immunity is to protect a defendant from the burdens of discovery when the plaintiff has not filed an adequate claim. *See Wicks v.*

2

*Mississippi State Employment Services*, 41 F.3d 991 (5th Cir. 1995). To that end, Rule 16 of the Local Civil Rules provides that the filing of an "immunity defense or jurisdictional defense motion stays the attorney conference and disclosure requirements and all discovery not related to the issue pending the court's ruling on the motion…." L.U.Civ.R. 16(b)(3)(B).

Importantly, it is well-established by that immunity-related discovery is not automatically granted to plaintiffs. *See Wicks*, 41 F.3d at 995; *Webb v Livingston*, 618 Fed. Appx. 201, 206 (5th Cir. 2015); and *Bullard v. City of Houston*, 95 F.3d 48 (5th Cir. 1996). To the contrary, discovery on the issue of qualified immunity "must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks*, 41 F.3d at 994. In effect, if the plaintiff's "complaint alleges facts to overcome the defense of qualified immunity, the district court may ***then*** … allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Id.* at 995 (emphasis added). Simply put, the Fifth Circuit permits discovery **only** after a determination has been made that the plaintiff has alleged facts sufficient to state a claim against the defendant. *Id. See also*, *Blair Imani, et al., v. City of Baton Rouge, et al.*, No. CV 17-439-JWD-EWD, 2018 WL 2208221, at *4 (M.D. La. May 14, 2018). Notably, if discovery is allowed despite a plaintiff's failure to meet the threshold pleading requirements, such allowance is "immediately appealable as a denial of the benefits of the qualified immunity defense." *Wicks*, 41 F.3d at 996.

Here, Deputy Mason has challenged the Plaintiff's Complaint as insufficient to overcome his defense of qualified immunity. *See CM/ECF Doc. No. 14 & 15.* Therefore,

3

discovery may not be conducted until the Court determines whether or not the Plaintiff's Complaint alleges sufficient facts which, if true, would overcome Deputy Mason's qualified immunity defense. Based on the threadbare, conclusory allegations found in the Plaintiff's Complaint, this Court should find that the Plaintiff failed to meet the threshold pleading requirements and, thus, also find that any discovery by the Plaintiff, even that which is limited in scope, is improper.

Furthermore, in his Motion, the Plaintiff submits that he is entitled to conduct discovery related to Deputy Mason's qualified immunity defense. *CM/ECF Doc. No. 22*, ¶ 3. However, the Plaintiff's pleadings contravene the very citation the Plaintiff relies on in support of his alleged entitlement. *Id*. More specifically, the Plaintiff relies on *Schultea v. Wood*, 47F.3d 1427 (5th Cir. 1995), which the Plaintiff summarizes to stand for the position that "where plaintiff has supported his claim with sufficient specificity District Court should allow discovery related to the issue of qualified immunity." *Id*. However, *Schultea* actually provides that "[t]he district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea*, 47 F.3d at. 1434. While *Schultea* does not "entitle" the Plaintiff to even limited discovery, it does permit "a plaintiff [to] file a reply tailored to an answer pleading the defense of qualified immunity." *Id*. In other words, *Schultea* does not require, much less entitle, the Plaintiff to conduct discovery related to Deputy Mason's qualified immunity defense as the Plaintiff has failed to adequately allege a claim against Deputy Mason for excessive force.

4

Plaintiff further contends that he "needs" to ascertain Deputy Mason's "asserted reasons, in any, of severely beating him." *CM/ECF Doc. No. 22*, ¶ 4. However, the United States Supreme Court takes a different position. Specifically, the Court has established that "the 'reasonableness' inquiry in an excessive force case is an objective one[.]" *Graham v. Connor*, 490 U.S. 386, 397 (1989)[1]. In fact, the question is whether an officer's "actions are 'objectively reasonable' in light of the facts and circumstances confronting them, ***without regard to their underlying intent or motivation.***" *Id.* (emphasis added). Therefore, "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." *Id.*

Here, the Plaintiff is seeking to obtain information from Deputy Mason irrelevant to the analysis to distract from that fact that the Plaintiff has failed to provide the information required of him. Specifically, the Plaintiff was required to plead specific, particular factual allegations sufficient to meet the heightened pleading standard, yet he has failed to do so. Rather, it remains that the Plaintiff has only submitted conclusory allegations that he was "beaten" by Deputy Mason and that beating constituted unreasonable use of force, which is not enough to subject Deputy Mason to the timely and expensive discovery sought by the Plaintiff. All in all, the Plaintiff does not need to know Deputy Mason's reasons, if any, for allegedly using excessive force as the Plaintiff has yet to even establish that Deputy Mason touched him.

---

[1] "*The* framework for analyzing excessive force claims is set out in Graham. If there is no excessive force claim under *Graham,* there is no excessive force claim at all." *County of Los Angeles, Calif. Mendez*, 137 S.Ct. 1539, 1547(2017).

## CONCLUSION

Given the Plaintiff's insufficient pleadings, to allow the Plaintiff to proceed in discovery of his claims against Deputy Mason, would undermine the protective purpose of qualified immunity. Moreover, the Plaintiff's failure to meet the threshold pleading requirements bars his request to conduct any discovery, including discovery limited to the scope of Deputy Mason's qualified immunity defense. Consequently, this Court must deny the Plaintiff's motion seeking to conduct discovery related to Deputy Mason's qualified immunity defense.

**DATE:** May 30, 2018.

          Respectfully submitted,

          **TOMMY MASON**

          BY: /s/*William R. Allen*
                 One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email: wallen@aabalegal.com
Email: kriley@aabalegal.com

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Response to Plaintiff's Motion to Allow Qualified Immunity Related Discovery and for Order Governing Qualified Immunity Briefing with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P.O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com

This the 30th day of May, 2018.

>/s/*William R. Allen*
>OF COUNSEL