IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES ALLEN HUGHEY                                               PLAINTIFF

V.                             CIVIL ACTION NO. 3:18-CV-00004-NBB-RP

TIPPAH COUNTY, MISSISSIPPI,
TOMMY MASON, in his individual capacity,
and "X" Bonding Company                             DEFENDANTS

MEMORANDUM OPINION

Presently before the court are Defendant Tommy Mason's motion for judgment on the pleadings, and Plaintiff's motion to allow qualified-immunity related discovery. Upon due consideration of the motions, responses, pleadings and applicable authority, the court is ready to rule.

Factual and Procedural Background

The instant action arises out of Plaintiff James Allen Hughey's arrest. Hughey alleges that on June 6, 2017, he went and knocked on the door of a home he believed to be occupied by his ex-girlfriend. Some time after knocking on the door, Hughey alleges that he was "beaten" by Defendant Mason, a deputy sheriff of Tippah County, Mississippi. Hughey further alleges that he has little memory of the events.

According to Hughey, "the beating was carried out by [] Mason for reasons unknown to Plaintiff." Following the alleged beating, Hughey was arrested by a different deputy, on charges not identified in the complaint. Hughey contends that he suffered injuries including seven broken ribs, internal bleeding, contusions and abrasions and that, because of these injuries, he was treated in the intensive care unit at The Med in Memphis, Tennessee.

On January 4, 2018, Hughey filed the instant suit. He asserts a claim under 42 U.S.C. § 1983 against Mason, alleging that his actions constituted an unreasonable or excessive use of force in violation of the Fourth Amendment. Hughey additionally asserts state law claims for assault and battery against Mason. Mason now moves for judgment on the pleadings as to Hughey's §1983 claim.

## Standard of Review

Pursuant to Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In considering a 12(c) motion to dismiss, courts employ the same standard as that of deciding a motion under rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.2d 305, 313 (5th Cir. 2002). Accordingly, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Pleadings, therefore, are to be construed liberally, and "judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)).

## Analysis

In moving for judgment on the pleadings, Mason asserts that he is entitled to qualified immunity. An assertion of qualified immunity often protects government officials performing discretionary functions from both litigation and liability on § 1983 claims. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 648 (N.D. Miss. 2013). Thus, "questions regarding qualified immunity are [most often] resolved on the face of

2

the pleadings and with limited resort to pre-trial discovery." *James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1990).

The Fifth Circuit requires plaintiffs asserting §1983 claims to meet heightened pleading standards in cases in which an immunity defense has been raised. *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 620 (5th Cir. 1992) (citing *Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988)); *see also Elliot v. Perez*, 751 F.2d 1472, 1476 (5th Cir. 1985). "Mere conclusory allegations and bold assertions are insufficient to meet this heightened standard." *Id.* (citing *Streetman v. Jordan*, 918 F.2d 555, 557 (5th Cir. 1990). Instead, the pleadings must contain "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (citing *Wicks v. Mississippi State Employment Servs.*, 41 F.3d 991, 995 (5th Cir. 1995)).

The court finds a Fifth Circuit case to be particularly instructive. In *Jackson*, the plaintiff asserted a § 1983 claim for excessive force and alleged merely that the officers assaulted him "without justification" and in "bad faith." *Jackson*, 958 F.2d 620, 621 (5th Cir. 1992). The court found these assertions to be "conclusory allegations insufficient to overcome the immunity defense." *Id.* And although the plaintiff did identify his injuries, the court found that he had failed to plead any facts which would allow the court to determine whether the defendants' actions were unobjectively unreasonable. *Id.* The court further reasoned that the plaintiff did "not plead any facts regarding his own conduct during the incident, the reasons given, if any, by the officers for being called to the scene, or any other factors relating to the circumstances leading to, and surrounding, his arrest and the other alleged actions by the officers." *Id.* Consequently, the court found that the plaintiff had "failed to plead facts sufficient to overcome the officers' qualified immunity defense." *Id.*

Like *Jackson*, Hughey merely alleges that he was "beaten" by Mason for unknown reasons, and that he suffered certain injuries as a result. Hughey further asserts, in conclusory fashion, that "Mason's beating of Plaintiff constituted [an] unreasonable use of force in violation of the Fourth Amendment." Other than the allegation that he knocked on the door of some residence, Hughey's pleadings are completely devoid of any facts regarding his conduct leading up to the alleged beating and arrest. Hughey further fails to identify the circumstances prompting officers being called to the scene. He does not articulate in what manner he was beaten by Mason—whether Mason used his fist, foot, an object, or something else. Hughey also fails to plead any facts related to the reasonableness of Mason's actions in relation to his own. Moreover, Hughey has not identified the charges upon which he was arrested.

In sum, the court finds that Hughey has failed to plead "facts sufficient to overcome the officers' qualified immunity defense." *Jackson*, at 621. Hughey, however, has filed only one complaint, with no amendments or supplements. "Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986); *see also Wicks v. Mississippi State Emp. Serv.*, 41 F.3d 991 (5th Cir. 1995).

Instead, the court "should provide the plaintiff an opportunity to satisfy the heightened pleading requirements." *Id.* Moreover, the court may require the plaintiff to "file a reply tailored to . . . the defense of qualified immunity," so that he may have an opportunity to state his best case. *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995). "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed." *Id.*

Accordingly, the court finds that dismissal of Hughey's claim for excessive force is not yet appropriate. Hughey is, therefore, directed to file a *Schultea* reply, tailored to Mason's assertion of qualified immunity, within fourteen (14) days from the date of this opinion and order. Mason may choose to re-urge his motion at a later date, after the reply has been filed.

Lastly, the court addresses Hughey's motion to allow qualified-immunity related discovery. District courts "need not allow any discovery at this point unless the 'plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999) (quoting *Shultea*, 47 F.3d at 1434). For the same reasons articulated above, the court finds that Hughey is not yet entitled to such discovery.

<u>Conclusion</u>

Based on the foregoing discussion, the court finds that Mason's motion for judgment on the pleadings, as presented, is not well-taken and should be denied. The court further finds that Hughey's motion to allow qualified-immunity related discovery is not well-taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 2nd day of July, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**