**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES ALLEN HUGHEY**                                                                **PLAINTIFF**

**VS.**                                                             **CIVIL ACTION NO: 3:18cv004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,
TOMMY MASON, in his Individual Capacity,
AND "X" BONDING COMPANY**                                **DEFENDANTS**

---

### *SCHULTEA* REPLY TO QUALIFIED IMMUNITY DEFENSE

---

      **COMES NOW**, Plaintiff James Allen Hughey, by and through counsel, and pursuant to the Court's Order on July 2, 2018, (Dkt. 26) submits a *Schultea* Reply as follows:

**Defendant Tommy Mason's Assertion of Qualified Immunity**

      Defendant Tommy Mason asserts that he is qualifiedly immune from Plaintiff's excessive force claim. Specifically, Defendant pleads as follows:

> Answering defendant is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, answering defendant would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

(*See* Def.'s Answer, Dkt., 8, Fourth Defense at p. 2).

      The Court directed Plaintiff to file a "*Schultea* Reply" to meet the heightened pleading standard.[1] This *Schultea* Reply is submitted as a Reply to Defendant's affirmative defense of qualified immunity pursuant to Fed. R. Civ. P. 7(a)(7).

---

[1] It is unclear that the doctrine of qualified immunity applies to Mason in any event, as Mason ostensibly denies that he was acting under color of state law at the time of the incident. (Def.'s Answer, Dkt. 8, ¶ 4).

**Plaintiff's *Schultea* Reply[2]**

On or about June 7, 2017, James Hughey ("Hughey") went to the home of Denver Crumpton. Crumpton was the step-father to Hughey's ex-girlfriend. Hughey went to the home to visit Crumpton. Hughey was unarmed and posed no danger to anyone.

Hughey knocked on the door of the residence. Defendant Tommy Mason ("Mason"), a police officer acting under color of State law, answered the knock and opened the door. For no reason known to Hughey, Mason began beating Hughey savagely with his fists. Hughey did not provoke the beating. Because of Hughey's pre-existing health problems, and as a result of the trauma from the beating, Hughey has no substantive memory of the events after the beating. Hughey knows that Mason hit him multiple times with his fists. Hughey does not remember the other details of the assault as far as the means employed by Mason to inflict injury. Hughey is a diabetic and suffers from elevated ammonia levels. As a result of this, and the beating, Hughey simply remembers that he knocked on the door, that Mason answered the door, and that Mason began beating him with his fists for no reason.

Hughey's injuries from the beating are consistent with his allegations of an overwhelming use force. Hughey suffered multiple broken ribs and a splenic laceration. Hughey was hospitalized after the beating until his release several weeks later on July 15, 2017. Hughey's Discharge Summary from Regional One Health is attached hereto as Exhibit "A." The medical record reflects that Hughey suffered:

1. Grade 4 splenic laceration;

2. Left rib fractures 8, 9, and 10

---

[2] This Reply seeks to comply with this Court's Order and the opinion in *Schultea v. Wood*, 47 F.3d 1427, 1433-1434 (5th Cir. 1995). Because this Reply is concerned with sufficient facts to overcome the defense of qualified immunity, it does not further brief the legal issues. Plaintiff's legal analysis is contained in the previously submitted Brief in opposition to Defendant's Motion for Judgment on the Pleadings. (Dkt. 21).

3. Right rib fractures 8 and 9.

4. L1 and L2 transverse process fractures.

(Exhibit "A"). The records reflect that "[o]n June 9, 2017, the patient was admitted to the hospital. He presented as a transfer from an outside hospital with a splenic laceration and rib fractures, status post assault." (Exhibit "A" at p. 1). Hughey's factual allegations, and his medical records, show an overwhelming application of force. The force was objectively unreasonable, and constitutionally actionable, in light of Hughey's factual allegations that his pre-beating conduct was limited to knocking on a door, and that he posed no danger to Mason or anyone else.

    Hughey is mindful that the Court instructed him to adequately allege facts regarding "his conduct leading up to the alleged beating and arrest." Hughey contends he engaged in no conduct leading up to his beating and arrest other than knocking on the door of Denver Crumpton's home. Hughey has no memory of any other conduct. Again, because of his medical conditions, and the beating itself, Hughey has an imperfect memory of the events. Hughey simply remembers that he knocked on the door, Mason answered the door and began beating him.

    Hughey also understands that he was instructed to "identify the circumstances prompting officers being called to the scene." Again here, Hughey regrettably has no knowledge of how, or why, other police officers were called to the scene. Hughey contends he did nothing wrong and broke no law. Until recently, Hughey believed that he had not been charged with any crime stemming from the incident. However, Hughey recently learned that he was indicted for the felony offense of burglary. Hughey denies engaging in any criminal conduct. However, even if Hughey had been burglarizing the home, rather than merely knocking on the door as he

contends, this conduct would not have justified Mason's use of near-deadly force against Hughey.

While Hughey's memory of the events is sparse, it is sufficient to show that Mason is not qualifiedly immune. Hughey's factual allegations, taken as true, show that Mason beat Hughey mercilessly for no reason. Hughey alleges that Mason used extreme force on him by beating him, and that no force at all was necessary. Hughey was unarmed and non-threatening. Thus, any amount of force against Hughey was constitutionally excessive. Hughey alleges that the beating with fists employed by Mason was necessarily excessive under such circumstances. Hughey contends that an officer beating a citizen, merely because the citizen knocked on a door, is objectively unreasonable as a matter of law.

Hughey need not have a perfect memory of this constitutional violation to state a claim for relief and show that Mason is not entitled to qualified immunity. The facts known, and alleged in this Reply, and substantiated by the medical records, are sufficient to overcome Mason's qualified immunity defense.

**RESPECTFULLY SUBMITTED**, this the 10th day of July, 2018.

          **MCLAUGHLIN LAW FIRM**

    By:   /s R. Shane McLaughlin
           R. Shane McLaughlin (Miss. Bar No. 101185)
           338 North Spring Street, Suite 2
           P.O. Box 200
           Tupelo, Mississippi 38802
           Telephone: (662) 840-5042
           Facsimile: (662) 840-5043
           E-mail: rsm@mclaughlinlawfirm.com

          **ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification to the following:

**Jim Waide**
**Rachel Pierce Waide**
**Waide & Associates, P.A.**
**Post Office Box 1357**
**Tupelo, Mississippi 38802**
**waide@waidelaw.com**

**Daniel Griffith**
**Arnold Luciano**
**Jacks Griffith Luciano, P.A.**
**Post Office Box 1209**
**Cleveland, Mississippi 38732**
**dgriffith@jlpalaw.com**
**aluciano@jlpalaw.com**

**William Allen**
**Katelyn Riley**
**Allen, Allen, Breeland & Allen, PLLC**
**Post Office Box 751**
**Brookhaven, Mississippi 39602**
**wallen@aabalegal.com**
**kriley@aabalegal.com**

**THIS** the 10th day of July, 2018.

/s R. Shane McLaughlin