IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                                                    **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO.: 3:18-CV-0004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                                        **DEFENDANTS**

**TOMMY MASON'S MEMORANDUM OF**
**AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT**
**ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY**

Comes now, Defendant Tommy Mason ("Deputy Mason"), by and through counsel, and pursuant to Rule 12(c) of the Federal Rules of Federal Procedure, submits the following Memorandum of Authorities in Support of his Motion for Judgment on the Pleadings Based on Qualified Immunity[1]:

### INTRODUCTION

Plaintiff has still failed to provide specific, particular factual allegations sufficient to meet the heightened pleading standard and to overcome Deputy Mason's qualified immunity defense. Accordingly, the claims against Deputy Mason should be dismissed by the Court.

---

[1] Deputy Mason re-urges and re-asserts his arguments made in his original Motion for Judgment on the Pleadings Based on Qualified Immunity (*CM/ECF Doc. No. 14*), his Memorandum in Support of his original Motion for Judgment on the Pleadings Based on Qualified Immunity (*CM/ECF Doc. No. 15*), and his Reply to Plaintiff's Response in Opposition to his Motion for Judgment on the Pleadings Based on Qualified Immunity (*CM/ECF Doc. No. 23*).

**FACTUAL BACKGROUND**

According to Plaintiff's Complaint, on June 6, 2017, Plaintiff went to the house he believed to be the home of his ex-girlfriend. *See CM/ECF Doc. No. 1*. Although Plaintiff does not identify the ex-girlfriend, Plaintiff does allege that the home was "occupied" by his ex-girlfriend's mother, Brenda Crumpton, and, possibly, Deputy Tommy Mason's ex-wife, Amanda Mason. *Id*. Importantly, the Plaintiff does not mention Denver Crumpton in his Complaint, much less allege that Denver Crumpton "occupied" the house. Rather, Denver Crumpton is not mentioned until the Plaintiff revises his version of the facts in his *Schultea* Reply to allege that the Plaintiff was at the subject home to visit Denver Crumpton, a man the Plaintiff alleges "the step-father to Hughey's ex-girlfriend." *See CM/ECF Doc. No. 27*.

Plaintiff further alleges that he recalls knocking on the door of the house, then being beaten by Deputy Mason "with his fists." *Id*. Otherwise, the Plaintiff states that he "does not remember the other details of the assault *as far as the means employed by Mason to inflict injury*." *Id*. (emphasis added). Finally, the Plaintiff admits that he was indicted for felony burglary. *Id*.

Plaintiff contends in his *Schultea* Reply that he "engaged in no conduct leading up to his beating and arrest other than knocking on the door of Denver Crumpton's home." *Id*. However, the Plaintiff goes no to clarify that actually its just that he "has no memory of any other conduct." Furthermore, it must be remembered that the Plaintiff alleges in his Complaint that at the time of the incident he had preexisting medical

conditions that caused him "to become disoriented" and "unaware of what he is doing." *See CM/ECF Doc. No. 1*.

Notably, the Plaintiff's *Schultea* Reply refers to medical records he marked as "Exhibit A." However, the Plaintiff's *Schultea* Reply was filed without any attachments.

## ARGUMENT

Pursuant to this Court's July 2, 2018 Order, the Plaintiff was granted the opportunity to file a *Schultea* Reply. *See CM/ECF Doc. No. 26*. In said Order, the Court also identified specific factual inadequacies to be addressed by the Plaintiff. *Id*. Specifically, the Court found that the Plaintiff had failed to:

(1) Identify facts regarding the Plaintiff's conduct leading up to the alleged beating and arrest;

(2) Identify the circumstances prompting officers being called to the scene;

(3) Articulate in what manner the Plaintiff was beaten by Deputy Mason;

(4) Identify any facts related to the reasonableness of Deputy Mason's actions in relation to the Plaintiff's actions; and

(5) Identify the charges upon which he was arrested.

*Id*.

However, despite being given another chance by the Court, the Plaintiff's *Schultea* Reply does not adequately address the inadequacies articulated by the Court. *See CM/ECF Doc. No. 27*. More specifically, the Plaintiff contends that he "engaged in no conduct leading up to his beating and arrest other than knocking on the door of Denver Crumpton's home." *Id*. Importantly, this contention is qualified inasmuch as the

3

Plaintiff admits that he "has no memory of any other conduct." *Id*. The Plaintiff further contends that Deputy Mason used his fists to beat the Plaintiff, however, the Plaintiff "does not remember the other details of the assault as far as the means employed by [Deputy Mason] to inflict injury." *Id*. Finally, while the Plaintiff admits that he was indicted for felony burglary, he fails to identify the charges for which he was arrested. *Id*.

Overall, at most, the Plaintiff contends that he did nothing but knock on a door, yet he was indicted for felony burglary and Deputy Mason beat him with his fists. *Id*. In other words, the Plaintiff has not provided the facts articulated by the Court, much less facts sufficient to overcome Deputy Mason's qualified immunity defense. Accordingly, the constitutional claims asserted by Plaintiff against Deputy Mason in his individual capacity should be dismissed.

Importantly, even if this Court accepted all of the alleged facts and opinions submitted by the Plaintiff to date, this Court is still without any insight as to whether or not Deputy Mason's alleged use of force was objectively reasonable under the circumstances. In fact, at most, the Court has been presented with conclusory allegations that the Plaintiff did nothing, but yet his conduct resulted in a felony indictment. Simply put, the Plaintiff has left this Court with no more of an understanding of the facts than it had prior to the Plaintiff's *Schultea* Reply. Accordingly, especially in light of the heightened pleading requirement, the Plaintiff has failed to plead specific facts sufficient to overcome Deputy Mason's qualified immunity defense.

## CONCLUSION

Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputy Mason in his individual capacity. Consequently, the claims against Deputy Mason should be dismissed

**DATE:** **August 8, 2018.**

        Respectfully submitted,

        **TOMMY MASON**

        BY:   /s/*Katelyn A. Riley*
              One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email: wallen@aabalegal.com
Email: kriley@aabalegal.com

5

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for Judgement on the Pleadings Based on Qualified Immunity with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P.O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com
>
>Daniel J. Griffith, Esq.
>Arnold U. Luciano, Esq.
>Jacks Griffith Luciano, P.A.
>P.O. Box 1209
>Cleveland, MS 38732
>dgriffith@jlpalaw.com
>aluciano@jlpalaw.com

This the 8th day of August, 2018.

>/s/*Katelyn A. Riley*
>OF COUNSEL