**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**JAMES ALLEN HUGHEY**                                                         **PLAINTIFF**

**VS.**                                          **CIVIL ACTION NO: 3:18cv004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,
TOMMY MASON, in his Individual Capacity,
AND "X" BONDING COMPANY**                                        **DEFENDANTS**

_____

**MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT
TOMMY MASON'S MOTION FOR JUDGMENT ON THE PLEADINGS BASED ON
QUALIFIED IMMUNITY**
_____

**COMES NOW,** Plaintiff James Allen Hughey, and submits his Memorandum Brief in Opposition to the Defendant Tommy Mason's Motion for Judgment on the Pleadings Based on Qualified Immunity as follows:

**I. INTRODUCTION**

Tommy Mason filed a previous Motion for Judgment on the Pleadings based on qualified immunity in this case. (Dkt. 14). The Court denied the Motion and ordered Plaintiff to file a *Schultea* reply tailored to addressing the defense of qualified immunity pled by Mason. (Dkt. 26). Plaintiff timely filed a *Schultea* reply. (Dkt 27).

Mason subsequently filed the instant Motion, arguing generally that the *Schultea* reply still does not meet the heightened pleading standard, largely because Plaintiff does not remember much of the incident after the beating. As discussed below, Mason's Motion should again be denied.

**I. STATEMENT OF FACTS**

On or about June 7, 2017, James Hughey ("Hughey") went to the home of Denver Crumpton.[1] Crumpton was the step-father to Hughey's ex-girlfriend. Hughey went to the home to visit Crumpton. Hughey was unarmed and posed no danger to anyone.

Hughey knocked on the door of the residence. Defendant Tommy Mason ("Mason"), a police officer acting under color of State law, answered the knock and opened the door. For no reason known to Hughey, Mason began beating Hughey savagely with his fists. Hughey did not provoke the beating. Because of Hughey's pre-existing health problems, and as a result of the trauma from the beating, Hughey has no substantive memory of the events after the beating. Hughey knows that Mason hit him multiple times with his fists. Hughey does not remember the other details of the assault as far as the means employed by Mason to inflict injury. Hughey is a diabetic and suffers from elevated ammonia levels. As a result of this, and the beating, Hughey simply remembers that he knocked on the door, that Mason answered the door, and that Mason began beating him with his fists for no reason.

Hughey's injuries from the beating are consistent with his allegations of an overwhelming use force. Hughey suffered multiple broken ribs and a splenic laceration. Hughey was hospitalized after the beating until his release several weeks later on July 15, 2017.[2] Hughey's medical records reflects that Hughey suffered:

1. Grade 4 splenic laceration;
2. Left rib fractures 8, 9, and 10

---

[1] This statement of facts is taken directly from Plaintiff's *Schultea* reply. Defendant complains in his Brief that the *Schultea* reply includes details not pled in the original Complaint. (Def.'s Brf. at 2). Of course, this stands to reason, and is the very purpose of the *Schultea* reply.

[2] Portions of Plaintiff's medical records were referenced in the *Schultea* Reply as an exhibit, but were inadvertently not filed as an Exhibit. The medical records have subsequently been filed as an Exhibit to the Reply and thus constitute part of the pleadings. (Dkt. 34).

2

   3. Right rib fractures 8 and 9.

   4. L1 and L2 transverse process fractures.

(Exhibit "A"). The records reflect that "[o]n June 9, 2017, the patient was admitted to the hospital. He presented as a transfer from an outside hospital with a splenic laceration and rib fractures, status post assault." (Exhibit "A" at p. 1). Hughey's factual allegations, and his medical records, show an overwhelming application of force. The force was objectively unreasonable, and constitutionally actionable, in light of Hughey's factual allegations that his pre-beating conduct was limited to knocking on a door, and that he posed no danger to Mason or anyone else.

   Hughey is mindful that the Court instructed him to adequately allege facts regarding "his conduct leading up to the alleged beating and arrest." Hughey contends he engaged in no conduct leading up to his beating and arrest other than knocking on the door of Denver Crumpton's home. Hughey has no memory of any other conduct. Again, because of his medical conditions, and the beating itself, Hughey has an imperfect memory of the events. Hughey simply remembers that he knocked on the door, Mason answered the door and began beating him.

