IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                          **PLAINTIFF**

**VERSUS**                       **CIVIL ACTION NO.: 3:18-CV-0004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                                **DEFENDANTS**

**TOMMY MASON'S REPLY TO PLAINTIFF'S RESPONSE
IN OPPOSITION TO MOTION FOR JUDGMENT ON
<u>THE PLEADINGS BASED ON QUALIFIED IMMUNITY</u>**

Comes now, Defendant, Tommy Mason ("Deputy Mason"), by and through counsel, and submits his Reply to Plaintiff's Response in Opposition to his Motion for Judgment on the Pleadings Based on Qualified Immunity (*CM/ECF Doc. No. 36*) as follows:

## INTRODUCTION

In this matter, Plaintiff has had multiple opportunities to provide specific factual allegations sufficient to meet the heightened pleading standard required when asserting claims against an officer in his individual capacity but has failed to do so.

## ARGUMENT

As this Court is well aware, one of the principal purposes of qualified immunity is to shield officers not only from liability, but also from defending against a lawsuit. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 954 F.2d 1054, 1057 (5th Cir.1992); see note 3, supra. As such, "questions regarding qualified immunity

are resolved on the face of the pleadings and with limited resort to pre-trial discovery."

*Anderson v. Creighton*, 483 U.S. 635, 650 (1987). Accordingly, the Fifth Circuit requires that Section 1983 plaintiffs meet heightened pleading requirements when qualified immunity defense has been raised. In particular, the Court has explained that:

> We have consistently held that plaintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense; complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss. In cases where government officials assert absolute or qualified immunity, we have concluded that "allowing broadly worded complaints ... which leaves to traditional pretrial depositions, interrogatories, and requests for admission the development of the real facts underlying the claim, effectively eviscerates important functions and protections of official immunity."

*Geter v. Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). Furthermore, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense. *Id*.

Since *Babb*, the Fifth Circuit Court of Appeals has repeatedly held that when a defendant, like Deputy Mason, "invokes qualified immunity, the **burden is on the plaintiff** to demonstrate the inapplicability of the defense." *Crostley v. Lamar Co, TX*, 717 F.3d 410, 422 (5th Cir. 2013)(*citing McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002); *see also, Hampton v. Oktibbeha Cty. Sheriff Dep't*, 480 F.3d 358, 363 (5th Cir. 2007). In fact, at this stage of litigation, "it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness." *McClendon*, 305 F.3d at 323.

2

In his Opposition to Deputy Mason's Motion for Judgment on the Pleadings based on Qualified Immunity, Plaintiff alleges that he "has no substantive memory of the events **after the beating**." *Response*, p. 2 (emphasis added). Plaintiff further contends that he "simply remembers that he knocked on the door, that Mason answered the door, and that Mason began beating him with his fists for no reason." *Id*. Then Plaintiff provides information regarding injuries he allegedly suffered as a result of the "beating." *Id*. at p. 2-3.

Plaintiff's argument that he has little memory of what occurred after the alleged incident is somewhat understandable; however, for purposes of qualified immunity, what occurred prior to the incident is much more important. For this is the conduct which will explain what precipitated the event and whether or not Deputy Mason violated the Fourth Amendment and, in addition, acted in an objectively unreasonable manner.

To that end, Plaintiff merely alleges that "he engaged in no conduct leading up to his beating and arrest other than knocking on the door of Denver Crumpton's home." *Resp.*, p. 3. Plaintiff provides the bald, conclusory assertion that he "did nothing wrong and broke no law," while admitting that he was "indicted for the felony offense of burglary" as a result of the incident. *Id*. These two allegations make it crystal clear that Plaintiff has failed to meet the heightened pleading standard. Certainly something happened prior to the Plaintiff knocking on the door of the Crumpton home. There simply are no allegations specifying what that was other than Plaintiff's statement in his Response that he intended to see his friend Denver Crumpton. *Id*. at p.7.

