IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES ALLEN HUGHEY                                                 PLAINTIFF

V.                                            CIVIL ACTION NO. 3:18-CV-00004-NBB-RP

TIPPAH COUNTY, MISSISSIPPI,
TOMMY MASON, in his individual capacity,
and "X" Bonding Company                                     DEFENDANTS

## MEMORANDUM OPINION

Presently before the court is Defendant Tommy Mason's second motion for judgment on the pleadings. Upon due consideration of the motion, response, pleadings and applicable authority, the court is ready to rule.

### Factual and Procedural Background

The instant action arises out of Plaintiff James Allen Hughey's arrest. Hughey alleges that on June 7, 2017, he went and knocked on the door of the home of his ex-girlfriend to visit her step-father, Denver Crumpton. Hughey asserts that Defendant Mason, a deputy sheriff of Tippah County, Mississippi, answered, opened the door and "began beating Hughey savagely with his fists." Hughey further alleges that he was unarmed and posed no danger to anyone. Hughey also contends that he "has no substantive memory of the events after the beating."

Following the alleged beating, Hughey was arrested by a different deputy, on charges not identified in the pleadings. According to Hughey, he recently learned that he was indicted for the felony offense of burglary. Hughey asserts that the alleged beating caused him to suffer injuries including rib fractures, transverse process fractures, and a splenic laceration, and that, because of these injuries, he was hospitalized for several weeks at The Med in Memphis, Tennessee.

On January 4, 2018, Hughey filed the instant suit. He asserts a claim under 42 U.S.C. § 1983 against Mason, alleging that his actions constituted an unreasonable or excessive use of force in violation of the Fourth Amendment. Hughey additionally asserts state law claims for assault and battery against Mason. Mason recently raised a defense of qualified immunity to which Hughey responded by filing a *Schultea* reply. Mason now moves for judgment on the pleadings as to Hughey's §1983 claim.

## Standard of Review

Pursuant to Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In considering a 12(c) motion, courts employ the same standard as that of deciding a motion to dismiss under rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.2d 305, 313 (5th Cir. 2002). Accordingly, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001). Pleadings, therefore, are to be construed liberally, and "judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Id.* (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998)).

## Analysis

In moving for judgment on the pleadings, Mason asserts that he is entitled to qualified immunity. When qualified immunity is asserted at this stage, the court utilizes a two-prong analysis. First, the court must determine whether the plaintiff has alleged a violation of a clearly established constitutional right. *Griggs v. Brewer*, 841 F.3d 308, 312-313(5th Cir. 2016). The court must also decide whether the defendant's actions were "objectively unreasonable" in light

of the law that was clearly established at the time of the incident. *Id.* The court may conduct this inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

To succeed on an excessive-force claim, the plaintiff must demonstrate "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and that (3) the force used was objectively unreasonable." *Brothers v. Zoss*, 837 F.3d 513, 518 (5th Cir. 2016) (citing *Hogan v. Cunningham*, 722 F.3d 725, 734 (5th Cir. 2013)). The reasonableness of an official's conduct depends upon "the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).

Mason does not dispute that the right to be free from unreasonable or excessive force is a clearly established constitutional right. Rather, Mason simply argues that Hughey has failed to provide specific, particular factual allegations sufficient to meet the Fifth Circuit's heightened pleading standard for such claims.

Turning to the pleadings, Hughey asserts that on the evening of June 7, 2017, he went to the home of his ex-girlfriend to visit her step-father. According to Hughey, he was unarmed and posed no danger to anyone. Hughey alleges that he knocked on the door of the residence and that Mason answered, opened the door and that, for unknown reasons, "Mason began beating Hughey savagely with his fists."

According to Hughey, he did nothing to provoke the alleged beating. Hughey additionally asserts that he has no substantive memory of what happened after the alleged beating. Hughey's alleged injuries include a splenic laceration, rib fractures and transverse process fractures. Moreover, Hughey's medical records demonstrate that he was hospitalized for

3

more than a month following the alleged beating, and that he underwent various medical procedures before he was deemed well enough to go home.[1] Hughey also contends that he recently learned that he has been indicted for burglary as a result of the incident.

Accepting the allegations as true and viewing them in the light most favorable to the plaintiff, as the court must do, the court finds that Hughey has sufficiently pleaded facts indicating a violation of his right to be free from unreasonable or excessive force. If the court accepts as true that Hughey's conduct leading up to the alleged beating was limited to knocking on a door and that Hughey was unarmed and posed no danger, it must also accept as true the logical inference that Mason's alleged beating of Hughey, which left Hughey hospitalized for several weeks, constituted an intentional and unreasonable use of force.

The court is mindful that discovery may reveal that Hughey's version of the underlying incident is not entirely accurate. But, at this stage, "it is the defendant's conduct *as alleged in the [pleadings]* that is scrutinized for 'objective legal reasonableness.'" *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).

The court is also cognizant of Hughey's failure to plead certain factual particulars of the incident, specifically what transpired immediately after the alleged beating. A plaintiff, however, will not be penalized for failing to plead the factual particulars of the alleged actions when such facts are unknown to the plaintiff or are "peculiarly within the knowledge of defendants." *Floyd v. City of Kenner, La.*, 351 F. App'x 890, 893 (5th Cir. 2009) (citing *Schultea v. Wood*, 47 F.3d 1427, 1432 (5th Cir. 1995)).

---

[1] Hughey included his medical records as an exhibit to his *Schultea* reply. Consequently, the court may consider them in deciding the instant motion. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that Rule 12(b)(6) permits courts to consider documents attached to the pleadings in ruling on motions to dismiss).

In sum, the court finds that Hughey has sufficiently alleged facts to support a claim for excessive force and to overcome Mason's assertion of qualified immunity. Hughey's §1983 claim, therefore, may proceed to discovery.

<u>Conclusion</u>

For the foregoing reasons, the court finds that Defendant Mason's motion for judgment on the pleadings is not well-taken and should be denied. A separate order in accord with this opinion shall issue this day.

This, the 17th day of September, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**