IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHLEY**                                                   **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO.: 3:18-CV-0004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                                         **DEFENDANTS**

## TOMMY MASON'S MOTION FOR STAY

Comes now, Defendant Tommy Mason ("Deputy Mason"), individually, by and through counsel, and pursuant to Rule 16(b)(3)(B) of the Local Uniform Civil Rules, respectfully submits his Motion for Stay as follows:

1. Plaintiff's claims arise out his arrest by Tippah County deputies. *CM/ECF Doc. No. 1.* More specifically, Plaintiff brings constitutional claims pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, alleging excessive force. *Id.*

2. On March 29, 2018, Deputy Mason answered Plaintiff's Complaint and in that Answer specifically raised qualified immunity as an affirmative defense to the federal claims asserted against him in his individual capacity. *See CM/ECF Doc. No.* 8.

3. On April 19, 2018, Deputy Mason filed his Motion for Judgment on the Pleadings Based on Qualified Immunity. *CM/ECF Doc. Nos. 14 & 15.*

4.     Subsequently, on July 2, 2018, this Court entered an Order directing the Plaintiff to file a *Schultea* reply and granted the parties the option of re-urging their motions at a later date. *CM/ECF Doc. No. 25*.

5.     On July 10, 2018, the Plaintiff filed his *Schultea* Reply as directed by the Court. *CM/ECF Doc. No. 27*. Believing Plaintiff's *Schultea* Reply did not meet the heightened pleading standard to overcome Deputy Mason's qualified immunity defense, Mason filed another Motion for Judgment on the Pleadings. *CM/ECF Doc. No. 30*.

6.     Ultimately, the Court denied Deputy Mason's Motion for Judgment on the Pleadings finding that Plaintiff met the heightened pleading standard. *See CM/ECF Doc. No. 38*. Notably, the Court **only ruled** that the Plaintiff had sufficiently alleged facts to support a claim for excessive force, and **did not make a final ruling on the applicability of Deputy Mason's qualified immunity defense**. *See CM/ECF Doc. No. 39*.

7.     As this Court is well aware, "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)(citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)).

8.     In light of the above, it is well settled that before allowing any discovery to proceed in a claim where qualified immunity has been raised, a district court must first find "that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Id*. The Court has done so here.

2

9. However, case law dictates that upon finding that a plaintiff has met the heightened pleading standard, the Court may then allow narrowly tailored discovery to uncover "those facts needed to rule on the immunity claim." *Id.*

10. The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad." *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). However, when a defendant's immunity claim turns at least partially on a factual question, the court may allow "narrowly tailored" discovery to "uncover only those facts needed to rule on the immunity claim. *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir. 1987).

11. Here, Plaintiff has specifically admitted that he does not recall many of the "details" of the incident. *Pl. Memo Opp.*, p. 2. Furthermore, Judge Biggers noted that:

> "[T]he court is mindful that discovery may reveal that Hughey's version of the underlying incident is not entirely accurate. But, at this stage, 'it is the defendant's conduct *as alleged in the [pleadings]* that is scrutinized for 'objective legal reasonableness.'" *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (citing *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)).

*Order*, CM/ECF Doc. No. 39, p. 4.

12. Thus, while Plaintiff has, per the Court, stated a claim under the heightened pleading standard, Deputy Mason's qualified immunity defense has not yet been fully resolved. Narrowly tailored immunity discovery, including the deposition of the Plaintiff, is necessary for the Court to make a final ruling on Mason's qualified immunity.

13. In Plaintiff's core disclosures, he identifies sixty-five (65) witnesses, approximately twenty-four (24) of which appear to be "damages" witnesses. *See Plaintiff's Initial Disclosures*, a copy of which is attached hereto as **Exhibit A**. Inasmuch as Deputy Mason's qualified immunity defense only pertains to the factual allegations of the conduct of Plaintiff and Mason, requiring Deputy Mason to participate in such damage witness discovery would negate one of the most salient benefits of qualified immunity—protection from overly-broad discovery. In addition, Plaintiff identifies approximately thirty (30) "character" witnesses. Discovery as to these witnesses would also NOT impact qualified immunity and Mason should not be required to participate in the same.

14. In light of the above, Deputy Mason would respectfully request that the Court stay the Case Management Conference set for October 16, 2018, as well as all discovery not related to Mason's qualified immunity defense until such time as Deputy Mason has had an opportunity to complete immunity discovery, file a Motion for Summary Judgment as to his qualified immunity defense, and receive a ruling on the same.

15. Again, because qualified immunity is not just immunity from liability but immunity from discovery and trial, the Court should stay this matter pending the completion of immunity related only discovery and Mason's filing of a Motion for Summary Judgment regarding the same.

WHEREFORE PREMISES CONSIDERED, Tommy Mason respectfully requests that, pursuant to Local Rule 16(b)(3)(B), this Court enter an Order staying all non-related immunity discovery until the resolution of their qualified immunity defenses.

**DATE:** October 9, 2018.

    Respectfully submitted,

    **TOMMY MASON**

    BY:   /s/*William R. Allen*
           One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS  39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email:  wallen@aabalegal.com
Email:  kriley@aabalegal.com

## **CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Motion for Stay with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P.O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P.O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com
>
>Daniel J. Griffith, Esq.
>Arnold U. Luciano, Esq.
>Jacks Griffith Luciano, P.A.
>P.O. Box 1209
>Cleveland, MS 38732
>dgriffith@jlpalaw.com
>aluciano@jlpalaw.com

This the 9th day of October, 2018.

>>/s/*William R. Allen*
>>OF COUNSEL