IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES ALLEN HUGHEY                                       **PLAINTIFF**

**VERSUS**                           **CIVIL ACTION NO: 3:18CV4-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                           **DEFENDANTS**

---

## PLAINTIFF'S PRE-DISCOVERY DISCLOSURE OF CORE INFORMATION

---

**COMES NOW,** Plaintiff James Allen Hughey, by and through counsel, and submits this Pre-Discovery Disclosure of Core Information, in compliance with Uniform Local Rule 26(a)(1) and Fed. R. Civ. P. 26(a), as follows:

### A.    PERSONS WITH KNOWLEDGE:

Pursuant to Uniform Local Rule 26(a)(1) and Fed.R.Civ.P. 26(a)(1)(A)(i), Plaintiff provides the following names and, if known, the address and telephone number, of each individual likely to have discoverable information that Plaintiff may use to support his claims or defenses, identifying the subjects of the information:

                  1.    Michelle Bennett



                                  <u>KNOWLEDGE:</u>   Bennett has knowledge of being with Plaintiff on the day of June 6, 2017, prior to the incident which occurred between Plaintiff and Defendant Mason. She also has knowledge of Plaintiff's acting confused and disoriented due to health problems, and that Plaintiff had not been drinking that day.



2.    Maurice Effinger

KNOWLEDGE:    Effinger has knowledge of hearing conversations between Karen Hughey and Brenda Crumpton wherein Brenda Crumpton stated Plaintiff had done nothing wrong. He further has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

3.    Billy Alberson

KNOWLEDGE:    Mr. Alberson has knowledge of driving by Brenda Crumpton's residence on June 6, 2017, and seeing Plaintiff lying face down on the ground with Defendant Mason standing over him. He also has knowledge of there being no police officers present at the time.

4.    Gilberto Guerrero

KNOWLEDGE:    Guerrero has knowledge of hearing conversations between Karen Hughey and Collene Brown Davis wherein Collene Brown Davis stated Defendant Mason had beaten Plaintiff, and that Plaintiff had done nothing wrong. He further has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

5.    Collene Brown Davis
      (Address Unknown)

KNOWLEDGE:    Davis has knowledge of calling Plaintiff's sister on June 6, 2017, to tell her Plaintiff had been taken to the hospital after being beaten by Defendant Mason. She also has knowledge of making statements that Plaintiff had done nothing wrong. She further has knowledge of telling Plaintiff's sister that Defendant Mason had beaten her sister when he was married to her.

6.      Pete Hughey



        KNOWLEDGE:  Pete Hughey has knowledge of Plaintiff's injuries.  He further has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

7.      Linda Hughey



        KNOWLEDGE:  Linda Hughey has knowledge of Plaintiff's injuries. She further has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

8.      Karen Hughey



        KNOWLEDGE:  Karen Hughey has knowledge of Plaintiff's injuries. She further has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

9.      Dorothy Barkley



        KNOWLEDGE:  Ms. Barkley has knowledge of Plaintiff's background, character and damages.

10.      Becky Creasie



        KNOWLEDGE:  Ms. Creasie has knowledge of Plaintiff's background, character and damages.

11.   Kevin Bennett



      KNOWLEDGE:   Mr. Bennett has knowledge Plaintiff's background, character and damages. r.  He also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

12.   Cathy Davis



      KNOWLEDGE:   Ms. Davis has knowledge of Plaintiff's personal and moral character.

13.   Kyla Lumpkin



      KNOWLEDGE:   Ms. Lumpkin has knowledge of Plaintiff's personal and moral character.

14.   Shane Nance



      KNOWLEDGE:   Mr. Nance has knowledge of Plaintiff's personal and moral character.  He also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

15.   Jimmy Mercer

      KNOWLEDGE:   Mr. Mercer has knowledge of Plaintiff's personal and moral character.

16.   Brittany Gross



> KNOWLEDGE:  Ms. Gross has knowledge of Plaintiff's personal and moral character.

17.   Mavis Hunt



> KNOWLEDGE:  Ms. Hunt has knowledge of Plaintiff's personal and moral character.

18.   Tim Slaton



> KNOWLEDGE:  Mr. Slaton has knowledge of Plaintiff's personal and moral character.  He also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

19.   Steven Stanford



> KNOWLEDGE:  Mr. Stanford has knowledge of Plaintiff's personal and moral character.  He also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

20.   Barbara Greer



> KNOWLEDGE:  Ms. Greer has knowledge of Plaintiff's personal and moral character.

