IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES ALLEN HUGHEY                                                                          PLAINTIFF

VS.                                                                 CIVIL ACTION NO. 3:18cv4-NBB-RP

TIPPAH COUNTY, MISSISSIPPI,
TOMMY MASON, in his Individual
Capacity, and "X" BONDING COMPANY                                                         DEFENDANTS

## ORDER DENYING STAY OF DISCOVERY

This matter is before the court on the defendant Tommy Mason's Motion for Stay requesting a stay of all discovery not related to his qualified immunity defense. Docket 44. The court finds the motion is not well taken and should be denied.

The court previously stayed all discovery pursuant to Local Uniform Civil Rule 16(b)(3)(B) after Mason filed his first motion for judgment on the pleadings asserting a qualified immunity defense. The plaintiff James Allen Hughey sought leave to conduct qualified immunity-related discovery, which Mason opposed, and which the court denied. The court also denied Mason's motion for judgment on the pleadings as presented and required Hughey to file a *Schultea* reply. After Hughey did so, Mason again moved for judgment on the pleadings based on qualified immunity. The court found that Hughey sufficiently alleged facts to overcome Mason's claim of qualified immunity, denied Mason's motion for judgment on the pleadings, and stated, "Hughey's § 1983 claim, therefore, may proceed to discovery." Docket 39. Mason now seeks a stay of all discovery not related to his qualified immunity defense.

Although Mason brings his motion under the auspices of Local Rule 16(b)(3)(B), that rule provides him no support. It states that a motion asserting a qualified immunity defense stays all discovery pending a ruling on the motion, including any appeal. In this case, Mason's

second motion for judgment on the pleadings was denied, after which the stay was lifted, and there is no pending motion asserting a qualified immunity defense that would trigger a discovery stay under the rule.

Mason argues that Fifth Circuit jurisprudence mandates limited qualified immunity-related discovery when the court finds a plaintiff has met the heightened pleading standard required to overcome qualified immunity and the court is nonetheless unable to rule on the asserted qualified immunity defense pending development of related facts. However, that is not the case here, where Mason's motion asserting qualified immunity was denied. The Fifth Circuit established the limited discovery procedure for those cases where the court *defers* ruling on the claim of qualified immunity. The very cases cited by Mason bear this out. *See Hinojosa v. Livingston*, 807 F.3d 657, 661 (5th Cir. 2015) (trial court deferred ruling on motion to dismiss asserting qualified immunity); *Webb v. Livingston*, 618 Fed.Appx. 201, 204 (5th Cir. 2015) (trial court deferred and carried motion to dismiss asserting qualified immunity); *Backe v. LeBlanc*, 691 F.3d 645, 647 (5th Cir. 2012) (trial court refused to rule on motion to dismiss asserting qualified immunity pending discovery); *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995) (motion to dismiss asserting qualified immunity remained pending); *Lion Boulos v. Wilson*, 834 F.2d 504, 506 (5th Cir. 1987) (trial court did not rule on motion asserting qualified immunity).

Mason argues that the limited discovery procedure is required because the court found only that Hughey alleged sufficient facts to support an excessive force claim and did not make a final ruling on the applicability of Mason's qualified immunity defense. Mason emphasizes the court's statement that it "is mindful that discovery may reveal that Hughey's version of the underlying facts is not entirely accurate." To the extent Mason suggests this means the court

deferred ruling on Mason's claim of qualified immunity, Mason is mistaken. The court denied Mason's motion. The court's reference to what discovery may reveal -- and to the court's limited inquiry "at this stage" -- was merely an acknowledgment that Mason may raise the qualified immunity defense again at a successive stage, i.e., in a motion for summary judgment. *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996) (stating Supreme Court precedent "clearly contemplated that [defendant] could raise the [qualified immunity] defense at successive stages") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Mason argues the court's denial of his motion for judgment on the pleadings in no way negates his right to a stay, even in the absence of a pending motion asserting qualified immunity. Mason is again mistaken. This court's discovery procedure when qualified immunity is asserted is governed by the local rule, which states "a motion asserting an immunity defense . . . must be raised by a separate motion." L.U.Civ.R. 16(b)(3)(A). This rule "requires that immunity defenses be asserted in a motion separate from the answer." *Salcido v. University of Southern Mississippi*, No. 2:11-CV-173-KS-MTP, 2013 WL 1837850, *1 (S.D. Miss. May 1, 2013). The filing of such a motion stays all discovery "pending the court's ruling on the motion, including any appeal." L.U.Civ.R. 16(b)(3)(B). The court having denied Mason's motion, which he did not appeal, under the rule discovery may proceed as the court ordered when denying the motion. Unless and until Mason files a motion asserting qualified immunity at a successive stage, he has no right to a stay.

Mason complains that in response to a motion for summary judgment Hughey would simply argue that discovery is necessary to respond to the same. That is precisely what the rule contemplates. "Whether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion are decisions

committed to the discretion of the court, upon a motion by any party seeking relief." L.U.Civ.R. 16(b)(3)(B).   A motion for summary judgment asserting qualified immunity would stay discovery, whereupon the court could permit discovery on issues related to the motion if a party were to move for that relief.   Mason's argument that this procedure would render his potential summary judgment motion futile is unpersuasive.

      Tommy Mason's Motion for Stay is DENIED.

      SO ORDERED, this, the 20th day of November, 2018.

                                  /s/ Roy Percy
                                  UNITED STATES MAGISTRATE JUDGE