IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                                     **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 3:18cv00004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI, et al.**                         **DEFENDANTS**

## ORDER DENYING MOTION TO LIFT STAY

Plaintiff, James Allen Hughey, seeks to lift the stay so that he may continue to prosecute the case. Plaintiff asserts that "[t]here is simply no way to know when the criminal prosecution is likely to conclude." Docket 86, p. 1. Defendants assert, "[u]pon good faith information and belief," that the pending criminal proceeding will be set for November 2022 if the parties do not negotiate a plea deal soon. Docket 87, p. 2.

District Courts in the Fifth Circuit consider the following factors to determine whether to stay a case pending the resolution of a parallel criminal proceeding: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Alcala v. Tex. Webb. Cnty.*, 625 F. Supp.2d 391, 398-99 (S.D. Tex. 2009). Courts may use the same factor-based balancing test to determine whether lifting a stay is appropriate. *See Billiot v. Beavers*, 2015 WL 4397108, at *4 (E.D. La. 2015).

Plaintiff's state court indictment is the subject matter of this litigation. Failure to stay a parallel civil action may undermine a criminal defendant's Fifth Amendment privilege against

1

self-incrimination and subject the defendant to other prejudices. *Alcala*, 625 F. Supp.2d at 400. Therefore, the first factor favors the stay.

Plaintiff has been indicted in state court, and the state court defense attorney and district attorney both believe the criminal proceeding will be resolved at some point in 2022. ECF #86 at 1; ECF #87 at 2. The second factor weighs in favor of the stay.

Plaintiff expressed his interest in proceeding by filing his Motion to Lift Stay, so the third factor weighs against the stay.

As to the private interests of and burden on the defendants, their ability to obtain discovery from the plaintiff and prepare their defense will be impaired while the criminal charge remains pending. This factor weighs in favor of upholding the stay.

A stay of indefinite duration may interfere with a court's obligation to manage its docket. *Alcala*, 625 F. Supp.2d at 407. The exact date the criminal proceeding will be resolved is uncertain, but as discussed in weighing the second factor, it appears the proceeding will be resolved before the end of 2022.

Finally, "[a]dministrative policy gives priority to the public interest in law enforcement." *Billiot*, 2015 WL 4397108 at *4 (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). Because prosecution of alleged wrongdoing is the predominant interest, the sixth factor weighs in favor of the stay.

The court also notes that Plaintiff states that his strategy in the criminal proceeding is to allow continuing delay, and the defendants aver that the continuances in that proceeding have been granted at the joint request of the DA and Plaintiff. Plaintiff himself preferring and requesting that his criminal prosecution be delayed, his request that the stay in this case be lifted due to that delay is essentially a request that he be permitted to "have his cake and eat it too."

Taken as a whole, the factors clearly weigh in favor of upholding the stay pending resolution of the state court criminal proceeding in which Plaintiff is a defendant. Plaintiff's Motion to Lift Stay is DENIED.

SO ORDERED, this, the 12th day of September, 2022.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE