### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                                               **PLAINTIFF**

**VERSUS**                                                **CIVIL ACTION NO: 3:18CV4-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                                               **DEFENDANTS**

---

### PLAINTIFF'S OPPOSED RENEWED MOTION TO LIFT STAY

---

Plaintiff James Allen Hughey files this his Opposed Renewed Motion to Lift Stay, showing the Court the following:

1. This civil action seeks damages because Defendant Tommy Mason, a Tippah County deputy sheriff, beat Hughey nearly to death. Suit was filed on January 4, 2018 [1]. Within a few weeks after Hughey filed this suit, Hughey was served with a state court Indictment. *See* Indictment, Exhibit "1."

2. Because of the Indictment, this case has now been stayed for four (4) years. *See* Order Granting Motion to Stay, dated January 29, 2019 [72], and *see* Order Denying Motion to Lift Stay, on September 12, 2022, [88].

3. Because this case has been stayed for four (4) years and because it appears that the State is avoiding trying the criminal case, the undersigned entered the criminal case for Hughey on February 1, 2023. *See* Notice of Attorney Appearance in Tippah County Circuit Court, Cause No. TI2017-163, attached hereto as Exhibit "2."

00373680.WPD

4.      On February 2, 2023, the undersigned, in the criminal case filed a Motion to Take Depositions of physicians, in Tippah County Circuit Court, Cause No. TI2017-163, attached hereto as Exhibit "3."

5.      The State opposed the Motion to Take Depositions, but orally requested that the circuit court order a mental examination. The circuit court denied Hughey's Motion to Take Depositions, *see* Exhibit "4," but granted the State's motion for a mental examination. *See* Exhibit "5."

6.      The criminal case is set for trial on May 3, 2023. Exhibit "6." That setting, however, is meaningless. Mental examinations often take years to complete. The State never sought to have Hughey undergo a mental examination until undersigned counsel entered the criminal case. The State opposed the taking of medical depositions which would demonstrate the life-endangering injuries inflicted upon Hughey by Defendant Mason.

7.      This Court's Order Denying Motion to Lift Stay of September 12, 2022 [88], cited several reasons for denying the lifting of the stay. The factors given by this Court for its earlier denial of the Motion to Lift Stay are not applicable under the present facts.

**Factor A**

In its Order Denying Motion to Lift Stay, this Court found "[f]ailure to stay a parallel civil action may undermine a criminal defendant's Fifth Amendment privilege against self-incrimination and subject the defendant to other prejudices." Order Denying Motion to Lift Stay, pp. 1-2 [88]. In fact, Hughey has no intention of taking the Fifth Amendment, either in the criminal case or the civil case. Hughey has no memory of the event, such that there would be no reason for him to take the Fifth Amendment.

**Factor B**

This Court found that "the state court defense attorney and district attorney both believe the criminal proceeding will be resolved at some point in 2022." Order Denying Motion to Lift Stay, p. 2 [88]. The criminal case, in fact, was not resolved in 2022. Furthermore, although the case is set for May 3, 2023, the case will likely not be resolved on that date. The State has successfully delayed the criminal case for four (4) years. With the State's obtaining an order for a mental examination, the case will likely be again delayed.

This Court also found that Defendants' "ability to obtain discovery from the plaintiff and prepare their defense will be impaired. . . ." Order Denying Motion to Lift Stay, p. 2 [88]. This finding is not correct. Hughey produced disclosures on October 9, 2019 [43], attached hereto as Exhibit "7.[1]" Hughey has never declined to be deposed or otherwise cooperate in discovery, and will not take the Fifth Amendment. To the contrary, Hughey has always been willing to cooperate in discovery.

**Factor C**

This Court's Order also observed "[a]dministrative policy gives priority to the public interest in law enforcement." This Court further stated that "prosecution of alleged wrongdoing is the predominant interest. . . ." Order Denying Motion to Lift Stay, p. 2 [88]. The most serious wrongdoing is Defendant Mason's brutal beating of Hughey. Hughey's medical records and Defendant Mason's's lack of any alternative explanation for the life-threatening injuries inflicted upon Hughey, gives the State little excuse for not bringing aggravated assault charges against Mason.

---

[1] Hughey attaches here the pre-discovery disclosure of core information document itself, without the accompanying attachments, as the number of pages, with relevant documents, totals 647 pages.

The State, however, has not brought charges of any kind against Mason. The most likely way to correct the wrongdoing here is for this Court to allow this case to proceed such that Hughey could then turn over the information which he gathers in discovery to the Federal Bureau of Investigations.

### Factor D

This Court also found in its previous order that both the State and Hughey prefer the prosecution be delayed. Order Denying Motion to Lift Stay, p. 2 [88]. Unfortunately, the parties must have given this Court a mis-impression. Neither Hughey, nor his court-appointed conservator, have ever expressed to undersigned counsel that they authorized any delay of the criminal trial. To the contrary, Hughey and his court-appointed conservator state they have informed their previous state court counsel that they wanted to go to trial, but state court counsel advised that Hughey should plead guilty. When Hughey refused to plead guilty, the case has been continued for these many years.

8. Defense counsel Arnold Luciano opposes lifting the stay.

9. Because this Motion is self-explanatory, Hughey respectfully requests to be relieved of submitting a supporting memorandum.

### REQUEST FOR RELIEF

Plaintiff James Allen Hughey, therefore, requests that this Court lift the stay.

RESPECTFULLY SUBMITTED, this the 22nd day of February, 2023.

                        JAMES ALLEN HUGHEY, Plaintiff

By:   */s/ JIM WAIDE*
      Jim Waide, MS Bar No. 6857
      WAIDE & ASSOCIATES, P.A.
      332 North Spring Street
      Tupelo, MS  38804-3955
      Post Office Box 1357
      Tupelo, MS  38802-1357
      Telephone:  (662) 842-7324
      Facsimile:  (662) 842-8056
      Email:  waide@waidelaw.com
              jdw@waidelaw.com

      R. Shane McLaughlin, MS Bar No. 101185
      MCLAUGHLIN LAW FIRM
      P.O. Box 200
      Tupelo, MS  38802-0200
      Telephone: 662/840-5042
      Facsimile: 662/840-5043
      Email:  rsm@mclaughlinlawfirm.com
              nhm@mclaughlinlawfirm.com
              ecf@mclaughlinlawfirm.com

      ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

      This will certify that undersigned counsel for Plaintiff has this day served a true and correct copy of the above and foregoing **Plaintiff's Opposed Motion to Lift Stay** upon all counsel of record via electronic mail, addressed as follows:

**William R. Allen, Esq.**
**Katelyn Adele Riley, Esq.**
**Allen, Allen Breeland & Allen**
**P.O. Box 751**
**Brookhaven, MS 39601-0751**
wallen@aabalegal.com
swilson@aabalegal.com
kwallace@aabalegal.com
kriley@aabalegal.com

**Daniel J. Griffith, Esq.**
**Arnulfo Ursua Luciano**
**Jacks Griffith Luciano, P.A.**
**P.O. Box 1209**
**Cleveland, MS 38732**
dgriffith@jlpalaw.com
aluciano@jlpalaw.com
vsmith@jlpalaw.com
nmelton@jlpalaw.com
mhankins@jlpalaw.com
mpowell@jlpalaw.com
jjacks@jlpalaw.com

DATED, this the 22nd day of February, 2023.

                                              */s/ JIM WAIDE*
                                              JIM WAIDE