IN THE CIRCUIT COURT OF TIPPAH COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

v.   CAUSE NO. TK2017-163

JAMES ALLEN HUGHEY   DEFENDANT

### ORDER TO EXAMINE DEFENDANT'S MENTAL CONDITION

This cause came before the Court on the *ore tenus* motion of the State of Mississippi for an order to examine Defendant's mental condition. The Court, having considered the motion, has reasonable grounds to believe that Defendant is mentally incompetent and should submit to a mental examination.

IT IS THEREFORE ORDERED as follows:

Defendant shall be examined by a competent psychiatrist and/or psychologist to determine whether he is mentally competent. Specifically, Defendant shall be examined on an outpatient basis to determine whether he/she has the ability to:

1. perceive and understand the nature of the proceedings;
2. communicate rationally with his attorney about the case;
3. recall relevant facts related to his case; and
4. testify in his own defense, if appropriate.

Additionally, Defendant shall be examined by a competent psychiatrist and/or psychologist to determine his mental condition at the time of the alleged offense.

Defendant's privileges regarding confidentiality of his medical, psychiatric, psychological, educational, employment, court, and arrest records are waived to the extent reasonably necessary to determine Defendant's mental competency and mental condition at the time of the alleged offense, including discussion with the Defendant's treating physicians.

If the assigned psychiatrist and/or psychologist believe that (1) Defendant cannot be examined on an outpatient basis, (2) examination in an outpatient setting is unavailable, or (3) commitment for examination is indispensable to a clinically validly diagnosis and report, then Defendant shall be committed, for however long deemed reasonably necessary by the assigned psychiatrist and/or psychologist, to the Mississippi State Hospital or other appropriate facility to conduct the examination. If Defendant is committed, he shall receive and undergo any and all



reasonably necessary treatment, regardless of whether he consents, and authorization for such treatment is specifically ordered.

Within thirty (30) days of the entry of this order, Defendant's attorney shall submit all available medical and criminal history of Defendant to the assigned psychiatrist and/or psychologist, including:

1. a copy of this order and copies of all related motions, exhibits, and materials;
2. a completed patient information form required the Mississippi State Hospital or other appropriate facility;
3. information concerning the alleged offense, including:
   a. the indictment;
   b. reports made by law enforcement officers;
   c. statements made by witnesses, victims, and Defendant; and
   d. all other discovery material;
4. medical, psychiatric, and psychological records of Defendant, including reports and files of any psychiatrist and/or psychologist who previously examined Defendant;
5. educational and employment records of Defendant;
6. prior court records of Defendant, including youth court records;
7. prior arrest records of Defendant, including NCIC and FBI records;
8. a statement from a jail representative describing Defendant's behavior in jail and copies of all jail records relating to Defendant's behavior, status, incidents, treatment, and medication during his/her incarceration; and
9. the names and contact information of at least two family members, teachers, employers, or friends who may provide a more detailed personal and social history of Defendant.

Defendant's attorney shall file a certificate of compliance with the Court documenting that all available medical and criminal history of Defendant were timely submitted to the assigned psychiatrist and/or psychologist.

Upon completion of Defendant's examination, the assigned psychiatrist and/or psychologist shall prepare a written report stating his/her opinion as to whether Defendant is competent and the basis for the opinion. The report shall also include additional findings and

opinions concerning whether Defendant's mental condition creates a present danger to himself/herself or others.

If the assigned psychiatrist and/or psychologist believe that Defendant is incompetent, the report shall also state:

1. the condition causing Defendant's incompetency and the nature thereof:
2. the treatment, if any, required for Defendant to attain competency;
3. the most appropriate form and place of treatment, in view of Defendant's therapeutic needs and potential danger to himself/herself or others, and an explanation of appropriate treatment alternatives;
4. the likelihood of Defendant attaining competency under treatment and the probable duration of the treatment; and
5. the availability of the various types of acceptable treatment in the local geographic area, specifying the agencies or the setting in which the treatment might be obtained and whether the treatment would be available on an outpatient basis.

Additionally, the report shall state the assigned psychiatrist and/or psychologist's opinion of Defendant's mental condition at the time of the alleged offense.

If the assigned psychiatrist and/or psychologist believe that Defendant suffered from a mental disease or defect at the time of the alleged offense, the report shall also state whether such mental disease or defect had any relation to the alleged offense, including:

1. whether Defendant knew the nature and quality of his actions;
2. if Defendant knew the nature and quality of his/her actions, whether Defendant knew that the actions were wrong; and
3. any other matters the assigned psychiatrist and/or psychologist deem appropriate.

The assigned psychiatrist and/or psychologist shall file the report with the Clerk within ten working days of completing Defendant's examination.

Upon receipt of the report, the Clerk shall (1) file the report under seal and (2) distribute a copy of it to the Court and Defendant's counsel; the Clerk may distribute the report electronically. The Clerk shall notify the State upon distributing the report to the Court and Defendant's counsel.

If Defendant's counsel wishes to redact any statements of Defendant, or summaries thereof, concerning the offense charged that are contained in the report, he/she shall (1) redact

such statements or summaries and (2) return a redacted copy of the report to the Clerk **within five (5) working days of receiving the report.** Defendant's counsel shall also serve a redacted copy of the report on the State at the time he/she returns a redacted copy to the Clerk. If Defendant's counsel does not return a redacted copy of the report to the Clerk within five (5) working days of receiving the report, the Clerk shall copy and distribute an unredacted copy of the report to the State.

**The Mississippi State Hospital shall notify the Defendant's attorney, James D. Waide, 332 N. Spring Street, Tupelo, MS 38804, (662) 842-7324, waide@waidelaw.com, of the date Defendant's examination is scheduled. The Defendant shall self-report to the Mississippi State Hospital as requested by the assigned psychiatrist and/or psychologist for purposes of Defendant's examination.**

Costs and expenses occurred in connection with Defendant's examination shall be paid by Tippah County.

SO ORDERED, this the 14th day of February, 2023.

_____
CIRCUIT COURT JUDGE

/s/ Thad J. Mueller
THAD J. MUELLER, MB#10058
Assistant District Attorney
102 N. Camp Ave.
New Albany, MS 38652
(662) 816-8371
E-Mail: tmueller@thirdcircuitmsda.com

FILED THIS 14th DAY OF February 2023
RANDY GRAVES, CIRCUIT CLERK
BY Janelle Benefield DC

