IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ALLEN HUGHEY**                                              **PLAINTIFF**

**VS.**                                                             **CIVIL ACTION NO. 3:18cv00004-NBB-RP**

**TIPPAH COUNTY, MISSISSIPPI, et al.**                             **DEFENDANTS**

### ORDER DENYING PLAINTIFF'S RENEWED MOTION TO LIFT STAY

This matter is before the court on the Plaintiff's Opposed Renewed Motion to Lift Stay. ECF #91. The defendants oppose the motion. The court finds the motion is not well taken and should be denied.

The plaintiff brought this action under section 1983 against Tippah County, Mississippi and Tommy Mason seeking recovery for damages the plaintiff allegedly sustained in a beating at the hands of Tommy Mason, a Tippah County Sheriff's deputy, after knocking at the door of a home where the plaintiff believed his ex-girlfriend resided. While this litigation was pending, the plaintiff was indicted in the Tippah County Circuit Court on a felony charge of burglary of a dwelling in connection with the incident that is the subject of this action. Thereafter, on January 29, 2019 and at the parties' joint *ore tenus* request, the court stayed this case pending resolution of the criminal proceedings. ECF #72.

On August 19, 2022 the plaintiff moved to lift the stay, stating that his criminal defense attorney's strategy was to allow continuing delay of the criminal case and that the plaintiff was uncertain when the criminal case would be concluded. The defendants opposed the plaintiff's motion to lift the stay, arguing the pending criminal case would hinder the parties' ability to conduct discovery in this action and to prepare their respective cases for trial. For instance, the

1

defendants argued, their ability to conduct meaningful discovery of the plaintiff would be stymied by his Fifth Amendment right not to provide testimony that could possibly be used against him in the criminal case. The court agreed with the defendants and denied the plaintiff's motion. ECF #88.

The plaintiff now renews his motion to lift the stay in this case. One of the plaintiff's attorneys in this case now represents the plaintiff in the criminal case as well. He contends that the state has intentionally delayed the prosecution of the criminal case from its outset, including most recently by obtaining an order requiring the plaintiff to undergo a mental competency examination, which counsel contends will delay the criminal case indefinitely. Counsel states that the ongoing criminal proceedings will not hinder discovery in this action because the plaintiff will cooperate in discovery and has no intention of invoking his Fifth Amendment right not to testify.[1]

In response to the plaintiff's motion, the defendants state that the trial of the criminal case has been continued a number of times due to the circuit court's COVID-19 pandemic-related backlog of cases and at the request of both the state and the plaintiff's prior defense attorney -- not at the unilateral request of the state as the plaintiff's current counsel suggests. Further, the defendants argue, the mental competency exam ordered in the criminal case is necessary to determine whether the plaintiff is even competent to waive his Fifth Amendment right not to testify as his counsel states he intends to do. The court agrees with the defendants.

District Courts in the Fifth Circuit consider the following factors to determine whether to stay a case pending the resolution of a parallel criminal proceeding: (1) the extent to which the

---

[1] Counsel also states that the plaintiff now has a court-appointed conservator, and yet no motion to substitute the conservator as the proper plaintiff has been filed in this case. The court will address this further below.

2

issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the criminal defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Alcala v. Tex. Webb. Cnty.*, 625 F. Supp.2d 391, 398-99 (S.D. Tex. 2009). Courts may use the same factor-based balancing test to determine whether lifting a stay is appropriate. *See Billiot v. Beavers*, No. 12-2946, 2015 WL 4397108, at *4 (E.D. La. 2015). These factors continue to weigh in favor of leaving the stay of this case in place.

It appears there is significant overlap of the issues in this case and the criminal case, in which the plaintiff has been indicted on a charge of burglary of a dwelling in connection with the incident that is the subject of this action. Failure to stay a parallel civil action may undermine a criminal defendant's Fifth Amendment privilege against self-incrimination and subject the defendant to other prejudices. *Alcala*, 625 F. Supp.2d at 400. Although plaintiff's counsel asserts the plaintiff intends to waive his Fifth Amendment rights, the plaintiff's competency to do that is one of the very subjects of the mental competency exam ordered in the criminal case. *See* Order to Examine Defendant's Mental Condition, ECF #91-5. This weighs heavily in favor of leaving the stay in this case in place.

