IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KAREN HUGHEY,**
**Conservator for James Allen Hughey**                                      **PLAINTIFF**

V.                                         CIVIL ACTION NO.: 3:18-CV-0004-GHD-RP

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMMY MASON, in His Individual Capacity,**                      **DEFENDANTS**

### TOMMY MASON'S MEMORANDUM OF
### AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT
### ON THE PLEADINGS BASED ON QUALIFIED IMMUNITY

Comes now, Defendant, Tommy Mason ("Deputy Mason"), in his individual capacity, by and through counsel, and pursuant to Rule 12(c) of the Mississippi Rules of Civil Procedure, respectfully submits his Memorandum of Authorities in Support of Motion for Judgment on the Pleadings Based on Qualified Immunity, as follows:

### INTRODUCTION

This matter arises out of a burglary committed by James Hughey ("Hughey") and allegations that Deputy Mason used excessive force. *See CM/ECF Doc. No. 112*. However, the Plaintiff has failed to sufficiently plead a factual basis for a claim of excessive force against Deputy Mason in his individual capacity. Accordingly, the claims against Deputy Mason should be dismissed by the Court, or in the alternative, the Court should require Plaintiff to submit a *Schultea* Reply.

### FACTUAL BACKGROUND

According to Plaintiff's First Amended Complaint, on June 6, 2017, Hughey "went to a home where his ex-girlfriend[,] Brenda Crumpton[,] *formerly* resided." *See CM/ECF*

*Doc. No. 112*. (emphasis added). However, the home was "occupied" by Amanda Mason, her child, and her father. *Id*. Plaintiff does not allege that Hughey knew the occupants, had been invited to visit by the occupants, requested to enter the home, or even knocked on the door to the home. Despite all this, the Plaintiff admits Hughey "entered Amanda Mason's home." *Id*.

Plaintiff alleges that Amanda Mason called her ex-husband, Deputy Mason, who subsequently "arrived on the scene and kicked and beat" the Plaintiff. *Id*. However, no other facts are alleged by the Plaintiff concerning the alleged improper use of force. *Id*. Rather, the Plaintiff claims that due to "a number of serious medical conditions," Hughey "sometimes" becomes "disoriented and… unaware of where he is or what he is doing." *Id*. In fact, the Plaintiff claims that when Hughey entered Amanda Mason's home, he was "in a confused state[.]" *Id*.

Notably, Hughey was arrested on the scene and taken to the Tippah County jail, where he was placed in the drunk tank as he smelled of alcohol. *Id*. Subsequently, Hughey was indicted for burglary of Amanda Mason's home. *Id*. Recently, Hughey plead guilty to the charge as indicted. *Id*.

**ARGUMENT**

Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional

2

right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Qualified immunity shields "law enforcement officers from the burdens of fighting lawsuits which arise from the good-faith performance of their duties. *Wren*, 130 F.3d at 1159. Since it is "immunity from suit altogether," it "must be settled at the earliest possible point in litigation." *Id*. (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (recognizes "an entitlement not to stand trial or face the other burdens of litigation . . . .")).

Again, "a plaintiff seeking to overcome qualified immunity must plead **specific facts** that both allow the court to draw the reasonable inference that **the defendant** is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648 (emphasis added). "This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Baker*, 75 F.3d at 194.

In reviewing Plaintiff's facts, the Court's task "is to determine whether the [P]laintiff has stated a legally cognizable claim that is **plausible**, not to evaluate the [P]laintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

"'To state a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by **a person** acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). "As a prerequisite, a plaintiff 'must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.'" *Roberts v. City of Shreveport*, 397 F.3d 287, 291-92 (5th Cir. 2005) (citation omitted).

The threshold question here is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also Pearson v. Callahan*, 555 U.S. 223 (2009) (holding that "order of battle" outlined in *Saucier* is not mandatory in every instance). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id.* at 202.

Whether the force utilized is excessive to the need and is unreasonable as measured in objective terms, by examining the totality of the circumstances. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 844 (5th Cir. 2009). A determination of excessive force is made "'from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Id.* at 846. The objective reasonableness of the force depends

4

on the facts and circumstances of the case. *Collier v. Montgomery*, 569 F.3d 214, 218-219 (5th Cir. 2009). The test for reasonableness must consider "whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

In this case, the Plaintiff's First Amended Complaint merely asserts that Hughey, without invitation or even requesting entry, entered a home occupied by a mother, her child, and her father, then Deputy Mason arrived on the scene and used excessive force. *See CM/ECF Doc. No. 112*. Beyond these conclusory allegations, the Plaintiff provides no further details. *Id.* More specifically, the Plaintiff fails to provide any factual allegations specifying how, when, or why Deputy Mason used any force on Hughey, much less "excessive force." *Id.* Likewise, the Plaintiff fails to allege any facts addressing Hughey's conduct prior to his encounter with Deputy Mason or at the point that he actually encountered Deputy Mason. *Id.* Simply put, there is a glaring absence of specific factual allegations pertaining to the circumstances leading to Hughey's arrest or causing law enforcement to be called to the home in the first place. *Id.* Accordingly, the Plaintiff's allegations lack the factual specificity needed to determine whether Deputy Mason violated Hughey's constitutional rights to be free from excessive force.

Furthermore, the allegations are insufficient to allow the Court to make a determination of the second prong of the qualified immunity test—whether or not Deputy Mason's alleged use of force was objectively reasonable under the circumstances. Aside from asserting that he was "kicked and beat" by Deputy Mason and generally alleging that Deputy Mason's "beating of James Hughey constituted unreasonable use of

5

force," the Plaintiff has otherwise failed to provide any specific facts to suggest that Deputy Mason's conduct was objectively unreasonable under the circumstances. *Id*. at ¶ 9. Notably, the Plaintiff only asserts that the alleged "beating" constituted an unreasonable use of force. *Id*. at ¶ 12-13 & 15.

When presented with equally threadbare allegations in *Jackson v. City of Beaumont Police Dept.*, the Fifth Circuit found that the plaintiff could not meet the pleading requirement by merely asserting that an officer's use of force was "without justification" and in "bad faith." 958 F.2d 616, 621 (5th Cir. 1992). Notably, in *Jackson*, the plaintiff failed to provide any facts "regarding his own conduct during the incident, the reasons given, if any, by the officers for being called to the scene, or any other factors relating to the circumstances leading to, and surrounding, his arrest and other alleged actions by the officers." *Id*. Finding that the plaintiff's complaint contained "virtually no facts," the court characterized the plaintiffs' allegations as conclusory statements insufficient to overcome the qualified immunity defense. *Id*.

As in *Jackson*, the Plaintiff's allegations offer nothing more than the conclusory assertion that Deputy Mason used excessive force and caused injury. Without more, it is clear that the Plaintiff has failed to alleged any constitutional claims with the precision and factual specificity required to overcome Deputy Mason's qualified immunity defense. Accordingly, the constitutional claims asserted by the Plaintiff against Deputy Mason in his individual capacity should be dismissed or, in the alternative, this Court should require the Plaintiff to submit a *Schultea* Reply containing specific factual allegations sufficient to negate qualified immunity.

6

## CONCLUSION

Given the Plaintiff's insufficient pleadings, to allow the Plaintiff to proceed with her claims against Deputy Mason or even proceed in discovery of the same, would undermine the protective purpose of qualified immunity[1]. As such, the claims against Deputy Mason should be dismissed by this Court.

**DATE:** November 16, 2023.

Respectfully submitted,

**TOMMY MASON**

BY: /s/ *Katelyn A. Riley*
One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
Allen, Allen, Breeland & Allen, PLLC
214 Justice Street
P. O. Box 751
Brookhaven, MS 39602-0751
Tel. 601-833-4361
Fax 601-833-6647
Email: wallen@aabalegal.com
Email: kriley@aabalegal.com

---

[1] "[P]laintiffs must demonstrate **prior to discovery** that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Brinson v. McKeeman*, 992 F. Supp. 897, 906–07 (W.D. Tex. 1997)

**CERTIFICATE**

I, the undersigned of Allen, Allen, Breeland & Allen, PLLC, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Motion for Judgement on the Pleadings Based on Qualified Immunity with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

>Jim Waide, Esq.
>Waide & Associates, P.A.
>P. O Box 1357
>Tupelo, MS 38802
>waide@waidelaw.com
>
>R. Shane McLaughlin, Esq.
>McLaughlin Law Firm
>P. O. Box 200
>Tupelo, Mississippi 38802
>rsm@mclaughlinlawfirm.com
>*Attorneys for Plaintiff*
>
>Daniel J. Griffith, Esq.
>Arnold U. Luciano, Esq.
>Jacks Griffith Luciano, P.A.
>P.O. Box 1209
>Cleveland, MS 38732
>dgriffith@jlpalaw.com
>aluciano@jlpalaw.com
>*Attorneys for Tippah County, Mississippi*

This the 16th day of November, 2023.

>/s/*Katelyn A. Riley*
>OF COUNSEL

8