IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KAREN HUGHEY, Conservator for James Allen Hughey                                     PLAINTIFF

V.                                                                                   NO: 3:18-CV-004-GHD-RP

TIPPAH COUNTY, MISSISSIPPI, and
TOMMY MASON, in his individual capacity                                              DEFENDANTS

## MEMORANDUM OPINION GRANTING DEFENDANT TOMMY MASON'S MOTION FOR JUDGMENT ON THE PLEADINGS

Presently before the Court is Defendant Tommy Mason's Motion for Judgment on the Pleadings [118] based on qualified immunity. The Plaintiff has responded in opposition to the present motion, and upon due consideration of the motion and the applicable authority, the Court hereby grants Defendant Tommy Mason's Motion for Judgment on the Pleadings [118].

**Factual Background**

According to the First Amended Complaint [112], James Hughey, in a confused state consistent with ammonia poisoning, entered a home on or about June 6, 2017, where his ex-girlfriend Brenda Crumpton formerly resided. The home was at this time occupied by Amanda Mason, who is Brenda Crumpton's sister, and Amanda Mason's father and child. Once James Hughey entered Amanda Mason's home, she called her ex-husband, Defendant Tommy Mason, who at all times relevant in this matter was a deputy sheriff in Tippah County, Mississippi.

The Plaintiff alleges that Defendant Mason arrived at the home and proceeded to kick and beat James Hughey, fracturing several ribs and rupturing his spleen in the process. Another officer then arrived at the home and transported James Hughey to the Tippah County Jail, placing him in the drunk tank due to the smell of alcohol on his person. Mr. Hughey's family then arrived at the jail and persuaded jail authorities to take Mr. Hughey to the Tippah County Hospital.

1

Mr. Hughey was treated at the Tippah County Hospital, and the doctor found multiple fractured ribs and a ruptured spleen. Mr. Hughey was then transported to The Med in Memphis, Tennessee, where he was hospitalized.

Following Mr. Hughey's arrest, he was indicted for burglary, which caused this present civil matter to be delayed for some time while the criminal case was resolved. Mr. Hughey later entered an *Alford* plea of guilty to the charge of burglary and was given a suspended sentence with house arrest. Mr. Hughey further asserts that the guilty plea was entered solely to avoid conviction and that he is in fact not guilty of burglary.

The Plaintiff has currently brought claims against Defendant Tippah County for ratifying the actions of Defendant Mason and for having a custom of assaults in the county. The Plaintiff has also brought claims against Defendant Tommy Mason, in his individual capacity, for unreasonable seizure of his person and for the use of excessive force in violation of the Fourth Amendment.

**Standard**

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

**Discussion**

The Plaintiff first argues in response to this present motion that the motion should be stricken as the Court has already ruled on Defendant Mason's qualified immunity defense at the

3

motion for judgment on the pleadings stage. However, as the Defendant notes, the prior rulings were based on the original complaint, which has now been superseded in its entirety, as the Plaintiff has filed the First Amended Complaint. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir.1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."). The Defendant's motion, therefore, is based on the current amended complaint, which again superseded the original complaint and rendered it of no legal effect. Thus, the Plaintiff's request to strike Defendant Mason's motion is not well taken and denied.

As to the Court's analysis of Plaintiff's claim that Defendant Tommy Mason violated the Plaintiff's right to be free from excessive force, Defendant Mason has asserted that he is entitled to qualified immunity as to this claim. The qualified immunity defense serves to shield government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kinney v. Weaver*, 367 F.3d 337, 349 (5th Cir. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). When considering a qualified immunity defense raised in the context of a Rule 12(b)(6) motion to dismiss, the Court must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648.

"To determine whether a public official is entitled to qualified immunity, [courts] decide '(1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged misconduct.'" *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013) (quoting *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011)) (additional citation omitted). Notably, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)).

Claims of excessive force used by law enforcement officials "in the course of making an arrest, investigatory stop, or other 'seizure' of [a plaintiff's] person ... are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." *Graham v. Connor*, 490 U.S. 386, 388, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Under the first step of the qualified immunity analysis, "to state a violation of the Fourth Amendment prohibition on excessive force, the plaintiff must allege: (1) an injury that (2) resulted directly and only from the use of force that was excessive to the need, and (3) the use of force that was objectively unreasonable." *Bush v. Strain*, 513 F.3d 492, 500–01 (5th Cir. 2008) (citing *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir.2004)). "The objective reasonableness of the force ... depends on the facts and circumstances of the particular case, such that the need for force determines how much force is constitutionally permissible." *Id.* (citing *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). "Specifically, the court should consider 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Id.* (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865). The facts must be judged objectively "without regard to [the officer's]

5

underlying intent or motivation." *Graham*, 490 U.S. at 397, 109 S.Ct. 1865. As such, an officer's ill will or evil intentions are not determinative. *Id.*

Here, the Plaintiff has satisfied the first step. Following the version of events alleged by the Plaintiff, Defendant Mason kicked and beat James Hughey after arriving to the home of Amanda Mason following her phone call. The Plaintiff has also alleged that James Hughey was severely injured resulting directly and solely from force that was excessive to the need and objectively unreasonable under the circumstances.

At the second step of the qualified immunity inquiry, the Court considers whether the officer's use of force, though a violation of the Fourth Amendment, was nevertheless objectively reasonable in light of clearly established law at the time the challenged conduct occurred. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001). Although "an officer's use of force must be objectively unreasonable to violate constitutional rights, a defendant's violation of constitutional rights can still be objectively reasonable if the contours of the constitutional right at issue are sufficiently unclear." *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008). Therefore, "while the right to be free from excessive force is clearly established in a general sense, the right to be free from the degree of force employed in a particular situation may not have been clear to a reasonable officer at the scene. *Id.*

At the time of James Hughey's arrest, the law was clearly established that although the right to make an arrest "'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it,'" the permissible degree of force depends on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee. *Saucier v. Katz*, 533 U.S. 194, 200–01, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)) (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865).

The Plaintiff's version of events, as described in the complaint, leave major gaps regarding Mr. Hughey's own conduct. Other than the fact that he entered the wrong home that was formerly occupied by his ex-girlfriend and that he plead guilty to burglary, the Plaintiff did "not plead any facts regarding his own conduct during the incident." *Jackson v. City of Beaumont Police Dep't*, 958 F.2d 616, 621 (5th Cir. 1992). The "Plaintiff must plead facts about his own actions during the [] apprehension so the Court can assess whether the Officer[] employed force that was disproportionate to the need...." *Palmer v. City of El Paso*, 2023 WL 3066218 *6 (W.D. Tex. April 24, 2023) (citing *Jackson*, 958 F.2d at 621).

Similar to the plaintiff in *Jackson*, the Plaintiff here provides no facts regarding his own conduct during the incident or any other factors leading to and surrounding his arrest and other alleged actions by Defendant Mason. It is not possible to tell from the First Amended Complaint whether Officer Mason injured Mr. Hughey in the process of restraining and arresting him, or if he was injured after he posed no further risk. This is important, as "the right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Zimmerman v. Cutler*, 657 F. App'x 340, 347 (5th Cir. 2016) (quoting *Graham*, 490 U.S. at 396). "The mere fact that the Officer[] inflicted enough force to seriously injure the [Mr. Hughey] does not necessarily mean that [he] exerted an amount of force that exceeded the need ..." under the circumstances. *Palmer*, 2023 WL 3066218 *8.

The Court is unable to find any facts from which to determine whether the officer's conduct was reasonable, and the Plaintiff's vague or missing allegations are insufficient to overcome the qualified immunity defense. The complaint offers nothing more than the conclusory allegation that Defendant Mason used excessive force, which, again, falls short of the precision and factual specificity required to overcome a qualified immunity defense.

The Court recognizes that plaintiffs should occasionally be given an additional opportunity to reply to a defendant's defense of qualified immunity in detail through a *Schultea* reply, or some other means. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). However, as evidenced by the record in this case, the Plaintiff has previously been afforded this opportunity when the Court required that a *Schultea* reply be filed. Also, following the order requiring a *Schultea* reply, where it was clear that the Court found the Plaintiff's complaint to be insufficient to overcome qualified immunity, the Plaintiff filed an amended complaint as well. The Court finds that the Plaintiff has been "apprised of the insufficiency of their conclusory allegations ... and have been afforded the opportunity to plead facts that would overcome the bar of qualified immunity." *Franklin v. North Central Narcotics Task Force*, 2016 WL 7378215 *6 (S.D. Miss. Dec. 20, 2016) (citing *Prater v. Wilkinson*, 2014 WL 7334185 (S.D. Miss. Dec. 19, 2014)). The Court therefore assumes that the Plaintiff's allegations constitute their best case against Defendant Mason's qualified immunity claim, and as provided above, the case falls short. *Id.*

The Court finds that the Motion for Judgment on the Pleadings [118] based on qualified immunity as to the Plaintiff's claim of excessive force against Defendant Mason in his individual capacity is well-taken. The Plaintiff's remaining claims survive, as they were not the subject of the present motion.

## Conclusion

For the reasons stated above, the Court finds that Defendant Tommy Mason's Motion for Judgment on the Pleadings [118] based on qualified immunity is GRANTED.

An order in accordance with this opinion shall issue this day.

This, the 2nd day of July, 2024.

SENIOR U.S. DISTRICT JUDGE

8