IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KAREN HUGHEY,**
**Conservator for James Allen Hughey**                                          **PLAINTIFF**

**V.**                                        **CIVIL ACTION NO: 3:18-CV-4-GHD-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMY MASON, in His Individual Capacity**                          **DEFENDANTS**

                                                                                    **JURY TRIAL DEMANDED**

## SECOND AMENDED COMPLAINT

This is an action to recover actual and punitive damages for use of unreasonable force in violation of the Fourth Amendment to the United States Constitution, and for assault and battery in violation of state civil and criminal law. The following facts support the action:

1.

Plaintiff KAREN HUGHEY is an adult resident citizen of Mississippi. Karen Hughey is the Conservator for James Allen Hughey, and she is the sister of James Allen Hughey.

2.

Defendant TIPPAH COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. Defendant County may be served with process upon its Chancery Clerk, Mike Long, 101 East Spring Street, Ripley, Mississippi 38663, and upon its Sheriff, Karl Gaillard, 205 West Spring Street, Ripley, Mississippi 38663. The county is the same entity as the Sheriff of Tippah County (Karl Gaillard) in his official capacity. The county is sued because of the official decisions

EXHIBIT "1"

of Sheriff Karl Gaillard and because of the custom of Defendant Mason's criminally assaulting citizens.

Defendant TOMMY MASON is an adult resident citizen of Mississippi. He may be served with process at 205 West Spring Street, Ripley, Mississippi 38663. At all relevant times, Defendant Mason was a deputy sheriff assigned to the narcotics and investigation division by Defendant Tippah County, Mississippi. Defendant Mason was on duty twenty-four (24) hours a day and, at all relevant times, acted under color of state law.

3.

The Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for a cause of action authorized by 42 U.S.C. § 1983. The acts charged were under color of state law. This case is based on violations of the Fourth Amendment to the United States Constitution. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over James Hughey's state law claims of assault and battery, which are crimes under Mississippi law.

4.

On June 6, 2017, Defendant Mason, under color of state law, beat James Hughey severely, nearly killing him. For a substantial period of time before June 6, 2017, Defendant Mason, acting under color of state law as a deputy sheriff, had engaged in activities which alerted the Sheriff of Defendant Tippah County to Defendant Mason's propensity for violence. The previous incidents of violence include, but are not limited to:

    A.    Defendant Mason's ex-wife, Amanda Mason, a/k/a Amanda Crumpton, complained that Defendant Mason had beaten her. The Sheriff refused to bring charges against Defendant Mason following the assault. Amanda Mason resided briefly at James Hughey's house out of fear of her then

husband, Defendant Mason;

B. Defendant Mason beat a man named Joseph Smithey based upon a rumor that Smithey was engaged in a relationship with Defendant Mason's ex-wife;

C. Defendant Mason struck an arrestee, April Johnson, in the mouth, and slammed her head on a truck, knocking out several teeth;

D. Defendant Mason broke the nose of Kristen Hopkins;

E. Defendant Mason beat a sixteen (16) year old undocumented immigrant, Jamie Guerrero. Karen Hughey personally complained to Sheriff Karl Gaillard about this beating, but Sheriff Gaillard did nothing;

F. Defendant Mason beat Richey Beeler;

G. Defendant Mason was involved in a police killing of a suspect in Dumas, Mississippi. Defendant Mason bragged that he had "finished off" the suspect after another officer had shot him;

H. About one (1) year before the assault committed upon James Hughey in the present case, Defendant Mason beat Jeremy Palmer without justification or excuse; and

I. About six (6) months before Defendant Mason became a deputy, Defendant Mason beat Brian Lansdale without justification or excuse.

5.

The above acts demonstrate that Defendant Mason's unreasonable use of force constitutes Defendant County's custom and policy of violating the Fourth Amendment. Upon information and belief, Sheriff Karl Gaillard knew of the assaults by Defendant Mason. Additionally, upon information and belief, Sheriff Karl Gaillard knew that Defendant Mason had his criminal assault record expunged in order to become a law enforcement officer.

6.

There is substantial reason to believe that Defendant Mason was involved in unlawful drug activity by using steroids. Defendant Mason has extreme muscular development. Defendant Mason

3

frequents a gym known for steroid-induced muscle building. Steroids are a known cause of irrational rage, but Sheriff Gaillard, in wilful indifference to public safety, has not counseled Defendant Mason about his use of this performance-enhancing drug.

7.

Because of a combination of the numerous incidents of unreasonable force and Defendant Mason's use of steroids, Defendant County, acting through Sheriff Gaillard, knew that Defendant Mason was unfit for law enforcement, and knew that his being a law enforcement officer is a danger to the public. The Sheriff's intentional failure to discipline Defendant Mason and to retain him as a deputy despite his record of assault and to failure to train him against committing assaults proximately caused James Hughey's injuries and renders Defendant County liable under 42 U.S.C. § 1983.

8.

Despite knowing that Defendant Mason needed training, Defendant County, acting through its Sheriff, as a matter of county law enforcement policy, failed to train Defendant Mason against the use of excessive force and the use of steroids, and this failure to train constituted deliberate indifference to the rights of the public to safety. This failure to train proximately caused the damages complained of in this case.

9.

James Hughey suffers from a number of serious medical conditions, including diabetes, liver disease, and periodic episodes of ammonia poisoning. These conditions sometimes cause James Hughey to become disoriented and to be unaware of where he is or what he is doing.

10.

Both before and after June 6, 2017, James Hughey, because of liver disease and ammonia poisoning, has sometimes been unaware of where he is or what he is doing.

11.

On or about June 6, 2017, in a confused state induced by ammonia poisoning and liver disease, James Hughey went to a home where his ex-girlfriend, Collene Jones, formerly resided. As of June 6, 2017, the home was occupied by his ex-girlfriend's sister, Amanda Mason. Amanda Mason is the ex-wife of Defendant Mason. Amanda Mason's child and Amanda Mason's father, Denver Crumpton, also resided at the home. Crumpton has died during the pendency of this litigation.

12.

Upon information and belief, James Hughey, unaware of what he was doing, entered Amanda Mason's home, then left the home, and went into the yard of her home. James Hughey has no memory of either entering or leaving the home, but believes these events occurred based on statements of others.

13.

When she observed James Hughey in the home, Amanda Mason called her ex-husband, Defendant Mason, who arrived on the scene and kicked and beat James Hughey, fracturing several ribs, rupturing his spleen, and inflicting multiple abrasions and contusions. The injuries endangered James Hughey's life. Although James Hughey has no recollection of what he was doing at the time he was beaten, it is probable that his confused state was obvious to Defendant Mason. It is unlikely that in his confused, sickly, and weak state, James Hughey could have posed any danger to

5

Defendant Mason. Upon information and belief, the beating was a part of Defendant Mason's seizure of James Hughey, and was an unreasonable seizure in violation of the Fourth Amendment.

14.

After inflicting the life-endangering beating on James Hughey, Defendant Mason left the scene. Another deputy, whose name is unknown, was dispatched to the scene. This unknown deputy transported James Hughey to the Tippah County Jail. This deputy told James Hughey's sister, Plaintiff Karen Hughey, that he had not inflicted any injury on James Hughey, and that he had no reason to "put his hands on" James Hughey.

15.

At the Tippah County Jail, Tippah County deputies placed James Hughey in the drunk tank. James Hughey's family, including Plaintiff Karen Hughey, had been told by Defendant Mason's ex-sister-in-law, Collene Jones, that Defendant Mason had beaten James Hughey; therefore, James Hughey's family, including Plaintiff Karen Hughey, went to the Tippah County Jail and argued to Sheriff Gaillard that James Hughey needed medical help. Plaintiff Karen Hughey explained that James Hughey had diabetes and asked that James Hughey be given his medications. Because of the persistence of Plaintiff Karen Hughey in asking for help for James Hughey, Sheriff Gaillard finally authorized James Hughey to be taken to the local hospital. James Hughey was taken to the hospital only after Plaintiff Karen Hughey told Sheriff Karl Gaillard that she was not leaving the jail until James Hughey was given his insulin medication.

16.

While urging medical help for James Hughey, Plaintiff Karen Hughey and her father, Pete Hughey, also talked to Sheriff Gaillard about the beating. Sheriff Gaillard initially denied that

Defendant Mason had been at the scene where James Hughey was arrested. James Hughey's ex-girlfriend's sister, Collene Jones, however, told Sheriff Gaillard by phone that Defendant Mason had been at the scene and that he had "done it." About fifteen (15) minutes after Sheriff Gaillard got this information, Defendant Mason arrived at the jail and claimed that he had not been at the scene. After further questioning, Defendant Mason finally admitted that he had been at the scene where James Hughey was taken into custody. However, Defendant Mason then made the baseless claim that he hit James Hughey only once. In fact, the multiple broken ribs, abrasions, contusions, and ruptured spleen could not have resulted from a single blow.

17.

At the Tippah County Hospital, James Hughey was treated by Dr. John Preece, who found multiple fractures, a ruptured spleen, and observed abrasions and contusions. Dr. Preece considered James Hughey's life to be in danger and directed that James Hughey be airlifted to The Med in Memphis, Tennessee, where James Hughey was hospitalized in intensive care for approximately one month. This hospitalization and treatment was a proximate result of the beating Defendant Mason had inflicted upon James Hughey.

18.

Defendant Mason's beating of James Hughey constituted a violation of the Fourth Amendment to the United States Constitution. The beating also constituted assault and battery, which is a crime under State law.

19.

Defendant County, through its Sheriff, ratified Defendant Mason's acts by retaining him as a law enforcement officer, by refusing to investigate the beating, and by refusing to discipline or train Defendant Mason. Sheriff Gailard, as the official policymaker of Tippah County, Mississippi,

7

manifested wilful indifference to public safety, which was a proximate cause of the life-endangering injuries inflicted upon James Hughey

20.

Karen Hughey asked Sheriff Gaillard to press charges against Defendant Mason, but Sheriff Gaillard responded that he "could not." Sheriff Gaillard told Rebecca Anthony, a family friend, that he could not press charges because the case was turned over to the MBI (Mississippi Bureau of Investigation).

21.

Although James Hughey was unaware of any criminal charges against him when he filed this suit, he had been indicted for burglary. The indictment was not served until after James Hughey commenced this suit. The indictment for burglary resulted in this action's being delayed for over six (6) years, while numerous continuances were had in the state courts. Because burglary, under state law, carries a minimum three (3) year prison sentence and because James Hughey's health condition was so poor any imprisonment would likely cause his death, James Hughey could not risk going to trial. Upon advice of his Conservator, James Hughey entered an *Alford* plea of guilty. Pursuant to a plea bargain agreement, James Hughey was given a suspended sentence with house arrest. James Hughey's mental state and inability to know where he was or what he was doing, posed possible defenses in his burglary case. James Hughey entered a guilty plea not because he was guilty, but because he could not risk even a slight chance of conviction. Putting James Hughey in jail in his condition would have likely resulted in his death. Accordingly, upon advice of his conservator, Plaintiff Karen Hughey, James Hughey entered the Petition to Plead Guilty attached as Exhibit "A."

22.

As the official law enforcement policymaker for Tippah County, Sheriff Gaillard ratified the beating by continuing to retain Defendant Mason as a law enforcement officer and by not disciplining Defendant Mason for the beating of James Hughey. Sheriff Gaillard also failed to train Defendant Mason against the use of excessive force. These failures by Sheriff Gaillard show wilful indifference to the right of the public to public safety and proximately caused James Hughey's injuries.

23.

Plaintiff is not required to plead legal theories. Nevertheless, out of an abundance of caution and without waiving the contention that legal theories need not be pled, Plaintiff pleads the following legal theories:

A. Defendant Tommy Mason is liable to Plaintiff for actual and punitive damages for an unreasonable seizure of his person, in violation of the Fourth Amendment of the United States Constitution;

B. Defendant Tommy Mason is liable to Plaintiff for assault and battery in violation of state law.

C. Defendant Tippah County, Mississippi is liable to Plaintiff for ratifying the constitutional violation made against Defendant Mason, by retaining Defendant Mason, not disciplining Defendant Mason, and not training Defendant Mason against use of excessive force, all of which constituted wilful indifference to the public interest in safety; and

D. Defendant Tippah County, Mississippi is liable because Defendant Mason's repeated assaults before the assault on James Hughey were known to Sheriff Gaillard, who should have either refused to hire Defendant Mason or should have disciplined him when he learned of this assault, or should have trained him against the use of excessive force. The many assaults mean that Defendant Mason's acts were a custom of Defendant Tippah County, Mississippi. The county and Sheriff Gaillard's hiring, failing to train, and failing to discipline Defendant Mason represented a deliberate indifference to the rights of James Hughey and of the public, and constituted a proximate cause of all of James Hughey's injuries.

9

24.

The actions of Sheriff Gaillard as alleged in this Complaint all represent official policy decisions of Tippah County, Mississippi. The sheriff is the official policymaker for Tippah County, Mississippi.

25.

This Court has previously granted motion on the pleadings in favor of Defendant Mason on the federal excessive force claim. Doc. 132. However, other claims remain in the case. This Court may, at any time, reconsider a ruling since this Court has continuing jurisdiction over this case as long as the case remains pending. Plaintiff admits, however, that until this Court rules otherwise, Plaintiff's federal claim for excessive force cannot be presented to a jury.

26.

James Hughey has suffered medical bills, mental anxiety, stress, pain and suffering as the proximate result of acts described in this Complaint.

**REQUEST FOR RELIEF**

Plaintiff Karen Hughey, as Conservator for James Allen Hughey, requests actual damages against Defendants for pain and suffering, mental anxiety, and medical bills. Plaintiff also requests reasonable attorney's fees, costs, and expenses against Defendants under 42 U.S.C. § 1988. Finally, Plaintiff requests punitive damages against Defendant Mason in his individual capacity because of his intentional assault, and because of his hiding his true role in James Hughey's injuries.

RESPECTFULLY SUBMITTED, this the 16th day of July, 2024.

                KAREN HUGHEY, Conservator for James Allen Hughey, Plaintiff

By:   */s/JIM WAIDE*
      Jim Waide, MS Bar No. 6857
      Rachel Pierce Waide, MS Bar No. 100420
      Yance Falkner, MS Bar No. 106107
      WAIDE & ASSOCIATES, P.A.
      332 North Spring Street
      Tupelo, MS 38804-3955
      Post Office Box 1357
      Tupelo, MS 38802-1357
      Telephone: (662) 842-7324
      Facsimile: (662) 842-8056
      Email: waide@waidelaw.com
             jdw@waidelaw.com
             rpierce@waidelaw.com
             yfalkner@waidelaw.com

      R. Shane McLaughlin (Miss. Bar No. 101185)
      McLAUGHLIN LAW FIRM
      338 North Spring Street, Suite 2
      P.O. Box 200
      Tupelo, Mississippi 38802
      Telephone: (662) 840-5042
      Facsimile: (662) 840-5043
      E-mail: rsm@mclaughlinlawfirm.com

**CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**William R. Allen, Esq.**
**Katelyn Adele Riley, Esq.**
**Allen, Allen Breeland & Allen**
**P.O. Box 751**
**Brookhaven, MS  39601-0751**
**wallen@aabalegal.com**
**swilson@aabalegal.com**
**kwallace@aabalegal.com**
**kriley@aabalegal.com**

**Daniel J. Griffith, Esq.**
**Arnulfo Ursua Luciano**
**Jacks Griffith Luciano, P.A.**
**P.O. Box 1209**
**Cleveland, MS  38732**
**dgriffith@jlpalaw.com**
**aluciano@jlpalaw.com**
**vsmith@jlpalaw.com**
**nmelton@jlpalaw.com**
**mhankins@jlpalaw.com**
**mpowell@jlpalaw.com**
**jjacks@jlpalaw.com**

DATED, this the 16th day of July, 2024.

/s/ JIM WAIDE
JIM WAIDE

IN THE CIRCUIT COURT OF TIPPAH COUNTY, MISSISSIPPI
THIRD JUDICIAL DISTRICT

STATE OF MISSISSIPPI
VERSUS
James Allen Hughey

CAUSE NO. TK 2017-163

DEFENDANT

## PETITION OF DEFENDANT FOR COURT TO ACCEPT PLEA

THE DEFENDANT HEREIN, being duly sworn, states in open Court under oath that:

1. My full name is __James Allen Hughey__. My age is __51__. I completed __7__ years in school and __0__ years in college. I can read and write. I am mentally competent to make this petition, with the help of my conservator, and know I understand should the plea of guilty herein tendered not be accepted and a trial follow, that admissions made herein or during any hearing on this petition would not be admissible against me at trial.

2. I am represented by __Jim Waide__, an attorney who was appointed or retained to represent me in this matter.

3. I plead guilty to the charge of __burglary & larceny of a dwelling (Alford)__ as set forth in the indictment.

4. I have told my lawyer all of the facts and circumstances known to me about the charge asserted in the indictment. I believe that my lawyer is fully informed on all such matters. My lawyer has advised me of the nature of the charge and the possible defenses that I may have to the charge.

5. I understand that I may plead "not guilty" and may persist in that plea and that (a) the Constitution guarantees me the right to a speedy and public trial by jury, (b) the right to see, hear, and cross examine any witnesses called to testify, and the right to use the power and processes of the Court to compel the production of evidence including the attendance of any witnesses in my favor, (d) the right to have the presence and assistance of a lawyer at all stages of the trial and any appeal, (e) the right to testify in my own defense, (f) the right to a jury verdict of all twelve jurors before I could be found guilty; (g) I understand that if I plead not guilty and demand a jury trial, I would be by law presumed innocent of the charge at the outset of a jury trial and that presumption would remain with me until removed by competent and credible evidence, and I am proven guilty beyond a reasonable doubt and to the satisfaction of twelve jurors.

6. I do not have to testify against myself and I have the right against self-incrimination and the right to remain silent at all times; that if I should be convicted after a jury trial, I would have an absolute right to appeal to the Mississippi Supreme Court with assistance of counsel, and at no cost to me should I be determined to be

_____ Defendant's Signature

Karen Hughey (conservator)

Page 1 of 3

EXHIBIT "A"

indigent ~~AM~~, I understand ~~that by~~ pleading guilty ~~I am admitting that I did commit the crime charged in the indictment~~ bEcAUSE it is in My bost intorest to Avoid A MandAtory Sentence iF I AM convicted ~~and that I am waiving all the rights set forth in this paragraph and in paragraph number five (5) of this petition.~~

7. At this time I am not under the influence of drugs or alcohol, ~~nor suffering from any mental disease.~~ Suffer from periodic high ~~Amonia~~ AMONIA Level

8. I declare that no officer or agent of any branch of government, nor any other person, has made me any promises or inducements of any kind to me, within my knowledge to anyone else, that I will receive a lighter sentence, probation, early release or any other form of leniency if I plead "guilty." I have not been beaten, threatened, mentally or physically forced, intimidated or coerced in any manner to plead guilty to the crime charged against me. I offer my plea of "guilty" freely and voluntarily and of my own accord and with full understanding of all matters set forth in the indictment herein and in this petition, and this plea is with the advice and consent of my lawyer. I AM Acting on Advice of My Attorney And My Conservator

9. My lawyer has informed me as to the maximum and minimum punishment which the law provides for the offense charged in the indictment. The maximum punishment which the Court may impose for this crime that I am pleading guilty to is 25 years and $ 0 fine, and a minimum punishment of 3 years and $ 0 fine.

10. As a result of plea bargaining, my attorney and I have reached an agreement with the District Attorney's office concerning my offer to plead guilty to the charge listed in paragraph three. It is my understanding that the District Attorney will recommend to the Court that I receive a sentence as follows: 10 yrs MDOC, 7 yrs suspended, 3 yrs ISP, 5 yrs SPLS Court costs, no fine, 150.00 DA assesment the total is estimated to do $700.00

I understand that there are no side agreements or other promises. I understand that this agreement is not binding on the Court and that, if my guilty plea is accepted by the Court, the Court may impose the same sentence Allow Me to withdraw my plea ~~as if I had pleaded "not guilty" and had been found guilty by a jury.~~

11. I understand that if I am not eligible for parole, I will not receive "good time credits." I also understand that this Court has no control over the giving of earned time or good time. I understand that this process is governed by the Mississippi Department of Corrections.

12. I believe that my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me. I Agree

13. My lawyer has advised me of the elements of the charge to which I am pleading. ~~I submit that all the elements are proven by the true facts.~~ Therefore, I ~~am guilty and~~ ask the Court to accept my plea of guilty because guilty is in My best intrest

_____ Defendant's Signature

Karen Hughey (conservator)

Page 2 of 3

14. I understand that I am presenting this petition under oath and under penalty of perjury for any false statements contained herein. I have not been encouraged by any person to answer falsely any question in this petition in order to have this plea accepted.

15. I understand that my plea of guilty may be withdrawn at any time during a hearing on this petition prior to the acceptance of the plea by the Court.

16. I have not previously been convicted of any felony, except: __None__

17. I agree to provide my personal information as follows:

***ALL BLANKS MUST BE COMPLETED FOR ELECTRONIC FILING.***

662-471-0147(mom)

__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__  __10-1-1971__  __Tippah__
*SOCIAL SECURITY NUMBER  *DATE OF BIRTH  *PLACE OF BIRTH
__662-224-3119 (Home)__
__662-471-1169 (cell)__  __M__  __W__  __Karen Hughey sister 662-471-3690__
__662-471-3690 (sister)__
*PHONE (HOME, WORK & CELL)  *SEX  *RACE  *NEXT OF KIN, RELATIONSHIP, PHONE

__329 Old Highway 4 Ashland, MS__  __329 Old Hwy 4 Ashland, MS 38603__
*PHYSICAL ADDRESS (CAN NOT BE JAIL) 38603   MAILING ADDRESS

Signed by me in the presence of my lawyer, this the ___ day of _____, 20___.

__Karen Hughey (conservator)__   __James Hughey__
                                  DEFENDANT

As attorney for this Defendant, I certify that I have on the above date discussed all the contents of the foregoing petition with said Defendant and I am satisfied that the Defendant fully understands same and that the Defendant executes said petition knowingly and voluntarily.

__Jim Wood__
Attorney for Defendant, MS BAR #_____

STATE OF MISSISSIPPI
COUNTY OF TIPPAH

SWORN TO AND SUBSCRIBED before me, this the __26th__ day of __Sept__, 20__23__.

My Commission Expires: _____    __Rodney C Bruce__
                                      NOTARY PUBLIC

Filed this, the ___ day of
_____, 20__.
Dianne GRAVES, CIRCUIT CLERK
BY:_____, DC

__James Hughey__ Defendant's Signature
__Karen Hughey (conservator)__

Page 3 of 3