IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KAREN HUGHEY,**
**Conservator for James Allen Hughey**                               **PLAINTIFF**

**VERSUS**                       **CIVIL ACTION NO.: 3:18-CV-0004-GHD-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                                          **DEFENDANTS**

### TIPPAH COUNTY, MISSISSIPPI AND TOMMY MASON'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF JOINT RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Come now, Defendants, Tippah County, Mississippi ("Tippah County") and Tommy Mason ("Deputy Mason"), by and through counsel, and submit their Memorandum of Authorities in Support of Joint Response to Plaintiff's Motion for Leave to File Second Amended Complaint as follows:

### INTRODUCTION

This matter arises out of a burglary committed by James Hughey ("Hughey") and his subsequent arrest for the same crime. *CM/ECF Doc. No. 112.* Over seven (7) years after Hughey's arrest, the Plaintiff now seeks to amend her First Amended Complaint for the purpose of adding "more detail" and a failure to train claim. *CM/ECF Doc. No. 135*, at ¶ 7-8.

However, the Plaintiff's proposed amendments are time-barred, inexplicably delayed, prejudicial, and certainly futile. Therefore, Tippah County and Deputy Mason

respectfully request that this Court enter an Order denying the Plaintiff's Motion for Leave to File Second Amended Complaint.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, leave to amend is "by no means automatic." *Ashe v. Corley*, 992 F. 2d 540, 542 (5th Cir. 1993). The Fifth Circuit has explained that this determination is "not a mechanical absolute and the circumstances and terms upon which leave is to be 'freely given' are committed to the informed, careful judgment and discretion of the trial judge as he superintends the development of a cause towards it ultimate disposition." *Freeman v. Continental Gin Co.*, 381 F. 2d 459, 468 (5th Cir. 1967).

Denial of leave to amend may be "warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *Ballard v. Devon Energy Prod. Co., L.P.*, 678 F.3d 360, 364 (5th Cir. 2012).

### I. Statute of Limitations

Plaintiff seeks to add a time barred claim for failure to train against Tippah County. *CM/ECF Doc. No. 135.* Notably, 42 U.S.C. § 1983 does not carry its own a statute of limitations. Instead, forum state's limitation period for personal injury actions is applied. *Walker v. Epps*, 587 F. Supp. 2d 763 (N.D. Miss. 2008) (citing *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). "In Mississippi, § 1983 suits are governed by the general statute

2

of limitations which requires the commencement of an action within three years of the action's accrual." *Id*. (citing Miss. Code Ann. § 15-1-49).

Based on the Plaintiff's First Amended Complaint, on June 6, 2017, Hughey was arrested for burglary and booked into the Tippah County Jail. *CM/ECF Doc. No. 112*. Therefore, the statute of limitations began to run on June 6, 2017, as that is the date on which the subject events occurred.

Using the June 6, 2017, accrual date, the § 1983 statute of limitations expired on June 6, 2020. However, the Plaintiff waited an additional four (4) years to file the subject motion or otherwise attempt to add a failure to train claim to this lawsuit. Therefore, the claim is time barred.

Although Rule 15 "evinces a bias in favor of granting leave to amend," it is not automatic. *In the matter of Southmark Corp*., 88 F.3d 311, 315–16 (5th Cir.1996); *see also* Fed. R. Civ. P. 15(a). Where an amendment would be futile because the claim would be subject to dismissal, leave to amend is best denied. *See Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004). Because the statute of limitations has run on all of Plaintiff's section 1983 claims arising out of the 2017 arrest, any amendment would now be subject to dismissal and, as such, should be denied.

**II.   Undue Delay**

Plaintiff has failed to meet the good cause standard under Rule 16(b). Although Rule 15(a) of the Federal Rules of Civil Procedure ordinarily governs the amendment of pleadings, "Rule 16(b) governs the amendment of pleadings after a scheduling order's deadline to amend has expired." *Squyres v. Heico Companies, L.L.C.*, 782

3

F.3d 224, 237 (5th Cir. 2015), *citing from*, *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). *See also*, Fed. R. Civ. P. 16(b). The moving party has the burden to prove "good cause" by asserting the deadline could not reasonably have been met despite diligence on the moving party's part. *Id*. The court uses for (4) factors to determine "good cause:" "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice. *Id*. (internal citations omitted). Thus, if there is a showing of good cause for missing the deadline then the more liberal standard of Rule 15(a) will apply. *Id*.

Here, Plaintiff has failed establish that there is "good cause" for her to amend her Complaint after the deadline set in the scheduling, but instead claims this Court should allow the Second Amended Complaint simply because the Plaintiff believes the "First Amended Complaint needs more detail" and the failure to claim theory… should be plead." *See CM/ECF Doc. No. 135*, at ¶ 7 & 8. Regardless, since the Plaintiff has failed to prove "good cause," the stricter standard of Rule 16(b), not Rule 15(a), should apply.

### III. **Prejudice**

In the event this Court finds that the Plaintiff has prevailed upon the "good cause" standard and the Rule 15(a) standard instead applies, the Plaintiff has still failed to demonstrate that allowing the Plaintiff to amend her First Amended Complaint would not prejudice Tippah County and Tommy Mason. Under Rule 15(a) the Court uses five (5) factors to consider whether to grant a party leave: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4)

4

undue prejudice to the opposing party, and 5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The touchstone for denial of leave to amend under Rule 15(a) is prejudice. *See Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001).

Importantly, this Court and other courts have found prejudice, for instance, if the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial. See *Smith,* 393 F.3d, at 594–96. "[T]he plaintiff bears the burden of showing the delay to be due to oversight, inadvertence, or excusable neglect." *Id. Anderson v. Wells Fargo Bank*, No. 2:15-CV-88-KS-MTP, 2016 WL 4151120, at *2 (S.D. Miss. Aug. 4, 2016), aff'd sub nom. *Anderson v. Argent Mortg. Co., L.L.C.*, 692 F. App'x 769 (5th Cir. 2017).

As a result, it will prejudice the Defendants to allow the Plaintiff to amend so long after the deadline to amend elapsed. More specifically, the Defendants have been litigating this matter and evaluating liability and exposure on the basis that the Plaintiff's claims were limited to those timely asserted, not claims the Plaintiff decided to add over seven (7) years after Hughey's arrest in a last-ditch effort to maintain a viable lawsuit.

Moreover, if the Plaintiff is allowed to amend, it means the Defendants successfully managed to have one of the Plaintiff's claims dismissed, only to be rewarded with a new claim that must be defended. Based on the Plaintiff's proposed amendments, the scope of discovery will increase inasmuch as it will require the retention of additional, costly experts, further investigation of new "details," new allegations, new theories, and

even new witnesses, and additional depositions. Thus, if the Plaintiff is allowed to amend, Tippah County and Deputy Mason will suffer prejudice.

## IV. <u>Untimely</u>

Pursuant to the Case Management Order, November 16, 2018, was the deadline for motions to amend the pleadings. *CM/ECF Doc. No. 49.*

Because the time for filing motions for leave to amend has expired, Plaintiff's out-of-time motion for leave to amend may only be granted for "good cause" and if Plaintiff can show that it "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also McCarty v. Thaler*, 376 Fed. Appx. 442, 443, 2010 WL 1752037, at *1 (5th Cir. 2010)("[A]ny grant of an extension that is filed after the time for a response has expired may only be granted upon a finding of excusable neglect."). The determination of what is "excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 444 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L.Ed.2d 74 (1993); *United States v. Clark,* 51 F.3d 42, 44 (5th Cir.1995); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (applying *Pioneer* to Rule 6(b)).

Plaintiff offers no adequate basis for her failure to amend within the deadline established by this Court. Thus, the Plaintiff's Motion must be denied.

## V. <u>Bad Faith</u>

It is well settled that courts in this Circuit infer bad faith in seeking amendment where the party seeking leave to amend knew of the facts underlying the claim at the time the party filed the original pleading and yet delayed in amending. See, *Southmark*,

88 F.3d, at 316. (upholding denial of leave to amend where party "sought leave to add both a fact of which it had been aware since before it filed its original complaint and a cause of action based on the identical, known facts [underlying] its original complaint"); *Starling v. Fuller*, 74 F.3d 1236, *2 & n.1 (5th Cir. 1995)(unpublished)(finding district court did not abuse discretion in finding plaintiffs exhibited bad faith in seeking amendment where plaintiffs knew of the facts underlying the added claim "well before [they] filed their original complaint").

Courts also consider whether the party has offered a "reasonable explanation for its delay in amending its complaint." *Priester v. Deutsche Bank Nat'l Tr. Co.*, No. 4:16-CV-449, 2017 WL 2821715, at *7 (E.D. Tex. June 30, 2017). Citing from, *Southmark*, 88 F.3d at 316 (noting "in exercising ... discretion to deny leave to amend a complaint, a trial court may properly consider (1) an 'unexplained delay' following an original complaint, and (2) whether the facts underlying the amended complaint were known to the party when the original complaint was filed").

Here, the Plaintiff's delay should result in the denial of her motion. *Squyres v. Heico Companies, LLC*, 782 F.3d 224 (5th Cir. 2015); *see also, E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir.2012) (affirming that the district court had acted within its discretion in denying leave to amend because the plaintiff's "reasonable suspicion" of a potential claim "accent[ed] [the plaintiff's] inability to explain the delay" in asking for leave to amend); *Lozano v. Ocwen Fed. Bank*, FSB, 489 F.3d 636, 644 (5th Cir.2007) (affirming the district court's denial of leave to amend under Rule 15 because the plaintiffs "had been aware of

7

the factual underpinnings of the [new] fraud claim for some time, and ... they had not been diligent in pursuing the claim").

Based on Plaintiff's own admissions, Plaintiff was aware of all relevant facts with regards to her claims. *CM/ECF Doc. No. 135.* More specifically, Plaintiff admits that "Hughey remains unable to plead any such facts concerning his conduct because he has no memory of the [subject events]." *Id.* at ¶ 4. Plaintiff further admits that "[n]o discovery has occurred[.]" *Id.* at ¶ 8. Therefore, the Plaintiff was aware of all relevant facts when she filed her First Amended Complaint. Yet, the Plaintiff provides no explanation for her delay and/or failure to add the six (6) pages of additional details or the failure to train claim when she filed her First Amended Complaint.

Although all the factual allegations contained in the Plaintiff's proposed Second Amended Complaint are facts and claims that have been known to the Plaintiff for over seven (7) years, the Plaintiff provides no explanation for her delay in seeking to add factual "details" or a claim for failure to train before now. Moreover, the details the Plaintiff seeks to add via her Second Amended Complaint are details that the Plaintiff has had multiple opportunities to disclose. More specifically, the Plaintiff could have provided the subject details in Response to not one, not two, but three Motions for Judgment on the Pleadings. *CM/ECF Doc. Nos. 14, 46, & 126.* Furthermore, the Plaintiff could have sought to add the subject details when the Plaintiff amended her complaint the first time or when given the opportunity to file a *Schultea* Reply. *CM/ECF Doc. Nos. 27 & 109.* Therefore, the Plaintiff's motion for leave should be denied.

**VI.** **<u>Futile</u>**

8

A. <u>Additional "Details"</u>

Plaintiff seeks leave to add "details relevant to the remaining claims against both Defendants" and to "prevent another dispositive motion and another stay." *CM/ECF Doc. No. 135*. However, the additional details, which notably are not *new* details, will not serve either alleged purpose.

Overall, the details the Plaintiff seeks to add do not provide further support for her remaining claims against Tippah County or Deputy Mason. Rather, the details are meant to repaint Hughey's conduct related to the subject events in a more favorable light and repaint Deputy Mason and even Sheriff Gaillard in less favorable lights.

Furthermore, the Plaintiff contends that her proposed Second Amended Complaint only provides "more detail" and adds a claim "failure to train." *CM/ECF Doc. No.* 135, at ¶ 7-8. However, the proposed Second Amended Complaint adds much more. In fact, the Plaintiff adds six (6) pages of additional detail, including an irrelevant exhibit. *CM/ECF Doc. No. 135-1.*

In those six (6) additional pages, the Plaintiff attempts repaint the allegations, increase the severity of injuries suffered and the nature of the conduct at issue, adds conclusory allegations as to what Sheriff Gaillard "knew" at various points in the timeline of the events, adds conclusory allegations related to prior bad acts Plaintiff alleges Deputy Mason committed, revises the actions taken by Hughey regarding entry and exit of the home he plead guilty to burglarizing, adds conclusory allegations as to why Hughey could not have posed any danger when Deputy Mason arrived on the scene, assumes additional facts about the effects of steroid use, adds legalese in an effort to

9

motion-proof her *Monell* claims, adds damages incurred, adds injuries allegedly suffered by Hughey, adds new witnesses and details new allegations made by witnesses, attempts to add allegations that Deputy Mason previously assaulted Hughey, attempts present the facts and circumstances under which Hughey plead guilty in a more favorable light, and attempts to define the policies and customs of Tippah County that the Plaintiff contends resulted in the violation of Hughey's constitutional rights. *Id*.

These additional details expand the scope of the case, the witness list, and theories of liability in this matter for all Defendants. However, despite the Plaintiff's contentions, the additional details will not "prevent another dispositive motion" or "another stay." *CM/ECF Doc. No.* 135, at ¶ 7. Rather, the additional details make it clear that the First Amended Complaint does not "need[] more detail." *Id*.

Plaintiff's additional details do not provide any further allegations to support the Plaintiff's assault and battery claims in violation of state law against Deputy Mason inasmuch as the Plaintiff's proposed additional details do not expand on the Plaintiff's allegations as to Deputy Mason's conduct at the time of the alleged assault and battery. This same conclusion applies to Plaintiff's claim that Hughey was unreasonably seized by Deputy Mason in violation of the Fourth Amendment. Simply put, the Plaintiff has already pleaded her "best case" regarding the remaining claims against Deputy Mason. Thus, further amendment is not warranted.

Rather, the Plaintiff's real motivation for adding details is to hopefully revive the Plaintiff's claim against Deputy Mason for excessive force. *CM/ECF Doc. No.* 135, at ¶ 6. In fact, the Plaintiff is not shy about her real intentions in her Motion or in her proposed

Second Amended Complaint. *CM/ECF Doc. No.* 135-1, at ¶ 22. However, the Plaintiff's proposed amendments do not cure the deficiencies that resulted in the dismissal of the Plaintiff's excessive force claims. Therefore, the Plaintiff's additional details remain futile.

  B. Failure to Train

"To prevail on a 'failure to train theory' a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the municipality was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question." *Trammell v. Fruge*, 868 F.3d 332, 345 (5th Cir. 2017). "In order for liability to attach based on an inadequate training claim, a plaintiff must allege with specificity how a particular training program is defective." *Id*.

First, Plaintiff fails to identify any specific inadequacies in Tippah County's training materials or procedures which give rise to her failure to train claim. At best, the Plaintiff's proposed second amended complaint states in conclusory fashion that a "Sheriff Gaillard also failed to train [Deputy] Mason against the use of excessive force." *CM/ECF Doc. No.* 135-1, at ¶ 25. But, absent specific allegations supporting a plausible causation inference, this legal conclusion does not state a claim for relief and warrants dismissal. See *Ratliff v. Arkansas County, Texas*, 948 F.3d 281, 285 (5th Cir. 2020). Moreover, "a plaintiff cannot state a failure-to-train claim by making a 'conclusory allegation' that it is apparent from the facts of [the] case that [ ] excessive force training ... was insufficient." *Speck v. Wiginton*, 606 F. App'x 733, 736 (5th Cir. 2015) (citing *Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010)). Based on the Plaintiff's proposed amendment, the Plaintiff has failed to adequately plead a failure to train claim. Moreover,

11

the Plaintiff's claims of excessive force by Deputy Mason have been dismissed, so Plaintiff cannot demonstrate a failure to train against the use of excessive force that has been determined to have not occurred and/or to have caused Hughey's injuries. *CM/ECF Doc. No.* 131. Thus, the amendment is futile. *See Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917, 922 (5th Cir. 2021) (affirming dismissal of supervisory liability claims where the plaintiff "insufficiently pled how [the police chief] failed to train his subordinates").

## CONCLUSION

Because the Plaintiff seeks to add claims against Tippah County after the expiration of the applicable statute of limitations, the Plaintiff's claims against Tippah County are time barred. Plaintiff's proposed amendments are also inexplicably delayed, prejudicial, and certainly futile. Accordingly, Tippah County and Deputy Mason respectfully request that this Court enter an Order denying the Plaintiff's Motion for Leave to File Second Amended Complaint.

**DATE:** **August 8, 2024.**

Respectfully submitted,

**TOMMY MASON**

BY: /s/*Katelyn A. Riley*
One of His Attorneys

WILLIAM R. ALLEN (MSB #100541)
KATELYN A. RILEY (MSB #105115)
BUTLER SNOW LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
Tel. (601) 948-5711
will.allen@butlersnow.com
katelyn.riley@butlersnow.com

                                                              **TIPPAH COUNTY, MISSISSIPPI**

                                      BY:    /s/ *Arnold U. Luciano*
                                                               One of Its Attorneys

DANIEL J. GRIFFITH (MSB #8366)
ARNOLD U. LUCIANO (MSB #99198)
Jacks Griffith Luciano, P.A.
P.O. Box 1209
Cleveland, MS 38732
dgriffith@jlpalaw.com
aluciano@jlpalaw.com

## **CERTIFICATE**

      I, the undersigned of Butler Snow, LLP, hereby certify that on this day, I electronically filed the foregoing Memorandum of Authorities in Support of Joint Response to Plaintiff's Motion for Leave to File Second Amended Complaint with the Clerk of the Court using the ECF system which gave notice to the following:

                Jim Waide, Esq.
                Rachel Pierce Waide,
                Yance A. Falkner,
                Waide & Associates, P.A.
                P.O Box 1357
                Tupelo, MS 38802
                waide@waidelaw.com
                rpierce@waidelaw.com
                yfalkner@waidelaw.com

      This the 8th day of August, 2024.

                                                                 /s/ *Katelyn A. Riley*
                                                                 OF COUNSEL

88999674.v1