IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KAREN HUGHEY,**
**Conservator for James Allen Hughey**                                                                 **PLAINTIFF**

**V.**                                                                      **CIVIL ACTION NO: 3:18-CV-4-GHD-RP**

**TIPPAH COUNTY, MISSISSIPPI,**
**TOMMY MASON, in His Individual Capacity,**
**and "X" Bonding Company**                                                                          **DEFENDANTS**

___

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT
TIPPAH COUNTY, MISSISSIPPI'S MOTION TO STAY [DOC. 159]**
___

Plaintiff Karen Hughey, Conservator for James Allen Hughey, submits this Memorandum Brief in Opposition to Defendant Tippah County, Mississippi's Motion to Stay [Doc. 159], and shows the Court the following:

### I.   INTRODUCTION AND FACTUAL BACKGROUND

Defendant Tippah County, Mississippi ("Defendant County") has filed a Motion to Stay all discovery while this Court considers Defendant County's Motion for Judgement on the Pleadings [Doc. 157].

For the reasons that follow, this delay should not be allowed.

Hughey filed this suit against Defendant County and Defendant Mason on January 4, 2018, over a half decade ago [Doc. 1].

Defendant Mason filed his answer to Hughey's original complaint on March 29, 2018 [Doc. 8], and Defendant County filed its answer on April 2, 2018 [Doc. 11].  Defendant Mason filed his

first motion for judgment on the pleadings on April 19, 2018 [Doc. 14]. Defendant Mason accompanied this motion with a request to stay discovery [Doc. 16], and this Court granted the motion to stay discovery on April 20, 2018 [Doc. 17].

Judge Neal Biggers tentatively denied Defendant Mason's motion for judgment on the pleadings on July 2, 2018 [Doc. 26], but directed Hughey to file a reply. The stay was lifted on August 7, 2018 [Doc. 28].

Pursuant to Judge Biggers' direction, Hughey filed a *Schultea*[1] reply on July 10, 2018 [Doc. 27]. The stay of discovery was lifted on August 7, 2018 [Doc. 28].

On August 8, 2018, Defendant Mason filed his second motion for judgment on the pleadings [Doc. 30], and the discovery in this case was again stayed on August 13, 2018 [Doc. 33].

Judge Biggers denied Defendant Mason's second motion for judgment on the pleadings on August 18, 2018 [Doc. 38]. This Court again lifted the stay on discovery on August 19, 2019 [Doc. 40].

On October 9, 2018, Defendant Mason, for a third time, filed a motion to dismiss and stay [Doc. 44].

This Court denied Defendant Mason's third motion to stay on November 20, 2018 [Doc. 56].

Notably, although discovery in this case has been repeatedly stayed, there was no order staying the entire case until January 29, 2019, when a stay was entered by agreement due to James Hughey's having been criminally indicted for burglary [Doc. 72]. Unlike the orders staying discovery, the January 29, 2019 stay order stayed the entire case [Doc. 72].

With the criminal case stayed for over four (4) years, Hughey requested the stay be lifted on

---

[1] *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995).

2

February 22, 2023 [Doc. 91]. This Court denied that motion on March 20, 2023 [Doc. 95].

On August 14, 2023, this case was reassigned from Judge Biggers to Judge Davidson [Doc. 101], and on August 23, 2023, Judge Davidson administratively closed the case because of the lengthy time that it had been on the Court's docket [Doc. 102].

After years of delay caused by agreed-upon continuances in the pending state criminal case, James Hughey obtained new counsel for the criminal case, Jim Waide, and James Hughey entered an *Alford* plea, thus finally disposing of the criminal case. Hughey then moved to reopen this civil case on September 29, 2023 [Doc. 103]. This case was reopened on October 3, 2023 [Doc. 104]. On October 11, 2023, this Court lifted the stay [Doc. 110].

On October 11, 2023, Hughey moved to amend the complaint [Doc. 109]. This Court permitted the amendment to the complaint on October 17, 2023 [Doc. 111], and the first amended complaint was filed on October 18, 2023 [Doc. 112].

Defendant County filed its answer to the first amended complaint on October 27, 2023 [Doc. 113].

Defendant Mason filed his third motion for judgment on the pleadings due to qualified immunity on the excessive force claim and filed a request for a stay on November 16, 2023 [Doc. 118, 120].

This Court granted Defendant Mason's motion for judgment on the pleadings on the excessive force due to qualified immunity on July 2, 2024 [Doc. 132].

This Court lifted the stay on July 3, 2024 [Doc. 133].

Hughey moved to file a second amended complaint on July 16, 2024, adding a failure to train legal theory [Doc. 135]. This Court denied the motion to file second amended complaint as untimely on August 22, 2024 [Doc. 151].

3

This Court entered another case management order on July 19, 2024, setting a new motion deadline for January 14, 2025 [Doc. 137].

The parties gave notice of multiple depositions in July 2024 [Doc. 140-142, 145-146, 152-156]. Subpoenas have been served for those witnesses, and those depositions are now scheduled to begin on October 2, 2024 [Doc. 161].

## II. ARGUMENT

### THE CASE SHOULD NOT BE STAYED WHILE CONSIDERING DEFENDANT COUNTY'S MOTION FOR JUDGMENT ON THE PLEADINGS.

This stay cannot be granted consistent with FED. R. CIV. P. 12(c), which provides: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." By the terms of this rule, a motion for judgment on the pleadings is not allowed if the motion will delay trial. The pending Motion for Judgment on the Pleadings in this case is accompanied by this Motion to Stay. The timing of the motion necessarily means the trial will be delayed because all of the depositions will have to be rescheduled, the parties will have to agree on dates available for those depositions, a new scheduling order will have to be entered, and a new trial date will have to be set. Granting the Motion to Stay thus contradicts FED. R. CIV. P. 12(c). Granting the Motion to Stay also contradicts FED. R. CIV. P. 1, which requires the Rules be interpreted so as to provide for a speedy disposition of cases.

Defendant County argues that a motion to stay should be granted because only a "state law assault claim will remain, and the court may . . . dismiss the case in toto." Defendant County's Memorandum of Authorities in Support of Its Motion to Stay (Defendant County's Brief), p. 1 [Doc. 160]. Of course, whether this Court will dismiss this case in toto is speculative, just as it is speculative as to whether this Court will sustain Defendant County's present motion.

4

Additionally, Defendant County's statement, that if this present motion is denied, all that will remain is the state law assault claim is not correct. Defendant Mason's Motion for Judgment on the Pleadings [Doc. 118] did not request dismissal of the federal claim of unreasonable seizure of the person, nor did this Court's opinion granting Defendant Mason's motion for judgment on the pleadings address the unreasonable seizure of the person claim [Doc. 131]. Thus, the federal claim for the unreasonable seizure of the person remains.

Further, this Court may also reconsider its order granting qualified immunity on the excessive force claim at any time while this case remains pending. FED. R. CIV. P. 54(b); *Renfroe v. Parker*, 2019 WL 3806641, *1 (S.D. Miss. 2019), aff'd, 974 F.3d 594 (5th Cir. 2020).

Also, whenever the judgment in this case becomes final, there will inevitably be an appeal to the United States Court of Appeals. This case, literally, may go on for years. Therefore, taking depositions now, while some witnesses are at least still alive, is in the interest of justice.

The only people who were present when Defendant Mason beat and nearly killed James Hughey were Defendant Mason's ex-wife, Amanda Mason, and her father. Amanda Mason's father is now deceased. Thus, one important witness is already unavailable.

Hughey has finally scheduled depositions of other witnesses. These witnesses have been subpoenaed, but it is unknown whether these witnesses will be available if the case is delayed.

Of course, the delay which Defendant County seeks is a delay of its own choosing. The subject of the pending Motion for Judgment on the Pleadings (a failure to adequately plead *Monell*[2] liability) is a defense that was raised both in Defendant County's original answer filed on April 2, 2018 [Doc. 11] and again in its answer to the first amended complaint filed on October 27, 2023

---

[2] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

5

[Doc. 113]. Defendant County could have briefed these same issues in 2018 or 2023, and the late filings were not necessary.

The only defense that could not have been raised earlier is the *Heck v. Humphrey*, 512 U.S. 477 (1994), defense, and Hughey's Memorandum Brief in Opposition to Defendant County's Motion for Judgment on the Pleadings thoroughly demonstrates that this defense is frivolous.

The trial is currently set for May 19, 2025 [Doc. 138]. If no further delays are entertained, this will mean the case will be tried after seven (7) years. Surely, this is enough delay. Federal courts recognize the doctrine of laches. This Court may apply the doctrine in its discretion when there is "(1) a delay in asserting a right or claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Env't Def. Fund, Inc. v. Alexander*, 614 F.2d 474, 478 (5th Cir. 1980).

Here, the delay in filing the Motion for Judgment on the Pleadings is not excusable since Defendant County could have filed the motion during these past six (6) years. This unreasonable delay should not be rewarded with a stay, permitting more delay.

Accordingly, this Court should delay the Motion to Stay.

### III. CONCLUSION

Defendant Tippah County, Mississippi is not entitled to a stay while its Motion for Judgment on the Pleadings is pending.

6

RESPECTFULLY SUBMITTED, this the 1st day of October, 2024.

        KAREN HUGHEY, Conservator for James Allen Hughey, Plaintiff

By:   */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
Rachel Pierce Waide, MS Bar No. 100420
rpierce@waidelaw.com
Yance A. Falkner, MS Bar No. 106107
yfalkner@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38802-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

R. Shane McLaughlin, MS Bar No. 101185
rsm@mclaughlinlawfirm.com
McLAUGHLIN LAW FIRM
Post Office Box 200
Tupelo, MS 38802
(662) 840-5042 / Telephone
(662) 840-5043 / Facsimile

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**William R. Allen, Esq.**
**Katelyn Adele Riley, Esq.**
**Allen, Allen Breeland & Allen**
**P.O. Box 751**
**Brookhaven, MS 39601-0751**
**wallen@aabalegal.com**
**swilson@aabalegal.com**
**kwallace@aabalegal.com**
**kriley@aabalegal.com**

**Daniel J. Griffith, Esq.**
**Arnulfo Ursua Luciano**
**Jacks Griffith Luciano, P.A.**
**P.O. Box 1209**
**Cleveland, MS 38732**
**dgriffith@jlpalaw.com**
**aluciano@jlpalaw.com**
**vsmith@jlpalaw.com**
**nmelton@jlpalaw.com**
**mhankins@jlpalaw.com**
**mpowell@jlpalaw.com**
**jjacks@jlpalaw.com**

DATED, this the 1st day of October, 2024.

                                              */s/ JIM WAIDE*
                                              JIM WAIDE