IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KAREN HUGHEY, Executrix of the Estate　　　　　　　　　　　　　　　　PLAINTIFF
of James Allen Hughey

V.　　　　　　　　　　　　　　　　　　　　　　　　　　　NO: 3:18-CV-004-GHD-RP

TIPPAH COUNTY, MISSISSIPPI; and
TOMMY MASON, in his individual capacity　　　　　　　　　　　　　　DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is the Defendant Tippah County's Motion for Judgment on the Pleadings [157]. The Defendant Tommy Mason has joined the motion [179]. The Plaintiff has responded in opposition [165, 166]. Upon due consideration of the motion and the applicable authority, the Court hereby grants the motion and dismisses the Plaintiff's claims.

### Factual Background

According to the Plaintiff's First Amended Complaint [112], the Decedent James Hughey, while in a confused state, entered a home on or about June 6, 2017, where his ex-girlfriend Brenda Crumpton formerly resided. The home was at this time occupied by Amanda Mason (who is Brenda Crumpton's sister), Amanda Mason's father, and Amanda Mason's child. Once James Hughey entered Amanda Mason's home, she called her ex-husband, Defendant Tommy Mason, who at all relevant times was a deputy sheriff in Tippah County, Mississippi.

The Plaintiff alleges that Defendant Mason arrived at the home and proceeded to kick and beat Hughey, fracturing several ribs and rupturing his spleen. Another officer then arrived at the home and transported Hughey to the Tippah County Jail, placing him in the drunk tank due to the smell of alcohol on his person. Hughey's family then arrived at the jail and persuaded jail authorities to take Hughey to the Tippah County Hospital.

Hughey was treated at the Tippah County Hospital, and the doctor found multiple fractured ribs and a ruptured spleen. Hughey was then transported to The Med in Memphis, Tennessee, where he was hospitalized.

Following Hughey's arrest, he was indicted for burglary, which caused this civil matter to be delayed for some time while the criminal case was resolved. Hughey later entered an *Alford* plea of guilty to the charge of burglary and was given a suspended sentence with house arrest. The Plaintiff now asserts the guilty plea was entered solely to avoid conviction and Hughey was in fact not guilty of burglary.

The Plaintiff currently has pending claims against Defendant Tippah County for ratifying the actions of Defendant Mason, retaining Mason as a deputy, and for having a custom and practice of assaults in the county. The Plaintiff also has pending claims against Defendant Tommy Mason, in his individual capacity, for unreasonable seizure of Hughey's person and for assault and battery under state law. The Court previously granted Defendant Mason's motion for qualified immunity in relation to the Plaintiff's previously-pending claim for the use of excessive force in violation of the Fourth Amendment [131, 132].

**Standard**

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone*

2

*Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Hous. Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion

### *Heck v. Humphrey*

The Defendants argue the Plaintiff's remaining claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Hughey was arrested, charged, and pled guilty to burglary based on the same underlying facts upon which the Plaintiff bases her pending claims.

"Under *Heck*, 'a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that violation arose from the same facts attendant to the charge for which he was convicted, unless he proves that his conviction or sentence' has been in some way reversed or invalidated." *Ducksworth v. Rook*, 647 F. App'x 383, 385–86 (5th Cir. 2016) (per curiam) (citing *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008)). Further, a plaintiff's claims are barred by *Heck* where "specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Id.* In such an instance, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Cano v. Bexar Cty.*, 280 F. App'x 404, 408 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 487). The Supreme Court has made clear that in cases where a state defendant "is convicted of and sentenced for the [state law] crime . . ." unlawful-arrest or unreasonable seizure claims under Section 1983 fail because the defendant "would have to negate an element of the offense of which he has been convicted." *Heck*, 512 U.S. at 486, n.6. The Fifth Circuit has likewise made clear that "a conviction based on an *Alford* plea can be used to impose *Heck*" because an *Alford* plea is "nothing more than a variation of an ordinary guilty plea." *Ballard v. Burton*, 444 F.3d 391, 396-7 (5th Cir. 2006).

Here, Hughey was indisputably indicted for burglary and subsequently entered an *Alford* guilty plea to those charges and was convicted and sentenced based upon his plea [112, at para.

4

14; 165-2]. Despite the Plaintiff's attempt to now recast Hughey's plea in a different light, the Fifth Circuit has made clear a conviction based on an *Alford* plea can be used to impose *Heck*. *Ballard*, 444 F.3d at 396-7. The Court finds that imposing *Heck*'s favorable termination rule in favor of the Defendants is appropriate here because Hughey was arrested, charged, and pled guilty based on the same underlying facts upon which the Plaintiff now bases her claims. In essence, the Plaintiff is asking the Court to find that Hughey was falsely arrested and prosecuted for burglary. Hughey, however, pled guilty to burglary; under *Heck*, therefore, the Plaintiff's pending constitutional claims cannot proceed.

*Municipal Liability against Tippah County*

Even assuming the Plaintiff's municipal liability claims are not *Heck*-barred,[1] the Court finds the Plaintiff has failed to adequately plead the claims.

The Plaintiff has named Tippah County as a Defendant for ratifying Mason's actions in relation to Hughey, for retaining Mason as a deputy and not discipling him, for prosecuting Hughey for burglary, and for permitting unlawful force and assaults as a custom in the county. Under *Monell* and its progeny, a municipality may only be held liable under Section 1983 for violating a citizen's constitutional rights if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L.Ed.2d 417 (2011); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id.* Thus, there is no *respondeat superior* liability under § 1983; rather, the key to municipal liability is demonstrating that a

---

[1] This is in contrast to the Plaintiff's claim for unreasonable seizure, which includes false arrest and/or malicious prosecution. This claim is clearly *Heck*-barred and no further analysis is necessary.

5

deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell*, 436 U.S. at 694. The alleged unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To establish constitutional liability under *Monell*, a plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. App'x 446, 448-449 (5th Cir. 2009).

Here, the Court finds that the Plaintiff has failed to adequately allege either a policy or a pattern that sufficiently supports her claims that an unlawful custom or practice exits in Tippah County with respect to Hughey's alleged injuries. First, she has not identified any policy or custom with which a policymaker can be charged with actual or constructive knowledge, nor that any such policy or custom was the "moving force" behind Hughey's alleged unreasonable seizure. While the Plaintiff provides a list of alleged assaults committed by Deputy Mason, she provides neither context nor sufficient details for the Court to deem the alleged incidents as supportive of the Plaintiff's claims – no dates are provided, no details surrounding the alleged incidents are provided, no information is provided regarding whether Mason was on duty during the alleged

6

assaults, and no information is provided regarding the outcome of any complaints lodged in relation to the incidents. This is simply insufficient. *Johnson v. Harris County*, 83 F.4th 941, 947 (5th Cir. 2023); *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 851 (5th Cir. 2009) (holding that "[a] pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question.").

Given the Plaintiff's failure to provide any adequate factual allegations that support finding municipal liability on the part of Tippah County for the Section 1983 claims, the Court holds these claims should be dismissed.[2]

## *The Plaintiff's Motion to Revise*

Finally, the Court notes the Plaintiff has filed a Motion to Revise [182], in which he asks the Court to revise its July 2, 2024, Opinion and Order holding that the Individual Defendant Tommy Mason is entitled to qualified immunity with respect to the Plaintiff's excessive force claim [131, 132]. Upon review, the Court finds the Plaintiff's motion should be denied.

The Plaintiff files this motion pursuant to Federal Rule of Civil Procedure 54(b), which allows parties to seek reconsideration of interlocutory orders and authorizes the Court to revise at any time before the entry of judgment any order or other decision that does not end the action. Fed. R. Civ. P. 54(b). Under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)

---

[2] As for the Plaintiff's state law claim for assault and battery against Mason, the Court declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(3) because the Court is dismissing all claims over which it has original jurisdiction. See, e.g., *Miller v. Dunn*, No. , 2025 WL 32818, at *2 (5th Cir. Jan. 6, 2025) (recognizing the "general rule . . . that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."), citing *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

7

(citing FED. R. CIV. P. 54(b)), *abrogated on other grounds*, *Little*, 37 F.3d at 1075 n.14; *see also McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) ("Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling 'for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"), quoting *Brown v. Wichita Cty.,* No. 7:05-cv-108-0, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011).

In granting the Defendant Mason's motion for judgment on the pleadings with regard to the Plaintiff's claim for excessive force, the Court held that the Plaintiff has pled insufficient facts regarding Hughey's actions during the subject arrest, leaving the Court "unable to find any facts from which to determine whether [Mason's] conduct was reasonable, and the Plaintiff's vague or missing allegations are insufficient to overcome the qualified immunity defense." [131, at p. 7]. The Plaintiff requests the Court reconsider and revise its opinion, based solely upon the later-obtained deposition testimony of Deputy Mason and Karen Hughey, to deny Mason's motion seeking qualified immunity as to the Plaintiff's excessive force claim, and to permit the Plaintiff to file a Second Amended Complaint.

In her present motion, the Plaintiff makes two assertions: first, that the deposition testimony of Mason contains facts supporting the Plaintiff's assertion of a Fourth Amendment excessive force claim; and second, that given Mason's testimony, the Plaintiff should, at this very late juncture, be permitted to file another amended complaint to incorporate Mason's testimony. The Court finds that this is simply too-little, too-late with regard to this claim. The Court has reviewed Mason's subject testimony and finds that it offers little in the way of support for the Plaintiff, and certainly offers far too little to justify the Court revising its prior ruling and permitting the Plaintiff to amend her complaint a second time. The Plaintiff has been afforded multiple opportunities and

more than sufficient time to properly plead the allegations related to the excessive force claim – she has in fact already filed one amended complaint [112]. Indeed, the Magistrate Judge assigned to this case has already denied the Plaintiff leave of court to amend her Complaint a second time [151].

Nonetheless, the Court has with due consideration reviewed its prior ruling. Upon review, the Court is of the opinion that its original Opinion [131] and Order [132] granting the Defendant Mason's motion for judgment on the pleadings with respect to qualified immunity relative to the Plaintiff's excessive force claim [118] was and is correct. The Court upon review finds that it applied the appropriate standard and considered the pleadings and the parties' arguments in accordance with that standard; therefore, the Court finds that its ruling relative to Mason's motion for judgment on the pleadings and qualified immunity was and is appropriate. The Plaintiff's motion to revise shall therefore be denied.

### Conclusion

For the reasons stated above, the Court finds that Tippah County's Motion for Judgment on the Pleadings [157] will be granted and the Plaintiff's remaining claims dismissed.

An order in accordance with this opinion shall issue this day.

This, the 28th day of April, 2025.

_/s/ Glen H. Davidson_
SENIOR U.S. DISTRICT JUDGE

9