   Hughey also understands that he was instructed to "identify the circumstances prompting officers being called to the scene." Again here, Hughey regrettably has no knowledge of how, or why, other police officers were called to the scene. Hughey contends he did nothing wrong and broke no law. Until recently, Hughey believed that he had not been charged with any crime stemming from the incident. However, Hughey recently learned that he was indicted for the felony offense of burglary. Hughey denies engaging in any criminal conduct. However, even if Hughey had been burglarizing the home, rather than merely knocking on the door as he contends, this conduct would not have justified Mason's use of near-deadly force against Hughey.

While Hughey's memory of the events is sparse, it is sufficient to show that Mason is not qualifiedly immune. Hughey's factual allegations, taken as true, show that Mason beat Hughey mercilessly for no reason and at a time when Hughey posed no danger to anyone. Hughey alleges that Mason used extreme force on him by beating him, and that no force at all was necessary. Hughey was unarmed and non-threatening. Thus, any amount of force against Hughey was constitutionally excessive. Hughey alleges that the beating with fists employed by Mason was necessarily excessive under such circumstances. Hughey contends that an officer beating a citizen, merely because the citizen knocked on a door, is objectively unreasonable as a matter of law.

Hughey need not have a perfect memory of this constitutional violation to state a claim for relief and show that Mason is not entitled to qualified immunity. The facts known, and alleged in the *Schultea* reply, and substantiated by the medical records, are sufficient to overcome Mason's qualified immunity defense.

## II. ARGUMENT

**A. The Qualified Immunity Framework**

In ruling on a defense of qualified immunity in claims brought under 42 U.S. C. § 1983, the Court undertakes a two-prong analysis. *Williams v. Kaufman County*, 352 F.3d 994, 1002 (5th Cir. 2003). The Court must evaluate whether the plaintiff's allegations establish a constitutional violation. *Williams*, 352 F.3d at 1002. If a constitutional violation is found to have occurred, the Court must determine whether the constitutional right violated was "clearly established" such that a reasonable person would have known of the right. *Id.* As the Court in *Williams* stated, "[t]he appropriate inquiry, therefore, is whether the state of the law [at the time of the violation] gave [defendants] fair warning that their alleged treatment of [plaintiffs] was unconstitutional." *Id.* (internal quotations omitted). Thus, in order to be entitled to qualified immunity, the defendant's

4

conduct must have been objectively reasonable under the law at the time. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). The Supreme Court has held that either prong of the two-step qualified immunity test can be evaluated first. *Pearson v. Callahan*, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

Importantly to this case, in ruling on a defense of qualified immunity, the Court must review the facts in the light most favorable to the party asserting injury. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). That is, "summary judgment is inappropriate unless ***plaintiff's version of the violations*** does not implicate clearly established law." *Goodson v. City of Corpus Christi* 202 F.3d 730, 739 (5th Cir. 2000) (emphasis added).

**B. The Qualified Immunity Defense as Pled by Mason.**

Defendant Tommy Mason pled his qualified immunity defense as follows:

> Answering defendant is entitled to qualified immunity as to the claims asserted against him in his individual capacity. More specifically, answering defendant would affirmatively aver that the Plaintiff's Complaint fails to allege a violation of a clearly established constitutional right and that, at all times, his conduct was objectively reasonable.

(*See* Def.'s Answer, Dkt., 8, Fourth Defense at p. 2).

**C. The *Schultea* Reply and Medical Records Meet the Heightened Pleading Standard.**

Mason's qualified immunity defense consists of two parts:

  1. That Plaintiff failed to allege a violation of a clearly established constitutional right;

  2. Mason's contention that his conduct was objectively reasonable.

If the *Schultea* reply pleads facts that are tailored to overcome this defense as pled by Mason, then Defendant's Motion should be denied. *See Schultea v. Wood*, 47 F.3d 1427, 1433-1434 (5th Cir. 1995) (plaintiff may be directed to "file a reply tailored to an answer pleading the defense of qualified immunity").

A right is sufficiently clear, and thus "clearly established", when "every 'reasonable official would have understood that what he is doing violates that right'". *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2078 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)).

The *Schultea* reply alleges as many facts as possible showing that Mason beat Plaintiff mercilessly with his fists without justification. It is clearly established that citizens have a constitutional right to be free from such excessive force. *See, e.g., Newman v. Guedry*, 703 F.3d 757, 763 (5th Cir. 2012) (right to be free from use of force is clearly established where plaintiff was committing no crime, posed no threat to anyone's safety and did not resist officer). The constitutionally allowable force used against a citizen

> [D]epends on "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

*Brothers v. Zoss*, 837 F.3d 513, 518 (5th Cir. 2016) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)).

The application of any force is objectively unreasonable where there is no basis whatsoever for a use of force. *Newman*, 703 F.2d at 763. *See also Aguilar v. Robertson*, 512 Fed. Appx. 444, 450 (5th Cir. 2013) (allegation that officer tackled stopped motorcyclist who was not resisting arrest was objectively unreasonable); *Cooper v. Brown*, 844 F.3d 517, 524 (5th 2016) (allowing police dog to continue to bite compliant DUI suspect was objectively unreasonable).

This case is different from *Jackson v. Beaumont Police Dep't*, 958 F.2d 616, 621 (5th Cir. 1992). In *Jackson*, the *pro se* prisoner plaintiff's **_only_** allegations in the Complaint were that the force employed against him was "without justification and in bad faith." *Jackson*, 958 F.2d at 621. That is starkly different from this case, where Hughey's *Schultea* reply pleads the following facts:

6

1. Hughey knocked on the door of a residence intending to see his friend, Denver Crumpton.
2. Hughey was unarmed.
3. Hughey did not pose a danger to anyone at the time.
4. Tommy Mason answered the door.
5. Tommy Mason set about beating Hughey severely with his fists.
6. Hughey suffered from memory loss as a result of the beating and his pre-existing health conditions.
7. Hughey's medical records substantiate that the injuries were inflicted in an "assault."
8. Hughey suffered a splenic laceration, multiple rib fractures and transverse process fractures.

(*Schultea* Reply, Dkt. 27).

Hughey did not make a conclusory allegation that the beating was "in bad faith" or merely "without justification." Hughey pled what he was doing immediately before the beating, and that Mason began beating him for no reason.

While simple, these are the facts as alleged by Hughey. There is nothing more Hughey can plead.

An officer does not escape constitutional liability by beating a citizen for no reason, and then claiming Plaintiff cannot plead enough details to meet the heightened pleading standard. Plaintiff pled the details of his beating in as much detail as possible in his *Schultea* Reply. The *Schultea* Reply refutes Mason's assertion that he did not violate Hughey's clearly established constitutional rights and that his conduct was objectively reasonable.

Hughey's *Schultea* Reply states a claim for excessive force. Mason's Motion should be denied.

### III. CONCLUSION

Mason's most recent Motion for Judgment on the Pleadings should be denied. The *Schultea* Reply pleads a claim for excessive force.

**RESPECTFULLY SUBMITTED**, this the 22d day of August, 2018.

                                              **MCLAUGHLIN LAW FIRM**

                                  By:    /s R. Shane McLaughlin
                                            R. Shane McLaughlin (Miss. Bar No. 101185)
                                            338 North Spring Street, Suite 2
                                            P.O. Box 200
                                            Tupelo, Mississippi 38802
                                            Telephone:  (662) 840-5042
                                            Facsimile:  (662) 840-5043
                                            E-mail: rsm@mclaughlinlawfirm.com

                                            **ATTORNEY FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that I have this day electronically filed the foregoing document with the Clerk of Court using the ECF system, which sent notification to the following:

**Jim Waide**
**Rachel Pierce Waide**
**Waide & Associates, P.A.**
**Post Office Box 1357**
**Tupelo, Mississippi 38802**
**waide@waidelaw.com**

**Daniel Griffith**
**Arnold Luciano**
**Jacks Griffith Luciano, P.A.**
**Post Office Box 1209**
**Cleveland, Mississippi 38732**
**dgriffith@jlpalaw.com**
**aluciano@jlpalaw.com**

**William Allen**
**Katelyn Riley**
**Allen, Allen, Breeland & Allen, PLLC**
**Post Office Box 751**
**Brookhaven, Mississippi 39602**
**wallen@aabalegal.com**
**kriley@aabalegal.com**

**THIS** the 22d day of August, 2018.

/s R. Shane McLaughlin