3

Examples of facts relevant to a qualified immunity defense to an excessive force claim include " 'evidence that the officer harbored ill-will toward the citizen'[,] ... whether a warrant was employed, whether the plaintiff resisted arrest or was armed, whether more than one arrestee or officer was involved, whether the plaintiff was sober, whether other dangerous or exigent circumstances existed at the time of arrest, and on what charges plaintiff was arrested." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 620 (5th Cir. 1992). In his *Schultea Reply* and Response, Plaintiff has plead as follows:

1. Plaintiff knocked on the door of a residence intending to see his friend, Denver Crumpton.

2. Plaintiff was unarmed.

3. Plaintiff did not pose a danger to anyone at the time.

4. Deputy Mason answered the door.

5. Deputy Mason set about beating Plaintiff severely with his fists.

6. Plaintiff suffered from memory loss as a result of the beating and his pre-existing health conditions.

7. Plaintiff's medical records[1] substantiate that the injuries were inflicted in an "assault."

8. Plaintiff suffered a splenic laceration, multiple rib fractures and transverse process fractures.

(*CM/ECF Doc. No. 27*). Certainly, these allegations are relevant to the inquiry as to whether or not Plaintiff has met the heightened pleading standard but they leave much

---

[1] Plaintiff's medical records tend to show that he was injured, but fail to inform this Court of the circumstances surrounding those injuries.

4

to be desired in allowing this Court to make a determination as to whether or not Deputy Mason is entitled to qualified immunity. More specifically, Plaintiff has wholly failed to specify whether he was sober, whether dangerous conditions existed at that time, whether he was invited to the premises, whether he was told to leave the premises, why and when officers were called to the scene, who called the officers to the scene and the like. *Price v. Bachman*, 986 F.2d 1418 (5th Cir. 1993)(pleadings contain no factual predicate for his factual conclusion that the amount of force the officer used in arresting him was unreasonable).

The Supreme Court set three factors a plaintiff must show to demonstrate a Fourth Amendment claim: (1) an injury that (2) "resulted directly and only from a use of force that was clearly excessive to the need," the excessiveness of which was (3) objectively unreasonable. *Curl v. Brazoria Cty. Sheriff's Office*, No. 3:15-CV-0264, 2018 WL 3862093, at *7 (S.D. Tex. Aug. 14, 2018). At this point, the Plaintiff has not provided this Court with allegations sufficient to overcome the heightened pleading standard and negate qualified immunity.

While Plaintiff apparently seeks to engage in discovery regarding the incident in order to further develop the facts of the incident, the same is not allowable. In fact, "plaintiffs must demonstrate **prior to discovery** that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense."

*Brinson v. McKeeman*, 992 F. Supp. 897, 906–07 (W.D. Tex. 1997)[2]. Here, the Plaintiff has failed to plead facts specific enough to justify discovery.

## CONCLUSION

Given the Plaintiff's insufficient pleadings, to allow the Plaintiff to proceed with his claims against Deputy Mason or even proceed in discovery of the same, would undermine the protective purpose of qualified immunity. As such, the claims against Deputy Mason should be dismissed by this Court.

**DATE:** **August 29, 2018.**

Respectfully submitted,

**TOMMY MASON**

BY: /s/*William R. Allen*
      One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email: wallen@aabalegal.com
Email: kriley@aabalegal.com

---

[2] Significantly, if Plaintiff lacks information at this stage regarding the incident, it would mean he would have no further information if discovery was allowed.

6

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Reply to Plaintiff's Response to Motion for Judgement on the Pleadings Based on Qualified Immunity with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P.O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com
>
>Daniel Griffith, Esq.
>Arnold Luciano, Esq.
>Jacks Griffith Luciano, P.A.
>Post Office Box 1209
>Cleveland, Mississippi 38732
>dgriffith@jlpalaw.com
>aluciano@jlpalaw.com

This the 29th day of August, 2018.

>/s/*William R. Allen*
>OF COUNSEL