21.     Tim Alberson



KNOWLEDGE:  Mr. Alberson has knowledge of Plaintiff's personal and moral character.

22.     Robyn McNabb



KNOWLEDGE:  Ms. McNabb has knowledge of Plaintiff's personal and moral character.  She also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

23.     Rebecca Anthony



KNOWLEDGE:  Ms. Anthony has knowledge of Plaintiff's personal and moral character.  She also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

24.     Chris Nutt



KNOWLEDGE:  Mr. Nutt has knowledge of Plaintiff's personal and moral character.

25.     Jay Kimery



KNOWLEDGE:  Mr. Kimery has knowledge of Plaintiff's personal and moral character.

26. Teresa Koon Waldon



KNOWLEDGE: Ms. Waldon has knowledge of Plaintiff's personal and moral character. She also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

27. Scott Feathers



KNOWLEDGE: Mr. Feathers has knowledge of Plaintiff's personal and moral character. He also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

28. James Ripley



KNOWLEDGE: Mr. Ripley has knowledge of Plaintiff's personal and moral character.

29. James Hockman



KNOWLEDGE: Mr. Hockman has knowledge of Plaintiff's personal and moral character.

30. Jonathan Boler



KNOWLEDGE: Mr. Boler has knowledge of Plaintiff's personal and moral character. He also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

31. Michelle Williams
(Address Unknown)

KNOWLEDGE: Ms. Williams has knowledge of Plaintiff's personal and moral character.

32. Jeffrey Lumpkin



KNOWLEDGE: Mr. Lumpkin has knowledge of Plaintiff's personal and moral character. He also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

33. Brian Hudspeth, Jr.



KNOWLEDGE: Mr. Hudspeth has knowledge of Plaintiff's personal and moral character.

34. Alanna Hardesty



KNOWLEDGE: Ms. Hardesty has knowledge of Plaintiff's personal and moral character.

35. Courtney Hughey



KNOWLEDGE: Ms. Hughey has knowledge of Plaintiff's personal and moral character. She also has knowledge of Plaintiff's injuries. She further has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

36.   Kelly Gamblin



KNOWLEDGE:   Ms. Gamblin has knowledge of Plaintiff's personal and moral character.

37.   Lisa Madru



KNOWLEDGE:   Ms. Madru has knowledge of Plaintiff's personal and moral character.   She also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

38.   Kelley McCallum

KNOWLEDGE:   Ms. McCallum has knowledge of Plaintiff's personal and moral character.

39.   James Houston



KNOWLEDGE:   Mr. Houston has knowledge of Plaintiff's personal and moral character.

40.   Brenda Nance

KNOWLEDGE:   Ms. Nance has knowledge of Plaintiff's personal and moral character.   She also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

41.    Larry Nance



**KNOWLEDGE:** Mr. Nance has knowledge of Plaintiff's personal and moral character. He further has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

42.    Brenda Pannell



**KNOWLEDGE:** Mr. Pannell has knowledge of Plaintiff's personal and moral character.

43.    Marion Autry



**KNOWLEDGE:** Ms. Autry has knowledge of Plaintiff's personal and moral character.

44.    Shannon Henderson



**KNOWLEDGE:** Ms. Henderson has knowledge of Plaintiff's personal and moral character. She also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

45.    Annie Faye Smith



**KNOWLEDGE:** Ms. Smith has knowledge of Plaintiff's personal and moral character. She also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

46.   Angie Hardin



KNOWLEDGE:  Ms. Hardin has knowledge of Plaintiff's personal and moral character.

47.   Charlie Cannon



KNOWLEDGE:  Mr. Cannon has knowledge of Plaintiff's personal and moral character.

48.   Catina Bennett Isbell



KNOWLEDGE:  Ms. Isbell has knowledge of Plaintiff's personal and moral character.

49.   Donna Hopkins



KNOWLEDGE:  Ms. Hopkins has knowledge of Plaintiff's personal and moral character.

50.   Glenn Collins

KNOWLEDGE:  Mr. Collins has knowledge of Plaintiff's personal and moral character.

51. Linda Mannon



KNOWLEDGE: Ms. Mannon has knowledge of Plaintiff's personal and moral character.

52. Peggy Lumpkin



KNOWLEDGE: Ms. Lumpkin has knowledge of Plaintiff's personal and moral character.

53. Tyler Marcum



KNOWLEDGE: Mr. Marcum has knowledge of Plaintiff's personal and moral character.

54. Julie Hernandez



KNOWLEDGE: Ms. Hernandez has knowledge of Plaintiff's personal and moral character.

55. Amanda Mills



KNOWLEDGE: Ms. Mills has knowledge of Plaintiff's personal and moral character.

56.  Stacy Britt



KNOWLEDGE:  Ms. Britt has knowledge of Plaintiff's personal and moral character.  She also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

57.  Cynthia Shaw King



KNOWLEDGE:  Ms. King has knowledge of Plaintiff's personal and moral character.

58.  Kirsten Hopkins



KNOWLEDGE:  Ms. Hopkins has knowledge of Plaintiff's personal and moral character.

59.  Jennifer Stephens



KNOWLEDGE:  Ms. Stephens has knowledge of Plaintiff's personal and moral character.

60.  Shaun Waldrop



KNOWLEDGE:  Mr. Waldrop has knowledge of Plaintiff's personal and moral character.  He also has knowledge of the mental anxiety and stress suffered by Plaintiff as a direct result of the actions of Defendant Mason.

61. Chad Cummings



   KNOWLEDGE: Mr. Cummings has knowledge of being the investigating agent.

62. Brenda Crumpton

   KNOWLEDGE: Ms. Crumpton has knowledge of the incident which occurred at her residence on June 6, 2017 between Plaintiff and Defendant Mason. She also has knowledge of making the statement that she pulled up in her vehicle as Defendant Mason was beating Plaintiff and that she made Defendant Mason stop before he killed Plaintiff. She also has knowledge of making the statement that Plaintiff had done nothing wrong.

63. Amanda Mason
    (Address Unknown)

   KNOWLEDGE: Ms. Mason has knowledge of the incident which occurred at her residence on June 6, 2017 between Plaintiff and Defendant Mason. She also has knowledge of Defendant Mason's having beaten her in the past, and her attempt to obtain law enforcement assistance from Defendant Tippah County.

64. Karl Gaillard
    Currently Employed by Defendant Tippah County

   KNOWLEDGE: Mr. Gaillard has knowledge of failing to correct Defendant Mason for previous acts of assault, as well as failing to correct Defendant Mason for his steroid use. He also has knowledge of Tippah County Sheriff's Department's policies regarding the incarceration of injured individuals.

65. James Page
    (Address Unknown)

   KNOWLEDGE: Mr. Page has knowledge of Tippah County Sheriff's Department's policies regarding the incarceration of injured individuals.

66.     Any individual identified by any witness during depositions or by any of the parties in discovery responses or by the submission of affidavits.

**B.     RELEVANT DOCUMENTS:**

Pursuant to Uniform Local Rule 26(a)(1) and Fed.R.Civ.P. 26(a)(1)(A)(ii), Plaintiff attaches hereto a copy of all documents, electronically stored information, and tangible things that Plaintiff has in his possession, custody, or control and may use to support his claims or defenses.

1.
2.
3.
4.
5.
6.
7.
8.
9.
10.



**C.    DAMAGES:**

Pursuant to Uniform Local Rule 26(a)(1) and Fed.R.Civ.P. 26(a)(1)(A)(iii), Plaintiff

provides the following computation of each category of damages to which he is entitled:



**D.    Any insurance agreement under which any person may be liable to satisfy part or all of a judgment entered.**

Not applicable.

**RESPECTFULLY SUBMITTED**, this the 9th day of October, 2018.

                    MCLAUGHLIN LAW FIRM

          By:    /s R. Shane McLaughlin
                 R. Shane McLaughlin (Miss. Bar No. 101185)
                 338 North Spring Street, Suite 2
                 P.O. Box 200
                 Tupelo, Mississippi 38802
                 Telephone:   (662) 840-5042
                 Facsimile:   (662) 840-5043
                 E-mail: rsm@mclaughlinlawfirm.com

                 ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that I have this day served this document on the following persons by electronic mail as addressed as follows:

**Jim Waide**
**Rachel Pierce Waide**
**Waide & Associates, P.A.**
**Post Office Box 1357**
**Tupelo, Mississippi 38802**
**waide@waidelaw.com**

**Daniel Griffith**
**Arnold Luciano**
**Jacks Griffith Luciano, P.A.**
**Post Office Box 1209**
**Cleveland, Mississippi 38732**
**dgriffith@jlpalaw.com**
**aluciano@jlpalaw.com**

**William Allen**
**Katelyn Riley**
**Allen, Allen, Breeland & Allen, PLLC**
**Post Office Box 751**
**Brookhaven, Mississippi 39602**
**wallen@aabalegal.com**
**kriley@aabalegal.com**

**THIS** the 9th day of October, 2018.

/s R. Shane McLaughlin