An additional concern of the court – and one not yet addressed by the parties or the court – is the extent, if any, to which the plaintiff's claims in this case may implicate the validity of the criminal proceedings against him. Under the *Colorado River* abstention doctrine, a federal court may decline to adjudicate a controversy for reasons of wise judicial administration when there is a state court proceeding with concurrent jurisdiction. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817-18, 96 S.Ct. 1236, 47 L.Ed.483 (1976). Citing this doctrine,

the Supreme Court in *Heck v. Humphreys* stated, "For example, if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state court proceedings." 512 U.S. 477, 487 n.8, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The Fifth Circuit has instructed that following *Heck*, "district courts should stay § 1983 cases that may implicate the validity of pending criminal proceedings until those underlying proceedings have run their course." *Gates v. Strain,* 885 F.3d 874, 883 (5th Cir. 2018).

      In the present case, the court is uncertain of the extent to which the plaintiff's claims may implicate the validity of the pending criminal proceedings or the extent to which a conviction in the criminal case may affect the viability of the plaintiff's claims in this case. At the very least, it would seem relevant to the plaintiff's claim of excessive force in this case – and the defenses thereto -- whether he was breaking and entering a dwelling when he was allegedly beaten by Deputy Mason. Given the court's uncertainty in these regards, "[t]he court may – indeed should – stay proceedings in the section 1983 case until the pending criminal case has run its course, as until that time it may be difficult to determine the relation, if any, between the two." *Mackey v. Dickson,* 47 F.3d 744, 746 (5th Cir. 1995).

      As it did previously, the court acknowledges the plaintiff's private interest in proceeding expeditiously with this action. Likewise, the court again acknowledges the discovery-related burden on the defendants of proceeding with this case while the criminal case remains pending.

      As to the court's interest, it is certainly true that a stay of indefinite duration may interfere with the court's obligation to manage its docket. *Alcala*, F.Supp.2d at 407. However, once the plaintiff's mental competency examination is complete, and if he is then deemed competent to stand trial on the criminal charge, presumably the plaintiff's current defense

4

counsel, who disavows prior counsel's strategy of delay, will demand the speedy trial to which the plaintiff is entitled.

Finally, as to the public's interest, "[a]dministrative policy gives priority to the public interest in law enforcement." *Billiot*, 2015 WL 4397108, at *4 (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). Because the prosecution of alleged criminal wrongdoing is the predominant interest, this factor continues to weigh in favor of the stay.

To the extent the court need address the plaintiff's request – stated for the first time in his reply brief – for an evidentiary hearing to examine the plaintiff's medical records and to hear other evidence, the court believes such a hearing is unnecessary and would be unhelpful to the court's examination of the relevant factors. After careful consideration of those factors, the court concludes that the stay of this case should remain in place pending resolution of the related criminal proceeding.

The court must also address the fact that the plaintiff now has a court-appointed conservator who, under Mississippi law, may be appointed for an adult only upon a finding by clear and convincing evidence that the adult "is unable to manage property or financial affairs." Miss. Code Ann. § 93-20-401(2)(a). Under the Federal Rules of Civil Procedure, a conservator may sue on behalf of an incompetent person. FED.R.CIV.P. 17(c)(1)(C). However, if an incompetent person in an action is unrepresented by a conservator or other like fiduciary, the court must appoint a guardian ad litem – or issue another appropriate order – to protect the person. FED.R.CIV.P. 17(c)(2). As such, the court will order the plaintiff and plaintiff's counsel to move for the substitution of the plaintiff's conservator as the proper plaintiff in this action, or to show cause why the court should not order such a substitution *sua sponte* or appoint a guardian ad litem for the plaintiff.

5

THEREFORE, IT IS ORDERED that the Plaintiff's Opposed Renewed Motion to Lift Stay (ECF #91) is DENIED, and that the defendants' Joint Motion for Leave to File Surreply (ECF #94) is DENIED AS MOOT.

IT IS ORDERED, FURTHER, that no later than 14 days after the entry of this order, the plaintiff and plaintiff's counsel must either (a) move for the substitution of the plaintiff's conservator as the proper plaintiff in this action in accordance with Federal Rule of Civil Procedure 25, or (b) SHOW CAUSE why the court should not order such a substitution *sua sponte* or appoint a guardian ad litem for the plaintiff. If the plaintiff and his counsel fail to so move or show cause as required by this order, the court will initiate proceedings to substitute the plaintiff's conservator as the proper plaintiff or to appoint a guardian ad litem for the plaintiff at the plaintiff's expense.

SO ORDERED, this, the 20th day of March, 2023.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE